IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICK WARREN; BALDOMERO                           PLAINTIFFS
GOMEZ AND FIDEL GOMEZ

VS.                                        CIVIL ACTION NO. 3:23-cv-73-TSL-MTP

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY                                      DEFENDANTS

**NOTICE OF REMOVAL OF SEVERED CLAIMS**

TO:    Ms. Edna E. Stevens
        Copiah County Circuit Clerk
        Post Office Box 457
        Hazlehurst, Mississippi 39083

        Jad Jamal Khalaf, Esq.
        Khalaf & Nguyen, PLLC
        P.O. Boc 320067
        Flowood, MS 39232
        *Attorney for Plaintiff*

        Patrick Warren, Baldomero Gomez and Fidel Gomez
        c/o Jad Jamal Khalaf, Esq.
        Khalaf & Nguyen, PLLC
        P.O. Boc 320067
        Flowood, MS 39232
            *Plaintiffs*

Pursuant to 28 U.S.C. §§ 1441 and 1446, State Auto Property and Casualty Insurance Company (incorrectly named as "State Automobile Mutual Insurance

Company[1]," hereinafter "State Auto") files this Notice of Removal of certain claims—Counts Five, Six, Seven, Eight and Nine of Plaintiffs' First Amended Complaint—filed by Patrick Warren, Baldomero Gomez, and Fidel Gomez against State Auto, which were severed by Order of the Circuit Court of Copiah County, Mississippi, dated January 23, 2023, to the United States District Court for the Southern District of Mississippi, Northern Division. A copy of the Order severing the removed claims is attached hereto as Exhibit A. In support of this Notice, State Auto states as follows:

1. Plaintiffs' initial Complaint was filed on June 4, 2021 in the Circuit Court of Copiah County against Eugene Tommy Magee, Jr., Marlena Magee, and John and Jane Does 1-10. Exh. B, Complaint. Plaintiffs alleged that they sustained injuries in an automobile accident on January 9, 2021, on Interstate 55 in Copiah County due to the negligence of Eugene Tommy Magee, Jr., and Marlena Magee.

2. On June 13, 2022, Plaintiffs filed their First Amended Complaint, which added State Auto as a defendant and asserted claims against State Auto for uninsured/underinsured motorist benefits under the State Auto policy (Count Four), bad faith (Count Five), breach of contract (Count Six), negligence and/or gross negligence (Count Seven), breach of fiduciary duty (Count Eight), and breach of covenants of good faith and fair dealing (Count Eight). Exh. C.

3. On October 10, 2022, State Auto moved to sever the bad faith and extra-contractual claims filed against it on the grounds that, pursuant to Mississippi law,

---

[1] While State Automobile Mutual Insurance Company is not the proper party, its presence does not affect complete diversity of citizenship because it was incorporated in Ohio and has its principal place of business in Ohio.

{D2047982.1}　　　　　　　　　　　2

the bad faith and extra-contractual claims were "distinct litigable events" from the underlying tort claims.[2] Plaintiffs filed no response to State Auto's Motion to Sever.

4. At the hearing on January 17, 2023, the Court granted State Auto's Motion to Sever. On January 23, 2023, the Court entered its Order Granting Motion to Bifurcate and Sever. Exh. A. The Order specifically noted that "Counts Five, Six, Seven, Eight, and Nine of Plaintiffs' First Amended Complaint . . . are hereby severed from this action and will proceed in a separate action." *Id*.

5. This Notice is timely because it is filed within 30 days of the Order Granting Motion to Bifurcate and Sever, which created a new civil action that became removable for the first time.[3] Alternatively, the Order Granting Motion to Bifurcate and Sever is "other paper" under 28 U.S.C. § 1446(b)(3).

6. State Auto specifically disavows any intention to remove any claims other than the severed bad faith and extra-contractual claims filed against it—Counts Five, Six, Seven, Eight and Nine of Plaintiffs' First Amended Complaint. Because those claims were filed against State Auto only and not Eugene Tommy Magee, Jr. or Marlena Magee, Eugene Tommy Magee, Jr. and Marlena Magee are not parties to this removed action.

---

[2] *See Hegwood v. Williamson*, 949 So. 2d 728, 731 (Miss. 2007).
[3] *See Williams v. Homeland Ins. Co. of New York*, 18 F. 4th 806, n.14 (5th Cir. 2021) ("[T]he 30-day removal deadline does not start running until after the state court concludes the claims are misjoined and severs all non-diverse parties. Only at that point does the case 'become removable'—thereby starting the removal deadline—because only then are the parties completely diverse.") (citing 28 U.S.C. § 1446(b)(3); 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3723.1 (Rev. 4th ed. 2018 & Apr. 2021 Update)).

{D2047982.1}   3

7. Alternatively, if this Court deems this removal a removal of the entire civil action, then Plaintiffs' claims against Eugene Tommy Magee, Jr. and Marlena Magee should be remanded to state court. Because the bad faith and extra-contractual claims filed against State Auto have already been severed in state court, thereby creating a new civil action, Plaintiffs' claims against Eugene Tommy Magee, Jr. and Marlena Magee should not be joined in this civil action.[4]

8. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, because this is the district in which the state court action was filed.

9. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon State Auto is attached as Exhibit D. Pursuant to Local Rule 5(b), a copy of the entire state court record will be filed within 14 days.

10. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000 exclusive of costs and interest, and (2) there is diversity of citizenship between Plaintiffs and State Auto.

11. The amount in controversy is satisfied because Plaintiffs demanded from State Auto's uninsured motorists "full policy limits" as to each Plaintiff's claims. Exh. E. The State Auto policy provides uninsured motorist coverage with an "Each Accident" limit of $750,000. Exh. F. Moreover, Plaintiff alleges that State Auto has acted in bad faith by refusing to tender the policy limits, that Plaintiffs are entitled

---

[4] *See Williams*, 18 F. 4th at 815 ("If [severance] is granted [in state court], then the removal would be straightforward; if not, then clearly not appropriate.")

{D2047982.1}                           4

to the "maximum amount allowed by the Policy," and that Plaintiffs are entitled to an award of actual, compensatory, and punitive damages, plus court costs, attorney's fees, and pre-judgment and post-judgment interest. Exh C at ¶83, ¶93, ¶106, ¶109, ¶114. While Plaintiffs' claim for the State Auto policy limits alone satisfies the amount in controversy, the additional claims for punitive damages and attorneys' fees would satisfy the amount in controversy requirement. *See, e.g.*, *White v. Allstate Ins. Co.*, No. 1:17-cv-350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) (amount in controversy satisfied where claims for compensatory damages, including UM coverage of $25,000, plus unspecified amount of punitive damages "could easily exceed the $75,000.00 jurisdictional minimum.").

12. The parties are of diverse citizenship. Plaintiffs are, and were at the time this action was commenced, citizens of Copiah County, Mississippi. Exh. B.

13. State Auto is, and was at the time this action was commenced, a citizen of Iowa and Ohio because it was incorporated in Iowa and its principal place of business is in Ohio.

14. Eugene Magee, Jr. and Marlena Magee are not parties to this removed action, because the severance of Counts Five, Six, Seven, Eight and Nine of Plaintiffs' First Amended Complaint created a "separate action," and they are not parties to this severed action. The citizenship of the John Doe defendants is disregarded. 28 U.S.C. § 1441(b)(1).

15. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446.

16. Pursuant to the requirements of 28 U.S.C. § 1446(b), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, is being filed with the Circuit Clerk of Copiah County, Mississippi and provided to all parties.

Wherefore, State Auto Property and Casualty Company removes this case from the Circuit Court of Copiah County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.

DATED: January 26, 2023

Respectfully submitted,

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY

BY: */s/Tom Julian*
OF COUNSEL

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: 601-969-7607
FACSIMILE: 601-969-1116

## **CERTIFICATE OF SERVICE**

I, Tom Julian, attorney for State Auto Property and Casualty Insurance Company, Defendant herein, hereby certify that I have this day filed the original of the above and foregoing Notice of Removal and exhibits hereto in the United States District Court for the Southern District of Mississippi, Northern Division and that upon the filing of the original Notice and exhibits, I have served a true and correct copy of the said Notice and exhibits on:

> Patrick Warren, Baldomero Gomez and Fidel Gomez, Plaintiffs, in care of their attorney, Jad Jamal Khalaf, by mailing to his usual business address in Jackson, Mississippi;
>
> Jad Jamal Khalaf, attorney of record for the Plaintiffs, Patrick Warren, Baldomero Gomez and Fidel Gomez, by mailing to his usual business address in Jackson, Mississippi; and
>
> Edna E. Stevens, Circuit Clerk of the Copiah County, Mississippi, by mailing to the Circuit Clerk's office in Hazlehurst, Mississippi

all to effectuate the removal of a civil action entitled, *"Patrick Warren, et al v. Eugene Tommy Magee, Jr., et al"* being Civil Action No. 2021-0317, on the docket of said Circuit Court of Copiah County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to the statutes and rules in such cases made and provided.

WITNESS MY SIGNATURE, this the 26th day of January 2023.

*/s/ Tom Julian*
TOM JULIAN
Attorney for State Auto Property and
Casualty Insurance Company

{D2047982.1}                                    7