# Mississippi Electronic Courts
## Twenty Second Circuit Court District (Copiah Circuit Court)
### CIVIL DOCKET FOR CASE #: 15CI1:21-cv-00317-THI

PATRICK WARREN et al v. EUGENE TOMMY MAGEE JR et al
Assigned to: Tomika Harris-Irving

**Upcoming Settings:**

None Found

Date Filed: 06/04/2021
Current Days Pending: 602
Total Case Age: 602
Jury Demand: Plaintiff
Nature of Suit: Negligence - Motor Vehicle
(182)

---

**Plaintiff**
**PATRICK WARREN**

represented by **Jad Jamal Khalaf**
Khalaf & Nguyen, PLLC
P.O Box 320067
FLOWOOD, MS 39232
601-688-8888
Fax: 844-350-8299
Email: jad@601attorney.com
*ATTORNEY TO BE NOTICED*


**Plaintiff**
**BALDOMERO GOMEZ**

represented by **Jad Jamal Khalaf**
(See above for address)
*ATTORNEY TO BE NOTICED*


**Plaintiff**
**FIDEL GOMEZ**

represented by **Jad Jamal Khalaf**
(See above for address)
*ATTORNEY TO BE NOTICED*


V.

**Defendant**
**EUGENE TOMMY MAGEE JR**
100 MAGEE ROAD SE
MCCALL CREEK, MS 39647

represented by **Bradley Mcdill**
Heyl, Royster, Voelker & Allen, P.C.
200 W. Jackson Street, Suite 200
RIDGELAND, MS 39157
601-607-0598
Fax: 309-420-0402
Email: bmcdill@heylroyster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**
**MARLENA MAGEE**
100 MAGEE ROAD SE
MCCALL CREEK, MS 39647

represented by **Bradley Mcdill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN AND JAN DOE(S) 1-10**

**Defendant**

**STATE AUTOMOBILE MUTUAL INSUANCE COMPANY**
7716 OLD CANTON ROAD SUITE C
MADISON, MS 39110

represented by **Thomas Julian**
Daniel Coker
P.O. Box 1084
JACKSON, MS 39215
601-969-7607
Fax: 601-969-1116
Email: tjulian@danielcoker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason H. Strong**
Daniel Coker
P.O. Box 1084
JACKSON, MS 39215
601-969-7607
Fax: 601-969-1116
Email: jstrong@danielcoker.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2021 | 1 | Civil Cover Sheet. (Sullivan, Sonia) (Entered: 06/04/2021) |
| 06/04/2021 | 2 | COMPLAINT against JOHN AND JAN DOE(S) 1-10, MARLENA MAGEE, EUGENE TOMMY MAGEE JR, filed by PATRICK WARREN. (Sullivan, Sonia) (Entered: 06/04/2021) |
| 06/04/2021 | 3 | SUMMONS Issued to EUGENE TOMMY MAGEE JR TO BE SERVED BY THE ATTORNEY. (Sullivan, Sonia) (Entered: 06/04/2021) |
| 06/04/2021 | 4 | SUMMONS Issued to MARLENA MAGEE TO BE SERVED BY THE ATTORNEY. (Sullivan, Sonia) (Entered: 06/04/2021) |
| 08/09/2021 | 5 | AFFIDAVIT of Service *of Process and Summons* served on Eugene Tommy Magee, Jr. on 08/05/2021, filed by PATRICK WARREN. (Khalaf, Jad) (Entered: 08/09/2021) |
| 08/09/2021 | 6 | AFFIDAVIT of Service *of Process and Summons* served on Marlena Magee on 08/05/2021, filed by PATRICK WARREN. (Khalaf, Jad) (Entered: 08/09/2021) |
| 09/03/2021 | 7 | ANSWER to 2 Complaint by MARLENA MAGEE, EUGENE TOMMY MAGEE JR. (Mcdill, Bradley) (Entered: 09/03/2021) |
| 09/03/2021 | 8 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiffs, NOTICE OF SERVICE of Request for Production of Documents Propounded to Plaintiffs by MARLENA MAGEE, EUGENE TOMMY MAGEE JR. (Mcdill, Bradley) (Entered: 09/03/2021) |
| 05/04/2022 | 9 | First MOTION to Amend/Correct *First Amended Complaint* by Plaintiffs BALDOMERO GOMEZ, FIDEL GOMEZ, PATRICK WARREN (Attachments: # 1 Exhibit Proposed First Amended Complaint,) (Khalaf, Jad) (Entered: 05/04/2022) |
| 05/24/2022 | 10 | NOTICE OF SERVICE of Interrogatories Propounded to Patrick Warren by MARLENA MAGEE, EUGENE TOMMY MAGEE JR. (Mcdill, Bradley) (Entered: 05/24/2022) |

| 05/27/2022 | 11 | SUBPOENA DUCES TECUM ISSUED ON CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS C/O CT CORPORATION SYSTEMS TO BE SERVED BY THE ATTORNEY. (Sullivan, Sonia) (Entered: 05/27/2022) |
| --- | --- | --- |
| 05/31/2022 | 12 | SUBPOENA RETURNED Executed re ** 11 SUBPOENA DUCES TECUM ISSUED ON CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS C/O CT CORPORATION SYSTEMS TO BE SERVED BY THE ATTORNEY. (Sullivan, Sonia)**. Return filed by MARLENA MAGEE, EUGENE TOMMY MAGEE JR. Subpoena served on 5/31/2022. (Mcdill, Bradley) (Entered: 05/31/2022) |
| 06/08/2022 | 13 | AGREED ORDER GRANTING on re 9 First MOTION to Amend/Correct *First Amended Complaint* filed by BALDOMERO GOMEZ, FIDEL GOMEZ, PATRICK WARREN. Signed by Tomika Harris-Irving on June 8, 2022. (THI) (Entered: 06/08/2022) |
| 06/13/2022 | 14 | First AMENDED COMPLAINT against JOHN AND JAN DOE(S) 1-10, MARLENA MAGEE, EUGENE TOMMY MAGEE JR, filed by PATRICK WARREN, BALDOMERO GOMEZ, FIDEL GOMEZ. (Khalaf, Jad) (Entered: 06/13/2022) |
| 06/17/2022 | 15 | ANSWER to 14 Amended Complaint by MARLENA MAGEE, EUGENE TOMMY MAGEE JR. (Mcdill, Bradley) (Entered: 06/17/2022) |
| 07/08/2022 | 16 | SUMMONS Issued to STATE AUTOMOBILE MUTUAL INSURANCE COMPANY TO BE SERVED BY THE ATTORNEY. (Sullivan, Sonia) (Entered: 07/08/2022) |
| 07/13/2022 | 17 | AFFIDAVIT of Service for Summons and 1st Amended Complaint served on State Automobile Mutual Insurance Company on 07/12/2022, filed by BALDOMERO GOMEZ, FIDEL GOMEZ, PATRICK WARREN. (Khalaf, Jad) (Entered: 07/13/2022) |
| 07/25/2022 | 18 | CIVIL SUBPOENA DUCES TECUM ISSUED ON MS DEPT OF PUBLIC SAFETY TO BE TRANSMITTED VIA EMAIL BY THE ATTORNEY. (Sullivan, Sonia) (Entered: 07/25/2022) |
| 08/01/2022 | 19 | SUBPOENA RETURNED Executed re ** 18 CIVIL SUBPOENA DUCES TECUM ISSUED ON MS DEPT OF PUBLIC SAFETY TO BE TRANSMITTED VIA EMAIL BY THE ATTORNEY. (Sullivan, Sonia)**. Return filed by MARLENA MAGEE, EUGENE TOMMY MAGEE JR. Subpoena served on 8/1/2022.(Mcdill, Bradley) (Entered: 08/01/2022) |
| 08/18/2022 | 20 | ANSWER to 2 Complaint *(with Defenses)* by STATE AUTOMOBILE MUTUAL INSURANCE COMPANY. (Julian, Thomas) (Entered: 08/18/2022) |
| 08/19/2022 | 21 | NOTICE OF SERVICE of Responses to Request for Production by PATRICK WARREN. Related document: 8 Notice of Service of Interrogatories, Notice of Service of Request for Production of Documents filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 08/19/2022) |
| 08/19/2022 | 22 | NOTICE OF SERVICE of Responses to Request for Production by BALDOMERO GOMEZ. Related document: 8 Notice of Service of Interrogatories, Notice of Service of Request for Production of Documents filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 08/19/2022) |
| 08/19/2022 | 23 | NOTICE OF SERVICE of Responses to Request for Production by FIDEL GOMEZ. Related document: 8 Notice of Service of Interrogatories, Notice of Service of Request for Production of Documents filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 08/19/2022) |
| 08/22/2022 | 24 | RESPONSE to re 14 Amended Complaint *Amended Answer & Defenses* by STATE AUTOMOBILE MUTUAL INSUANCE COMPANY. (Julian, Thomas) (Entered: 08/22/2022) |

| 08/23/2022 | 25 | NOTICE OF SERVICE of Interrogatories Propounded to State Automobile Mutual Insurance Company, NOTICE OF SERVICE of Request for Production of Documents Propounded to State Automobile Mutual Insurance Company by EUGENE TOMMY MAGEE JR. (Mcdill, Bradley) (Entered: 08/23/2022) |
| 10/06/2022 | 26 | NOTICE of Appearance by Jason H. Strong on behalf of STATE AUTOMOBILE MUTUAL INSUANCE COMPANY (Strong, Jason) (Entered: 10/06/2022) |
| 10/10/2022 | 27 | MOTION to Bifurcate , *Sever, and Stay Bad Faith and Extra-Contractual Claims, With Incorporated Memorandum of Authorities* by Defendant STATE AUTOMOBILE MUTUAL INSUANCE COMPANY (Attachments: # 1 Exhibit "A" - Complaint, # 2 Exhibit "B" - Amended Complaint, # 3 Exhibit "C" Accident Report, # 4 Exhibit "D" Answer from Magees, # 5 Exhibit "E" Meynard Opinion, # 6 Exhibit "F" - Dempsey Order,) (Julian, Thomas) (Entered: 10/10/2022) |
| 10/13/2022 | 28 | MOTION to Compel *Discovery Responses from Plaintiffs* by Defendants MARLENA MAGEE, EUGENE TOMMY MAGEE JR (Attachments: # 1 Exhibit 1- Email,) (Mcdill, Bradley) (Entered: 10/13/2022) |
| 10/13/2022 | 29 | NOTICE OF SERVICE of Responses to Interrogatories by FIDEL GOMEZ. Related document: 8 Notice of Service of Interrogatories, Notice of Service of Request for Production of Documents filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 10/13/2022) |
| 10/13/2022 | 30 | NOTICE OF SERVICE of Responses to Interrogatories by BALDOMERO GOMEZ. Related document: 8 Notice of Service of Interrogatories, Notice of Service of Request for Production of Documents filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 10/13/2022) |
| 10/13/2022 | 31 | NOTICE OF SERVICE of Responses to Interrogatories by PATRICK WARREN. Related document: 8 Notice of Service of Interrogatories, Notice of Service of Request for Production of Documents filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 10/13/2022) |
| 10/14/2022 | 32 | NOTICE OF SERVICE of Responses to Interrogatories by PATRICK WARREN. Related document: 10 Notice of Service of Interrogatories filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 10/14/2022) |
| 10/17/2022 | 33 | RESPONSE to Motion re 27 MOTION to Bifurcate , *Sever, and Stay Bad Faith and Extra-Contractual Claims, With Incorporated Memorandum of Authorities* by MARLENA MAGEE, EUGENE TOMMY MAGEE JR. (Mcdill, Bradley) (Entered: 10/17/2022) |
| 10/20/2022 | 34 | NOTICE of Hearing re 27 MOTION to Bifurcate , *Sever, and Stay Bad Faith and Extra-Contractual Claims, With Incorporated Memorandum of Authorities* by STATE AUTOMOBILE MUTUAL INSUANCE COMPANY (Julian, Thomas) (Entered: 10/20/2022) |
| 10/27/2022 | 35 | NOTICE OF SERVICE of Interrogatories Propounded to Eugene Tommy Magee, Jr by PATRICK WARREN. (Khalaf, Jad) (Entered: 10/27/2022) |
| 10/27/2022 | 36 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Eugene Tommy Magee, Jr. by PATRICK WARREN. (Khalaf, Jad) (Entered: 10/27/2022) |
| 11/07/2022 | 37 | NOTICE OF SERVICE of Responses to Request for Production by PATRICK WARREN. Related document: 8 Notice of Service of Interrogatories, Notice of Service of Request for Production of Documents filed by EUGENE TOMMY MAGEE JR, MARLENA MAGEE. (Khalaf, Jad) (Entered: 11/07/2022) |
| 11/07/2022 | 38 | DESIGNATION of Witness *Expert* by PATRICK WARREN. (Khalaf, Jad) (Entered: |

| | | 11/07/2022) |
|---|---|---|
| 12/21/2022 | 39 | NOTICE OF SERVICE of Responses to Request for Production by STATE AUTOMOBILE MUTUAL INSURANCE COMPANY. (Julian, Thomas) (Entered: 12/21/2022) |
| 01/04/2023 | 40 | NOTICE OF SERVICE of Responses to Interrogatories by STATE AUTOMOBILE MUTUAL INSURANCE COMPANY. (Julian, Thomas) (Entered: 01/04/2023) |
| 01/23/2023 | 41 | ORDER GRANTING re 27 MOTION to Bifurcate *, Sever, and Stay Bad Faith and Extra-Contractual Claims, With Incorporated Memorandum of Authorities* filed by STATE AUTOMOBILE MUTUAL INSURANCE COMPANY. Signed by Tomika Harris-Irving on January 23, 2023. (THI) (Entered: 01/23 2023) |
| 01/26/2023 | 42 | NOTICE of Notice of Removal by STATE AUTOMOBILE MUTUAL INSURANCE COMPANY (Attachments: # 1 Exhibit "A" - Notice of Removal,) (Julian, Thomas) (Entered: 01/26/2023) |
| 01/27/2023 | 43 | AGREED SCHEDULING ORDER:Discovery due by 6/30/2023.Expert Witness Designation due from Plaintiff(s) by 7/28/2023. Expert Witness Designation due from Defendant(s) by 8/30/2023. Expert Depositions completed by 9/29/2023. All dispositive motions and Daubert challenges due by 11/15/2023.. Signed by Tomika Harris-Irving on January 27, 2023. (THI) (Entered: 01/27 2023) |

**COVER SHEET**
Civil Case Filing Form
*(To be completed by Attorney/Party
Prior to Filing of Pleading)*

Court Identification Docket #

| County # | Judicial District | Court ID (CH, Cl, CO) | Case Year | Docket Number |

Local Docket ID

| Month | Date | Year |
0 6 0 4 2 1

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2016)

This area to be completed by clerk    Case Number if filed prior to 1/1/94

In the **COUNTY** ○ Court of **COPIAH** County — ○ Judicial District

**Origin of Suit (Place an "X" in one box only)**
- ☒ Initial Filing
- ☐ Reinstated
- ☐ Remanded
- ☐ Reopened
- ☐ Foreign Judgment Enrolled
- ☐ Joining Suit/Action
- ☐ Transfer from Other court
- ☐ Appeal
- ☐ Other

**Plaintiff - Party(ies) Initially Bringing Suit Should be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  Warren    Patrick

Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

___ Check ( x ) if individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**FILED**

Address of Plaintiff  2189 E. Whitworth Street, Hazlehurst, Mississippi 39083

Attorney (Name & Address)  Jad Jamal Khalaf, Khalaf & Nguyen, 500 N. State St. Jackson, MS 39201    MS Bar No.  104995

___ Check ( x ) if individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

**JUN 04 2021**

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual  Magee    Eugene

Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

___ Check ( x ) if individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____    MS Bar No.

Attorney (Name & Address) - If Known

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Alcohol/Drug Commitment (non-cln) | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Other | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | **Children/Minors – Non-Domestic** | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Adoption - Contested | ☐ Eminent Domain |
| ☐ Divorce: Fault | ☐ Employment | ☐ Adoption - Uncontested | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Consent to Abortion | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | ☐ Minor Removal of Minority | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Other | ☐ Partition |
| ☐ Modification | ☐ Other | **Civil Rights** | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Elections | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Expungement | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Habeas Corpus | **Torts** |
| ☐ Term. of Parental Rights-Chancery | ☐ Mental Health Commitment | ☐ Post Conviction Relief/Prisoner | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Other | ☐ Fraud |
| ☐ Other | ☐ Guardianship | **Contract** | ☐ Intentional Tort |
| **Appeals** | ☐ Heirship | ☐ Breach of Contract | ☐ Loss of Consortium |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Installment Contract | ☐ Malpractice - Legal |
| ☐ County Court | ☐ Minor's Settlement | ☐ Insurance | ☐ Malpractice - Medical |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | ☐ Specific Performance | ☐ Mass Tort |
| ☐ Justice Court | ☐ Name Change | ☐ Other | ☐ Negligence - General |
| ☐ MS Dept Employment Security | ☐ Testate Estate | **Statutes/Rules** | ☒ Negligence - Motor Vehicle |
| ☐ Municipal Court | ☐ Will Contest | ☐ Bond Validation | ☐ Premises Liability |
| ☐ Other | ☐ Alcohol/Drug Commitment (non-cln) | ☐ Civil Forfeiture | ☐ Product Liability |
| | | ☐ Declaratory Judgment | ☐ Subrogation |
| | | ☐ Injunction or Restraining Order | ☐ Wrongful Death |
| | | ☐ Other | ☐ Other |

Rec# 36909

IN THE CIRCUIT ⊙ COURT OF COPIAH COUNTY, MISSISSIPPI

⊙ JUDICIAL DISTRICT, CITY OF

Docket No._____ - _____
    File Yr        Chronological No.        Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

## PLAINTIFFS IN REFERENCED CAUSE - Page 1 of  Plaintiffs Pages
## IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

**Individual:** Gomez     Baldomero          (                    )
          Last Name      First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A

**Business**      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A

ATTORNEY FOR THIS PLAINTIFF: Jad K.   Bar # or Name: 104995      *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #3:**

**Individual:** Gomez     Fidel          (                    )
          Last Name      First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A

**Business**      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A

ATTORNEY FOR THIS PLAINTIFF: J a d K.  Bar # or Name: 104995      *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #4:**

**Individual:**                   (                    )
          Last Name      First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A

**Business**      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A

ATTORNEY FOR THIS PLAINTIFF:    Bar # or Name:      *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE COUNTY ☐ COURT OF COPIAH COUNTY, MISSISSIPPI

FIRST ☐ JUDICIAL DISTRICT, CITY OF

Docket No. _____ - _____ - _____  
Fie Yr    Chronological No.    Clerk's Local ID

Docket No. If Filed  
Prior to 1/1/94 _____

## DEFENDANTS IN REFERENCED CAUSE - Page 1 of    Defendants Pages
## IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** Magee                  Marlena  (                              )  
Last Name          First Name         Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A

**Business**    Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A

ATTORNEY FOR THIS DEFENDANT:    Bar # or Name:              *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:**                         (                              )  
Last Name          First Name         Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A

**Business**    Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A

ATTORNEY FOR THIS DEFENDANT:    Bar # or Name:              *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:**                         (                              )  
Last Name          First Name         Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A

**Business**    Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A

ATTORNEY FOR THIS DEFENDANT:    Bar # or Name:              *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

# IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                    **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                    CIVIL ACTION NO.: 2021-0317

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; AND**                                    **DEFENDANTS**
**JOHN and JANE DOE(S) 1-10**

## COMPLAINT

**COMES NOW**, the Plaintiffs, Patrick Warren, Baldomero Gomez, and Fidel

Gomez and their attorney, file this Complaint against the Defendants, and in support of

this suit, Plaintiffs would show the following facts and respectfully allege as follows, to-

wit:

## NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1. This is a civil action for personal injuries suffered by Plaintiff Patrick Warren

   (hereinafter "Warren" and collectively "Plaintiffs"), Plaintiff Baldomero Gomez

   (hereinafter "B. Gomez" and collectively "Plaintiffs"), and Plaintiff Fidel Gomez

   (hereinafter "F. Gomez" and collectively "Plaintiffs") against Defendant Eugene

   Tommy Magee, Jr. (hereinafter "E. Magee" and collectively "Defendants"),

   Defendant Marlena Magee (hereinafter "M. Magee" and collectively

   "Defendants"), and John and Jane Doe(s) 1-10.

2. This action arises out of a motor vehicle accident on or about January 9, 2021, on

   Interstate 55 North in Copiah County, Mississippi, in which a black 2008 Infiniti,

   VIN # JNKBV61E68M222990, driven by Defendant E. Magee and owned by M.

   Magee, caused the wreck with Plaintiffs.

**FILED**

JUN 04 2021



3.  Plaintiffs were also traveling on Interstate 55 North in a gray 2015 GMC Duramax Denali Z71 4x4 pickup truck, VIN # 1GT120E88FF651198. The pickup was driven by Warren along with passengers B. Gomez and F. Gomez.

4.  Plaintiffs were traveling in the left-hand lane when, without warning, Defendant E. Magee smashed into the rear passenger side of Plaintiffs' pickup truck.

5.  Plaintiffs' pickup truck flipped several times, collided with the barrier cables, and finally came to a resting place on top of the barrier cables facing southwest.

6.  F. Gomez was ejected from the pickup truck during the horrific crash, while Warren and B. Gomez were tossed around inside of the pickup truck.

7.  Plaintiffs were transported by ambulance to Copiah Medical Center in Hazlehurst, Copiah County, Mississippi, for their injuries.

8.  F. Gomez was later airlifted to the University of Mississippi Medical Center in Jackson, Hinds County, Mississippi, for numerous injuries, where he remained for some time.

9.  The GMC Duramax Denali Z71 was a total loss.

10. Defendants' negligence was the factor in causing Plaintiffs' injuries and property damage.

## **PARTIES**

11. Plaintiff incorporates, restates, and adopts all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

12. Plaintiff Patrick Warren is an adult resident citizen of Copiah County, Mississippi, whose address is 2189 E. Whitworth Street, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

13. Plaintiff Baldomero Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

14. Plaintiff Fidel Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address

15. Defendant Eugene Tommy Magee, Jr., was the driver of the vehicle that caused the accident. Defendant E. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647.

16. Defendant Marlena Magee, upon information and belief, was and is the owner of the vehicle that caused the accident. Defendant M. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 3964

17. Defendants John and Jane Does # 1-10 are unknown individuals and/or entities liable to Plaintiffs for the acts and omissions as alleged herein. The names and capacities of Defendants John and Jane Does # 1-10 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiffs allege upon information and belief each of the Defendants designated herein is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, and/or in some other manner whether alleged herein in this

Complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused the injury and damages occasioned to Plaintiffs herein.

## JURISDICTION AND VENUE

18. Plaintiffs incorporate, restate, and adopt all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

19. This Court has jurisdiction over this matter since this civil action arises from the negligent acts, omissions and/or misrepresentations of Defendants committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.

20. Venue is proper in Copiah County, Mississippi as all or substantial part of the events or omissions giving rise to this claim occurred in Copiah County.

## NEGLIGENCE

## NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR

21. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

22. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

23. Defendant E. Magee breached his duty of care on or about January 9, 2021, when he failed to operate his vehicle in a lawful, prudent and proper manner, failed to maintain a proper lookout, failed to yield the right of way, failed to maintain reasonable control of his vehicle, failed to take reasonable steps to avoid the

subject vehicular collision, and committed other general acts of negligence, all of which were the proximate cause of the collision.

24. But for Defendant E. Magee's negligence, Plaintiffs would not have been hit and injured.

25. Such failures constitute a careless and reckless operation by Defendant E. Magee of his motor vehicle.

## NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR AS A MATTER OF LAW

26. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

27. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

28. Defendant E. Magee violated the Motor Vehicles and Traffic Regulations of the State of Mississippi.

29. Specifically, Defendant E. Magee violated the following statutes of the Mississippi Code 1972 Annotated:

    a. § 63-3-401: Duties of driver involved in accident resulting in personal injury or death;

    b. §63-3-403: Duties of driver involved in accident resulting in property damage to attended vehicle;

    c. §63-3-619: Distances to be maintained between traveling vehicles;

    d. §63-3-1201: Reckless driving; and

    e. §63-3-1213: Careless driving.

30. Defendant E. Magee owed a duty to Plaintiffs to abide by the laws of the State of Mississippi, especially the specific statutes listed herein.

31. Each statute named herein provides for a criminal penalty.

32. The standard of conduct required by each individual statute is clearly defined within the statute.

33. Defendant E. Magee breached the standard of conduct required by each statute listed herein.

34. Finally, each individual statute was designed to protect a specific type of person from a specific harm.

35. Plaintiffs fall within each statue's class of protection, and each statute protects against the type of harm suffered by Plaintiffs.

36. Therefore, as a direct, immediate, and proximate result of Defendant E. Magee's negligence as a matter of law, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, lost wages, mental anguish, and property damage, along with other damages to be proven at trial of this matter.

## NEGLIGENCE OF DEFENDANT MARLENA MAGEE

37. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

38. Negligence is also imputed to Defendant M. Magee, in addition to Defendant E. Magee's negligence acts as set forth in paragraphs 21 through 35.

39. On or about January 9, 2021, Defendant M. Magee was and is believed to be the owner of the vehicle that Defendant E. Magee was driving.

40. Defendant M. Magee was reckless, careless, and negligent in the ownership and operation of her vehicle.

41. Defendant M. Magee owed a duty of care to ensure that responsible drivers drove her vehicle.

42. The negligence of Defendant M. Magee on the occasion complained, consisted of breaching individually and collectively all of the aforementioned duties.

43. Defendant M. Magee was negligent by:

   a. Failure to have her vehicle operated in a safe and reasonable manner; and

   b. Failure to have her vehicle operated in compliance with state and local traffic laws.

44. But for Defendant M. Magee's negligence, Plaintiffs would not have been hit and injured.

45. The above-described damages and injuries are due to, caused and occasioned by the above set forth acts of negligence on the part of Defendant M. Magee.

46. By such acts and omission as described herein above, Defendant M. Magee acted with a negligence and total disregard for the safety of Plaintiffs and other drivers on the roads, thereby rendering Defendant M. Magee liable for damages, actual and compensatory.

## DAMAGES

47. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

48. As a direct and proximate result of Defendants' careless, reckless and negligent acts, Plaintiffs have suffered injuries to their person. Plaintiffs have further experienced pain and suffering due to their injuries.

49. Plaintiffs have also incurred loss of enjoyment of life, duties under duress, and other damages, all of which will be proven at trial of this matter. Such injuries entitle Plaintiffs to recover of, from, and against Defendants.

50. The GMC Duramax Denali Z71 was a total loss.

51. As a direct and proximate result of said collision, Plaintiffs would further show that their injuries from the collision have required treatment by medical providers. Such treatment has caused them to suffer great pain, shock, weakness and intense mental anguish. Defendants' negligent acts and/or omissions have directly caused Plaintiffs to incur medical bills, and they may incur further such expenses in the future.

52. The above-described damage and injuries are due to, caused and occasioned by the above set forth acts of negligence and gross negligence all on the part of the Defendants.

## DEMAND FOR A JURY TRIAL

53. Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs sue and demand from Defendants:

      a. actual, compensatory, and statutory damages;

b. consequential, incidental and punitive damages in an amount to be determined by the trier of fact;

c. pre-judgment and post-judgment interest as allowed by law;

d. injunctive relief;

e. all expenses and costs of this civil action, including an award of attorneys' fees as allowed by law;

f. an award of taxable costs; and

g. any and all such further relief as the Court and the jury deem just and proper.

This the 4th day of June, 2021.

RESPECTFULLY SUBMITTED,
PATRICK WARREN,
BALDOMERO GOMEZ, AND
FIDEL GOMEZ

BY: _____
JAD JAMAL KHALAF
Attorney for Plaintiffs

ATTORNEYS FOR PLAINTIFFS:

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
         Jackson, Mississippi 39201
Mailing: Post Office Box 320067
         Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Jad@601Attorney.com
Ammie@601Attorney.com

# IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**
**FIDEL GOMEZ**                                                    **PLAINTIFFS**

**VS.**                                      CIVIL ACTION NO. 2021-0317

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; AND**
**JOHN and JANE DOE(S) 1-10**                                      **DEFENDANTS**

### SUMMONS

TO:    Eugene Tommy Magee, Jr.
       100 Magee Road SE
       McCall Creek, Franklin County, Mississippi 39647

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail, or hand deliver a copy of a written response to the Complaint to the attorney for the Plaintiff, **Jad Jamal Khalaf, Khalaf & Nguyen, PLLC, 500 North State Street, Jackson, Mississippi 39201.**

Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of receipt of this Summons and Complaint, or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your responses with the Clerk of the Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, THIS the 4 day of June , 2021.

                                      EDNA STEVENS,
                                      COPIAH COUNTY CIRCUIT CLERK,

                                 BY: _____ , D.C.

ATTORNEYS FOR PLAINTIFFS:                    EDNA E. STEVENS
JAD JAMAL KHALAF (MB# 104995)                CIRCUIT CLERK
AMMIE T. NGUYEN (MB# 104938)                 COPIAH COUNTY
KHALAF & NGUYEN, PLLC                         P.O. BOX 467
Physical: 500 N. State Street                HAZLEHURST, MS 39083
          Jackson, Mississippi 39201
Mailing: Post Office Box 320067                  **FILED**
         Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299                        JUN 04 2021
Jad@601Attorney.com
Ammie@601Attorney.com                        EDNA E. STEVENS
                                             CIRCUIT CLERK
                                          BY_____DC

IN THE CIRCUIT COURT
OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERO GOMEZ; AND                                    PLAINTIFFS
FIDEL GOMEZ

VS.                                        CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; AND                                      DEFENDANTS
JOHN and JANE DOE(S) 1-10

## SUMMONS

TO:    Marlena Magee
       100 Magee Road SE
       McCall Creek, Franklin County, Mississippi 39647

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail, or hand deliver a copy of a written response to the Complaint to the attorney for the Plaintiffs, **Jad Jamal Khalaf, Khalaf & Nguyen, PLLC, 500 North State Street, Jackson, Mississippi 39201.**

Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of receipt of this Summons and Complaint, or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your responses with the Clerk of the Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, THIS the 4 day of June , 2021.

EDNA STEVENS,
COPIAH COUNTY CIRCUIT CLERK,

BY: Sonia Sullivan DC , D.C.

ATTORNEYS FOR PLAINTIFFS:
JAD JAMAL KHALAF (MB# 104990)
AMMIE T. NGUYEN (MB# 104935)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
         Jackson, Mississippi 3920
Mailing: Post Office Box 320067
         Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Jad@601Attorney.com
Ammie@601Attorney.com

EDNA E. STEVENS
CIRCUIT CLERK
COPIAH COUNTY
P.O. BOX 467
HAZLEHURST, MS 39083

# FILED

JUN 04 2021

EDNA E. STEVENS
CIRCUIT CLERK
BY_____ DC

Case: 15CI1:21-cv-00317-THI    ~~PROOF OF SERVICE~~ Filed: 08/09/2021    Page 1 of 2

**PROOF OF SERVICE**

**EUGENE TOMMY MAGEE, JR.**

(NAME OF PERSON OR ENTITY SERVED)

I, the undersigned process server, served the **Summons and Complaint** upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

**FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by First class, postage prepaid), on the date started in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender. (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*)

**X**    **PERSONAL SERVICE.** I personally delivered copies of the **Summons and Complaint** to _Eugene Tommy Magee_ on the _5th_ day of _August_, 20_21_, where I found said person(s) in _Franklin_ County, State of _MS_.

**RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the _____ to _____ within _____ County, Mississippi. I served the _____ on the _____ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the _____ with _____, who is a member of the family of the person served above the age of sixteen years and mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

**CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused"*)

**UNABLE TO SERVE.** After _____ attempts of due and diligent search, I was unable to serve the _____

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $ _65.00_

*Process Server must list below (Please print or type):*

Name: _Don Coleman_
Address: _3051 Grey Blvd., Jackson, Mississippi 39212_
Telephone No: _601-316-5042_

STATE OF MISSISSIPPI
COUNTY OF ~~HINDS~~ _Oktibbeha_

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the within named _Don Coleman_ who being first duly sworn stated upon oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_Don Colem_
PROCESS SERVER (*Signature*)

**SWORN TO AND SUBSCRIBED BEFORE ME, THIS the** _6th_ day of _August_, 20_21_.

_Angela Hudson_
NOTARY PUBLIC

My Commission Expires:

_Jan 23, 2022_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 95019
ANGELA HUDSON
Commission Expires
Jan. 23, 2022
OKTIBBEHA CO.

## IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERO GOMEZ; AND                                            PLAINTIFFS
FIDEL GOMEZ

VS.                                          CIVIL ACTION NO.: 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; AND                                             DEFENDANTS
JOHN and JANE DOE(S) 1-10

## SUMMONS

TO:    Eugene Tommy Magee, Jr.
       100 Magee Road SE
       McCall Creek, Franklin County, Mississippi 39647

## NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail, or hand deliver a copy of a written response to the Complaint to the attorney for the Plaintiff, **Jad Jamal Khalaf, Khalaf & Nguyen, PLLC, 500 North State Street, Jackson, Mississippi 39201.**

Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of receipt of this Summons and Complaint, or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your responses with the Clerk of the Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, THIS the _4_ day of _June_, 2021.

EDNA STEVENS,
COPIAH COUNTY CIRCUIT CLERK,

BY: _____, D.C.

EDNA E. STEVENS
CIRCUIT CLERK
COPIAH COUNTY
P.O. BOX 467
HAZLEHURST, MS 39083

ATTORNEYS FOR PLAINTIFFS:
JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
         Jackson, Mississippi 39201
Mailing: Post Office Box 320067
         Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Jad@601Attorney.com
Ammie@601Attorney.com

Case: 15CI1:21-cv-00317-THI    ~~DOCUMENT~~ PROOF OF SERVICE Filed: 08/09/2021    Page 1 of 2

**MARLENA MAGEE**
(NAME OF PERSON OR ENTITY SERVED)

I, the undersigned process server, served the **Summons and Complaint** upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____    **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by First class, postage prepaid), on the date started in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender. (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*)

X    **PERSONAL SERVICE.** I personally delivered copies of the **Summons and Complaint** to _Marlena Magee_ on the _5th_ day of _August_, 20_21_, where I found said person(s) in _Franklin_ County, State of _MS_.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the _____ to _____ within _____ County, Mississippi. I served the _____ on the _____ day of _____, 20____, at the usual place of abode of said person by leaving a true copy of the _____ with _____, who is a member of the family of the person served above the age of sixteen years and mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused"*)

_____    **UNABLE TO SERVE.** After _____ attempts of due and diligent search, I was unable to serve the _____.

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service:    $ _65.00_

*Process Server must list below (Please print or type):*

Name:    Don Coleman
Address:    3051 Grey Blvd., Jackson, Mississippi 39212
Telephone No:    601-316-5042

STATE OF MISSISSIPPI
COUNTY OF ~~HINDS~~ Oktibbeha

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the within named _Don Coleman_ who being first duly sworn stated upon oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_Don Cole_
PROCESS SERVER (Signature)

SWORN TO AND SUBSCRIBED BEFORE ME, THIS the _10th_ day of _August_, 20_21_

_Angela Hudson_
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 95019
ANGELA HUDSON
Commission Expires:
Jan. 23 My Commission Expires:
Jan 23, 2022
OKTIBBEHA COUNTY

**IN THE CIRCUIT COURT**
**OF COPIAH COUNTY, MISSISSIPPI**

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                             **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                        CIVIL ACTION NO.: 2021-0317

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; AND**                                              **DEFENDANTS**
**JOHN and JANE DOE(S) 1-10**

<u>**SUMMONS**</u>

TO:    Marlena Magee
       100 Magee Road SE
       McCall Creek, Franklin County, Mississippi 39647

<u>**NOTICE TO DEFENDANT**</u>

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST**
**TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail, or hand deliver a copy of a written response to the Complaint to the attorney
for the Plaintiffs, **Jad Jamal Khalaf, Khalaf & Nguyen, PLLC, 500 North State Street, Jackson,**
**Mississippi 39201.**

Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of
receipt of this Summons and Complaint, or a judgment by default will be entered against you for the money
or other things demanded in the Complaint.

You must also file the original of your responses with the Clerk of the Court within a reasonable time
afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, THIS the 4 day of
June , 2021.

EDNA STEVENS,
COPIAH COUNTY CIRCUIT CLERK,

BY: _____, D.C.

EDNA E. STEVENS
CIRCUIT CLERK
COPIAH COUNTY
P.O. BOX 467
HAZLEHURST, MS 39083

<u>ATTORNEYS FOR PLAINTIFFS:</u>
JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
         Jackson, Mississippi 39201
Mailing: Post Office Box 320067
         Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Jad@601Attorney.com
Ammie@601Attorney.com

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                    **PLAINTIFFS**

VS.                                                      **CAUSE NO. 2021-0317**

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; and
JOHN and JANE DOES(S) 1-10                                     **DEFENDANTS**

### ANSWER AND DEFENSES OF EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

COME NOW, Eugene Tommy Magee, Jr. and Marlena Magee, (hereinafter "Magees" or "Defendants"), defendants herein, by and through counsel, and files this their Answer and Defenses to the Complaint as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.

### SECOND DEFENSE

Defendants hereby plead and affirmatively avail themselves of any and all good faith defenses available to them under Rules 12(b)(1) through 12(b)(7) of the Mississippi Rules of Civil Procedure and Defendants preserve and specifically do not waive any defenses which might be or become available to them as discovery proceeds and the facts of the case develop.

### THIRD DEFENSE

Any averment of the Plaintiffs' Complaint which is not specifically and expressly admitted is hereby denied.

### FOURTH DEFENSE

AND NOW, without waiving their right to be heard on the above and foregoing defenses, Defendants answer the Complaint, paragraph by paragraph, as follows:

## NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1.      Defendants admit only that a civil action has been filed by Plaintiffs against Defendants.  The remaining allegations contained in Paragraph 1 of the Complaint are denied.

2.      Defendants admit only that on January 9, 2021, Tommy Magee was driving a black 2008 Infiniti owned by Marlena Magee on Interstate 55 North in Copiah County, Mississippi when Plaintiff Patrick Warren caused his vehicle to collide with the Defendants' vehicle.  The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3.      Defendants admit, upon information and belief, that Plaintiffs were traveling on Interstate 55 North in a gray 2015 GMC Denali Z71 truck, with Plaintiff Warren as the driver. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, deny same.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, deny same.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, deny same.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, deny same.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, deny same.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, deny same.

10.      Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## PARTIES

11.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, deny same.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, deny same.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny same.

15.    Defendant Eugene Tommy Magee, Jr. admits that he resides at 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647.  The remaining allegations contained Paragraph 15 of the Complaint are denied.

16.    Defendant Marlena Magee admits that she resides at 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647.  The remaining allegations contained Paragraph 16 of the Complaint are denied.

17.    Defendants assert that the allegations contained in Paragraph 17 of the Complaint are directed to someone other than these Defendants, therefore, no response is required.  To the extent a response is deemed to be required by Defendants, they deny the allegations contained therein.

## JURISDICTION AND VENUE

18.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

19.    Defendants do not contest the jurisdiction of this Court, but deny any negligent acts or omissions and further deny the allegations as stated in Paragraph 19 of the Complaint.

20.    Defendants do not contest venue being in this Court, but deny any negligent acts or omissions and further deny the allegations as stated in Paragraph 20 of the Complaint.

## NEGLIGENCE

### NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR.

21.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

### NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR. AS A MATTER OF LAW

26.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.    Defendants admit that Defendant Tommy Magee owed certain duties in the operation of his vehicle as required by Mississippi law and would further state that said laws speak

for themselves. To the extent the allegations contained in Paragraph 30 are intended to impute liability on said Defendant, the same are denied.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## NEGLIGENCE OF DEFENDANT MARLENA MAGEE

37.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants admit that Marlena Magee was the owner of the vehicle being driven by Tommy Magee at the time of the subject accident. The remaining allegations contained in Paragraph 39 of the Complaint are denied.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants admit that owners of vehicle owe certain duties in the ownership and operation of their vehicle as required by Mississippi law and would further state that said laws speak for themselves. The allegations contained in Paragraph 41 of the Complaint are denied.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

## DAMAGES

47.     Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, deny same.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

## DEMAND FOR JURY TRIAL

53.     To the extent a response is deemed to be required to the statement made by Plaintiffs in Paragraph 53 of their Complaint, Defendants deny same.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning with the words, "WHEREFORE, PREMISES CONSIDERED" Defendants deny that Plaintiffs are entitled to any damages or any judgment against them in any amount whatsoever and, therefore, deny each of the allegations set forth therein.

Further, upon any hearing hereof, Defendants would affirmatively show the following:

## FIFTH DEFENSE

Plaintiffs have failed to join a necessary or indispensable party, or necessary or indispensable parties, or a party or parties needed for a just adjudication, and Plaintiffs should be required to join said party or parties pursuant M.R.C.P. 17 and M.R.C.P. 19.

## SIXTH DEFENSE

Defendants assert that the investigation and discovery in this case are just beginning, and they reserve the right to amend their Answer and assert any and all defenses, including affirmative defenses, counterclaims, third-party claims, or claims for affirmative relief against other parties and/or persons, which are applicable under the facts presented or discovered.

## SEVENTH DEFENSE

Defendants plead contributory negligence and asserts that Plaintiffs' claims are subject to the comparative fault of others for which these Defendants are not liable.

## EIGHTH DEFENSE

Defendants assert all privileges and protections afforded by Miss. Code Ann. §11-1-60 and §11-1-69.

## NINTH DEFENSE

Any recovery by Plaintiffs should not include any loss which could have been prevented or mitigated by reasonable care and diligence.

## TENTH DEFENSE

Defendants plead all rights, privileges, and defenses available under Miss. Code Ann. §85-5-7 and §11-7-15.

## ELEVENTH DEFENSE

Defendants assert that the sole proximate cause of the claims made by Plaintiffs was due to the negligent acts and/or omissions of someone other than these Defendants, including but not limited to the negligent acts/or omissions of Plaintiff Patrick Warren.

## TWELFTH DEFENSE

To the extent these Defendants may be found liable, they are entitled to a set-off or credit for any sums already received in compensation for any of alleged damages.

## THIRTEENTH DEFENSE

These Defendants plead all defenses set forth in M.R.C.P. 8(c), including but not limited to payment, release, res judicata, waiver, and accord and satisfaction.

## FOURTEENTH DEFENSE

Plaintiffs' claims for attorney's fees are made with no factual or legal basis and should be dismissed.

## FIFTEENTH DEFENSE

Defendants deny that they are guilty of any conduct which entitles Plaintiffs to recover punitive damages.

## SIXTEENTH DEFENSE

Defendants aver that any award of punitive damages in this action would be violative of Amendments V, VI, VIII and XIV of the Constitution of the United States of America and Sections 14, 26, and 28 of the Constitution of the State of Mississippi as an excessive fine, criminal penalty and deprivation of equal protection and due process.

## SEVENTEENTH DEFENSE

Defendants affirmatively adopt any other defense to which they may be entitled including but not limited to Tort Reform Legislation and damages caps as contained in Mississippi Code Annotated Chapters 11, 15 and 85.

## EIGHTEENTH DEFENSE

No act or omission of Defendants was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred by applicable Mississippi law.

## NINETEENTH DEFENSE

In the alternative, and without waiving the defenses pleaded above, Defendants respectfully assert that Plaintiffs' claim for punitive damages should be tried in accordance with the procedures

described by MISS. CODE ANN. §11-1-65 in all respects, in that a trial to determine whether compensatory damages are to be awarded should be conducted first, and separately, before any issue related to punitive damages is submitted to the jury or addressed in the presence of the jury in any way.

### TWENTIETH DEFENSE

Defendants plead all rights, privileges, and defenses available to them under Miss. Code Ann. §11-1-65.

### TWENTY-FIRST DEFENSE

Defendants affirmatively allege that the Plaintiffs' Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

DATED this the 3rd day of September, 2021.

Respectfully submitted,
EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.


BY: /s/ Bradley R. McDill
    BRADLEY R. MCDILL (MBN 102231)


OF COUNSEL:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

## CERTIFICATE OF SERVICE

I, Bradley R. McDill, attorney for Defendants Eugene Tommy Magee, Jr. and Marlena

Magee, do hereby certify that I have this date filed the foregoing via the MEC filing system, which

sent notification of such filing to all counsel of record, including the following:

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
KHALAF & NGUYEN, PLLC
P.O. Box 320067
Flowood, Mississippi 39232

This the 3rd day of September, 2021.

/s/ Bradley R. McDill
BRADLEY R. MCDILL

IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                           PLAINTIFFS

VS.                                                          CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; and
JOHN and JANE DOES(S) 1-10                                            DEFENDANTS

---

## NOTICE OF SERVICE OF DISCOVERY

---

**NOTICE** is hereby given, pursuant to Rule 5(d) of the Mississippi Rules of Civil Procedure

that Defendants, Eugene Tommy Magee, Jr. and Marlena Magee, have this date served in the above

entitled action the following:

1.  *Defendants' First Set of Interrogatories Propounded to Plaintiffs;* and

2.  *Defendants' First Set of Requests for Production of Documents Propounded to Plaintiffs.*

The undersigned retains the original(s) of the above as custodian thereof.

DATED this the 3rd day of September, 2021.

Respectfully submitted,
EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.

BY: /s/ Bradley R. McDill
    BRADLEY R. MCDILL (MBN 102231)

OF COUNSEL:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

## CERTIFICATE OF SERVICE

I, Bradley R. McDill, attorney for Defendants Eugene Tommy Magee, Jr. and Marlena

Magee, do hereby certify that I have this date filed the foregoing via the MEC filing system, which

sent notification of such filing to all counsel of record, including the following:

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
KHALAF & NGUYEN, PLLC
P.O. Box 320067
Flowood, Mississippi 39232

This the 3rd day of September, 2021.

/s/ Bradley R. McDill
BRADLEY R. MCDILL

## IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                    **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                            **CIVIL ACTION NO.: 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; AND**                                    **DEFENDANTS**
**JOHN and JANE DOE(S) 1-10**

### MOTION TO ADD PARTY DEFENDANT STATE AUTOMOBILE MUTUAL
### INSURANCE COMPANY AND AMEND COMPLAINT

**COMES NOW** the Plaintiffs, by and through counsel, and files this, their Motion to Add

Party Defendant State Automobile Mutual Insurance Company and Amend Complaint, pursuant to

M.R.C.P. 15(a), and granting the Plaintiffs leave to amend their complaint, and in support thereof

would show unto the Court the following:

1. Plaintiffs' original complaint was filed on June 4, 2021.

2. Plaintiffs named fictitious and unknown parties that may be added pursuant to Rule
   9.

3. State Automobile Mutual Insurance Company issued an insurance policy for certain
   uninsured/underinsured motorist benefits.

4. Plaintiffs are covered under the State Automobile Mutual Insurance Company's
   insurance policy for uninsured/underinsured motorist benefits.

5. Plaintiffs request leave of Court to amend the complaint to add party Defendant State
   Automobile Mutual Insurance Company.

6. Plaintiffs' proposed amended complaint is attached hereto and adopted by reference
   pursuant to M.R.C.P. 10(c).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that the Court order the addition of Defendant State Automobile Insurance Company and leave of Court to amend the complaint to add Defendant State Automobile Insurance Company as a party defendant as set out in the proposed amended complaint.

This the 4th day of May, 2022.


                                    **RESPECTFULLY SUBMITTED,**
                                    PATRICK WARREN,
                                    BALDOMERO GOMEZ, AND
                                    FIDEL GOMEZ


                            **BY:**  /s/ *Jad Jamal Khalaf*
                                    JAD JAMAL KHALAF
                                    Attorney for Plaintiffs




JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
            Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
            Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Electronic Mail: Jad@601Attorney.com
Electronic Mail: Ammie@601Attorney.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiffs, have this day electronically filed the foregoing with the clerk of the court using the ECF system, which sent a true and correct copy of the pleadings to all known counsel of record.

THIS the 4th day of May, 2022.

/s/ *Jad Jamal Khalaf*
JAD JAMAL KHALAF

### IN THE CIRCUIT COURT
### OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                               **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                   **CIVIL ACTION NO.: 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE;**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; AND**                             **DEFENDANTS**
**JOHN and JANE DOE(S) 1-9**

### FIRST AMENDED COMPLAINT
### (JURY TRIAL DEMANDED)

**COMES NOW**, the Plaintiffs, Patrick Warren, Baldomero Gomez, and Fidel
Gomez and their attorney, file this First Amended Complaint against the Defendants, and
in support of this suit, Plaintiffs would show the following facts and respectfully allege as
follows, to-wit:

### NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1. This is a civil action for personal injuries suffered by Plaintiff Patrick Warren
   (hereinafter "Warren" and collectively "Plaintiffs"), Plaintiff Baldomero Gomez
   (hereinafter "B. Gomez" and collectively "Plaintiffs"), and Plaintiff Fidel Gomez
   (hereinafter "F. Gomez" and collectively "Plaintiffs") against Defendant Eugene
   Tommy Magee, Jr. (hereinafter "E. Magee" and collectively "Defendants"),
   Defendant Marlena Magee (hereinafter "M. Magee" and collectively
   "Defendants"), Defendant State Automobile Mutual Insurance Company
   (hereinafter "State Auto" and collectively "Defendants"), and John and Jane
   Doe(s) 1-10.

2. This action arises out of a motor vehicle accident on or about January 9, 2021, on Interstate 55 North in Copiah County, Mississippi, in which a black 2008 Infiniti, VIN # JNKBV61E68M222990, driven by Defendant E. Magee and owned by M. Magee, caused the wreck with Plaintiffs.

3. Plaintiffs, while operating their vehicle in a lawful and safe manner, were also traveling on Interstate 55 North in a gray 2015 GMC Duramax Denali Z71 4x4 pickup truck, VIN # 1GT120E88FF651198. The pickup was driven by Warren along with passengers B. Gomez and F. Gomez.

4. Plaintiffs were traveling in the left-hand lane when, without warning, Defendant E. Magee smashed into the rear passenger side of Plaintiffs' pickup truck.

5. Plaintiffs' pickup truck flipped several times, collided with the barrier cables, and finally came to a resting place on top of the barrier cables facing southwest.

6. F. Gomez was ejected from the pickup truck during the horrific crash, while Warren and B. Gomez were tossed around inside of the pickup truck.

7. Plaintiffs were transported by ambulance to Copiah Medical Center in Hazlehurst, Copiah County, Mississippi, for their injuries.

8. F. Gomez was later airlifted to the University of Mississippi Medical Center in Jackson, Hinds County, Mississippi, for numerous injuries, where he remained for some time.

9. The GMC Duramax Denali Z71 was a total loss.

10. Defendants' negligence was the factor in causing Plaintiffs' injuries and property damage.

## PARTIES

11. Plaintiff incorporates, restates, and adopts all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

12. Plaintiff, Patrick Warren is an adult resident citizen of Copiah County, Mississippi, whose address is 2189 E. Whitworth Street, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

13. Plaintiff, Baldomero Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

14. Plaintiff, Fidel Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

15. Defendant, Eugene Tommy Magee, Jr., was the driver of the vehicle that caused the accident.  Defendant E. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647.

16. Defendant, Marlena Magee, upon information and belief, was and is the owner of the vehicle that caused the accident.  Defendant M. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 3964.

17. Defendant, State Automobile Mutual Insurance Company, is an Ohio company with its principal place of business located at 518 East Broad Street, Columbus, Ohio 43215.  State Auto may be served with process of service upon its registered agent, United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

18. Defendants John and Jane Does # 1-9 are unknown individuals and/or entities liable to Plaintiffs for the acts and omissions as alleged herein. The names and capacities of Defendants John and Jane Does # 1-9 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiffs allege upon information and belief each of the Defendants designated herein is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused the injury and damages occasioned to Plaintiffs herein.

## JURISDICTION AND VENUE

19. Plaintiffs incorporate, restate, and adopt all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

20. This Court has jurisdiction over this matter since this civil action arises from the negligent acts, omissions and/or misrepresentations of Defendants committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.

21. Venue is proper in Copiah County, Mississippi, pursuant to Mississippi Code 1972 Annotated § 11-11-3, as amended, as all or substantial part of the events or omissions giving rise to this claim occurred in Copiah County.

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE OF
### DEFENDANT EUGENE TOMMY MAGEE, JR

22. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

23. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

24. Defendant E. Magee breached his duty of care on or about January 9, 2021, when he failed to operate his vehicle in a lawful, prudent and proper manner, failed to maintain a proper lookout, failed to yield the right of way, failed to maintain reasonable control of his vehicle, failed to take reasonable steps to avoid the subject vehicular collision, and committed other general acts of negligence, all of which were the proximate cause of the collision.

25. But for Defendant E. Magee's negligence, Plaintiffs would not have been hit and injured.

26. Such failures constitute a careless and reckless operation by Defendant E. Magee of his motor vehicle.

### COUNT TWO: NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR AS A MATTER OF LAW

27. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

28. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

29. Defendant E. Magee violated the Motor Vehicles and Traffic Regulations of the State of Mississippi.

30. Specifically, Defendant E. Magee violated the following statutes of the Mississippi Code 1972 Annotated:

    a. § 63-3-401: Duties of driver involved in accident resulting in personal injury or death;

    b. §63-3-403: Duties of driver involved in accident resulting in property damage to attended vehicle;

    c. §63-3-619: Distances to be maintained between traveling vehicles;

    d. §63-3-1201: Reckless driving; and

    e. §63-3-1213: Careless driving.

31. Defendant E. Magee owed a duty to Plaintiffs to abide by the laws of the State of Mississippi, especially the specific statutes listed herein.

32. Each statute named herein provides for a criminal penalty.

33. The standard of conduct required by each individual statute is clearly defined within the statute.

34. Defendant E. Magee breached the standard of conduct required by each statute listed herein.

35. Finally, each individual statute was designed to protect a specific type of person from a specific harm.

36. Plaintiffs fall within each statue's class of protection, and each statute protects against the type of harm suffered by Plaintiffs.

37. Therefore, as a direct, immediate, and proximate result of Defendant E. Magee's negligence as a matter of law, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, lost wages, mental anguish, and property damage, along with other damages to be proven at trial of this matter.

## COUNT THREE: NEGLIGENCE OF DEFENDANT MARLENA MAGEE

38. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

39. Negligence is also imputed to Defendant M. Magee, in addition to Defendant E. Magee's negligence acts as set forth in paragraphs 21 through 35.

40. On or about January 9, 2021, Defendant M. Magee was and is believed to be the owner of the vehicle that Defendant E. Magee was driving.

41. Defendant M. Magee was reckless, careless, and negligent in the ownership and operation of her vehicle.

42. Defendant M. Magee owed a duty of care to ensure that responsible drivers drove her vehicle.

43. The negligence of Defendant M. Magee on the occasion complained, consisted of breaching individually and collectively all of the aforementioned duties.

44. Defendant M. Magee was negligent by:

    a.  Failure to have her vehicle operated in a safe and reasonable manner; and

b. Failure to have her vehicle operated in compliance with state and local traffic laws.

45. But for Defendant M. Magee's negligence, Plaintiffs would not have been hit and injured.

46. The above-described damages and injuries are due to, caused and occasioned by the above set forth acts of negligence on the part of Defendant M. Magee.

47. By such acts and omission as described herein above, Defendant M. Magee acted with a negligence and total disregard for the safety of Plaintiffs and other drivers on the roads, thereby rendering Defendant M. Magee liable for damages, actual and compensatory.

## COUNT FOUR: UNINSURED/UNDERINSURED MOTORIST CLAIM AGAINST DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

48. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

49. Prior to the time of the subject incident, Defendant State Auto issued an insurance policy, which provided certain uninsured/underinsured motorist benefits.

50. The premiums had been paid to Defendant State Auto in exchange for insurance coverage.

51. At all relevant times herein, the insurance policy issued by Defendant State Auto was in place at the time of the subject incident.

52. It is believed that Defendant State Auto does possess the original of the insurance policy.

53. The insurance policy issued by Defendant State Auto included uninsured/underinsured motorist coverage.

54. Plaintiffs qualify as insureds under the insurance policy issued by Defendant State Auto.

55. Plaintiffs qualify as uninsured/underinsured motorists under the insurance policy issued by Defendant State Auto.

56. Plaintiffs have submitted to Defendant State Auto proper proof of claim for uninsured/underinsured motorist benefits.

57. Plaintiffs have submitted to Defendant State Auto all of their medical records and medical bills associated with injuries sustained in this complaint.

58. Plaintiffs have submitted to Defendant State Auto proper proofs of claim establishing the uninsured/underinsured status of Defendants E. Magee and M. Magee.

59. Defendants E. Magee and M. Magee qualify as uninsured/underinsured motorists per the insurance policy issued by Defendant State Auto.

60. Defendants E. Magee and M. Magee had a policy for $50,000 per accident.

61. Plaintiffs are entitled to uninsured/underinsured motorist benefits from Defendant State Auto.

62. Plaintiffs' medical expenses are in excess of $134,000.00.

63. Defendants E. Magee and M. Magee were willing to tender the policy limits of $50,000 to Plaintiffs if Defendant State Auto agreed to waive its right of subrogation.

64. Defendant State Auto has adamantly refused, over and over, to waive its right of subrogation.

65. On information and belief, the limits of uninsured/underinsured motorist coverage available to Plaintiffs are greater than the liability limits available thereby "triggering" coverage under the uninsured/underinsured motorist coverage policy issued by Defendant State Auto.

66. Plaintiffs have demanded policy limits from Defendant State Auto.

67. Defendant State Auto has refused to tender policy limits.

68. Defendant State Auto, for one thing, took issue with Plaintiff F. Gomez being transported from one hospital to another hospital via air.

69. This refusal to tender the policy limits is but actually part of an institutionalized, systematic practice by Defendant State Auto in its claims handling in uninsured/underinsured claims, taught, applied, monitored, and/or tracked for purpose of increasing the company's profits by not tendering the full benefits due Plaintiffs under the insurance policy.

70. Accordingly, Defendant State Auto is a proper party Defendant.

## COUNT FIVE: BAD FAITH – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

71. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

72. Plaintiffs would show that Defendant State Auto owes a duty of good faith and fair dealing with Plaintiffs.

73. Plaintiffs have submitted complete and proper proofs of claim establishing the underinsured states of Defendants E. Magee and M. Magee.

74. Plaintiffs have submitted proper proof of claim establishing that the submitted claim is worth all available uninsured motorist coverage insurance coverage.

75. Defendants E. Magee and M. Magee were willing to tender the policy limits of $50,000 to Plaintiffs if Defendant State Auto agreed to waive its right of subrogation.

76. Defendant State Auto had a duty to exercise good faith in dealing with Plaintiffs but did not exercise good faith.

77. Defendant State Auto refused to waive its right of subrogation with respect to the underinsured motorists claim because it was under the impression that Defendant E. Magee has land against which Defendant State Auto may pursue in the event a jury were to return a verdict that implicates the underinsured motorists' benefits. But Defendant State Auto was only going to front the $50,000 equivalent to the bodily injury limits under Defendant E. Magee's insurance policy under the following conditions:

    a. Defendant State Auto will receive a credit against any judgment that implicates underinsured motorists' coverage; and

    b. Plaintiffs will repay Defendant State Auto for the money fronted in the event the judgment does not implicate payment under the underinsured motorists' coverage.

78. By refusing to provide benefits of coverage and payment of valid claims under the subject policy or policies, Defendant State Auto acted fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs with conscious disregard for Plaintiffs' rights under the law and under the subject policy or policies, and with the intent and design of benefiting Defendant State Auto financially, of harassing Plaintiffs, of avoiding payment of amounts due for the valid claim of Plaintiffs,

and of causing or willfully disregarding the probability of causing severe emotional distress to Plaintiffs.

79. Defendant State Auto has refused to provide full coverage or benefits under the subject policy or policies, knowing that Plaintiffs are financially and emotionally distressed by reason of Defendant State Auto's refusal to provide coverage and to pay the benefits due under the policy or policies, which has caused hardship and suffering to Plaintiffs.

80. To date, Defendant State Auto has, in bad faith, forced Plaintiffs to continue litigating their case.

81. To date, Defendant State Auto has, in bad faith, refused to waive its right of subrogation.

82. To date, Defendant State Auto has, in bad faith, refused to accept that the medical doctors had Plaintiff F. Gomez air lifted from one hospital to another hospital due to the severity of his injuries that he sustained after being ejected from the vehicle.

83. To date, Defendant State Auto has, in bad faith, not tendered the policy limits.

84. Defendant State Auto has, in bad faith, disregarded the proof and has arbitrarily and capriciously failed to evaluate the damages and claim submitted in violation of its duties under the policy insurance and Mississippi law.

85. The bad faith of Defendant State Auto is evidenced by the actions set forth in the paragraphs above and below.  Nevertheless, acting with conscious disregard for Plaintiffs rights and with the intention of causing or willfully disregarding the probability of causing unjust hardship on Plaintiffs, Defendant State Auto

willfully refused to tender the policy limits and withheld monies rightfully due Plaintiffs. Defendant State Auto further willfully refused to tender the policy limits, even after Plaintiffs provided State Auto will all of the medical records and bills in excess of $134,000.00. Defendant State Auto lacked an arguable or legitimate basis in law and fact for its refusal and failure to tender the policy limits, and Defendant State Auto knew there was no arguable, legitimate, or justifiable basis for its refusal and failure to tender the policy limits.

86. Defendant State Auto's bad faith refusal to simply tender the benefits to which Plaintiffs are due is part and parcel of its application of a company-wide procedure applied by this particular company to increase its profits by systematically underpaying or refusing to pay the policy limits by making it too expensive for Plaintiffs (and his/her attorney) to litigate the case.

87. At all material times, Defendant State Auto owed to Plaintiffs, as claimants and insureds under the policy, non-delegable, express, and implied duties, to at all times and in all things, act in good faith and with fair dealing toward Plaintiffs. Along with the implied duty of good faith and fair dealing, Defendants owed at all times a duty to:

    a. Investigate the claim with the interest of the insureds in mind and keeping the Plaintiffs informed every step of the way;

    b. Give as much if not more consideration to the financial interests of Plaintiffs, than they gave to their own financial interests; and

    c. Perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation.

88. The course of conduct of Defendant State Auto as described above, was deliberately undertaken and was in willful, wanton, and reckless disregard of the rights and well-being of Plaintiffs and was attended by malice and vindictiveness on the part of Defendant State Auto in that Defendant State Auto:

   a.  Willfully failed to waive subrogation;

   b.  Willfully failed to tender the payment of underinsured benefits owed to Plaintiffs;

   c.  Willfully failed to investigate with reasonable promptness, all relevant information and make a realistic evaluation of Plaintiffs' claim;

   d.  Willfully failed to investigate, adjust, and pay Plaintiffs' claim in a reasonably prompt manner;

   e.  Willfully failed to evaluate each and every issue of Plaintiffs' underinsured motorists benefits claim, to give at leas equal consideration to the interest of Plaintiffs which Defendant rendered unto itself;

89. Defendant State Auto willfully breached the following duties owed to Plaintiffs, despite knowing of the hardship and suffering imposed upon Plaintiffs:

   a.  To investigate Plaintiffs' underinsured motorists claim with reasonable promptness;

   b.  To make a reasonable/realistic evaluation of Plaintiffs' underinsured motorists claim;

   c.  To promptly pay Plaintiffs' covered underinsured motorists claim;

   d.  To tender payment to Plaintiffs the undisputed portion of Plaintiffs' underinsured motorist claim as soon as it was evaluated;

    e.   To promptly advise Plaintiffs in writing of all valid reasons why Plaintiffs' underinsured motorists claim was evaluated for less than policy limits and the reason(s) for denying to waive its subrogation rights;

    f.   To promptly advised Plaintiffs of the process which Defendant State Auto would follow to adjust Plaintiffs' claim, including:

        i.   Any information or documents needed from Plaintiffs;

        ii.   The time schedule to investigate and evaluate Plaintiffs' underinsured claim;

        iii.   The coverage limitations or exclusions which applied to Plaintiffs; underinsured claim.

    g.   To honor its duty to look after the interest of Plaintiffs, as its insured, at least to the same extent as its own;

    h.   To act in good faith and deal fairly with Plaintiffs.

90. Defendant State Auto's breaches of contract and duties result from an intentional wrong, insult, or abuse as well as from, such gross negligence as to constitute an intentional and independent tort.

91. By refusing to provide benefits of coverage in payment of valid claims under the subject policy or policies, Defendant State Auto acted fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs with conscious disregard for Plaintiffs' rights under the law and with the intent and design of benefiting Defendant State Auto financially, of harassing Plaintiffs, of discouraging Plaintiffs from asserting valid claims, of avoiding payment of amounts due for the

valid claim, and of causing or willfully disregarding the probability of causing severe emotional distress to Plaintiffs.

92. Defendant State Auto has deprived Plaintiffs of the benefits justly due under the subject policy or policies when Defendant State Auto knew or should have known that those benefits were due, owing, and needed by Plaintiffs.

93. In addition to all damages owed under the policy, for this bad faith refusal to settle and/or tender the benefits to which Plaintiffs are due, Plaintiffs seek all available compensatory and punitive damages to punish Defendant State Auto and serve as an example to others to prevent the type of conduct shown.

94. Further, as a direct result of fraudulent, oppressive, malicious, and outrageous conduct of its bad faith in handling the claims of Plaintiffs for benefits under the subject policy or policies, Plaintiffs have sustained substantial economic loss, including, but not limited to, attorney's fees, costs, and loss of interest income/loss of use of coverage proceeds. As a further result of Defendant State Auto's outrageous and willful conduct and bad faith, Plaintiffs have suffered embarrassment, humiliation, emotional distress, and discomfort entitling Plaintiffs to punitive/bad faith damages.

95. Plaintiffs further seek a declaration of their rights pursuant to the policies of insurance at issue herein.

### COUNT SIX: BREACH OF CONTRACT – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

96. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

97. The Insurance Policy issued by Defendant State Auto is a binding contract and is supported by valid consideration.

98. Plaintiffs are insured within the meaning of Defendant State Auto's insurance policy for underinsured insurance.

99. Plaintiffs' injuries were caused by underinsured motorists, namely Defendants E. Magee and M. Magee.

100.     Pursuant to the underinsured insurance policy, Plaintiffs are entitled to underinsured motorist coverage payments for sums which Plaintiffs are legally entitled to recover as compensatory damages from the owner or driver of an underinsured or underinsured motor vehicle.

101.     Pursuant to the underinsured insurance policy, Defendants E. Magee and M. Magee were "underinsured motorists" because the damages that Plaintiffs are legally entitled to recover from Defendants E. Magee and M. Magee exceeds $50,000, which was the total of liability insurance available from Defendants E. Magee and M. Magee.

102.     Defendant State Auto owed and still owes Plaintiffs the following duties:

    a.  To investigate Plaintiffs' underinsured motorists claim with reasonable promptness.

    b.  To make a reasonable and realistic evaluation of Plaintiffs' underinsured motorists claim.

    c.  To properly advise Plaintiffs of the plain truth regarding of its evaluation of the underinsured motorists claim.

    d.  In evaluating each and every issue during the adjusting Plaintiffs' underinsured motorists claim, to give Plaintiffs consideration at least equal to the consideration which gave itself.

    e.  To promptly pay Plaintiffs' covered underinsured motorists claim.

    f.  To tender payment to Plaintiffs of the undisputed portion of their underinsured motorists claim as soon as that was evaluated.

    g.  To promptly advise Plaintiffs in writing of all valid reasons why their claim was either denied, evaluated for less than policy limits, or reduced from policy limits by specific limitations provided in the policy.

    h.  To exercise good faith with Plaintiffs in adjusting their underinsured motorists claim.

    i.  To deal fairly with Plaintiffs in adjusting their underinsured motorists claim.

    j.  To promptly advise Plaintiffs of the process which adjust their underinsured motorists claim including:

        i.  Any information of documents needed from Plaintiffs.

        ii.  The schedule of investigation and evaluation of Plaintiffs' underinsured motorists claim.

    k.  To honor its duty to look after the interests of Plaintiffs, as its insured, at least to the same extent as its own.

103.    Plaintiffs cooperated with Defendant State Auto and provided all documentations in their possession which were relevant to Defendant State Auto's adjustment of their claim.

104.     Despite Plaintiffs' cooperation, Defendant State Auto failed to reasonably and promptly adjust the claim.

105.     Defendant State Auto deprived Plaintiffs of the benefits justly due under the Policy, when Defendant State Auto knew that those benefits were needed by Plaintiffs.

106.     Due to Defendant State Auto's material breach of the Policy, it is liable to Plaintiffs in the maximum amount allowed by the Policy. Specifically, Defendants breached its contract with Plaintiffs by its failure and refusal to fully and promptly pay the policy limits that is owed to Plaintiffs.

107.     Defendant State Auto breached the aforementioned duties, including the overarching duty to exercise good faith and fair dealing with Plaintiffs. Defendant State Auto's breach is evidenced by all of the facts and allegations set forth in this Complaint, together with the following non-exclusive actions or inactions by Defendant State Auto which were perpetuated with evil motive or with reckless indifference to the rights of Plaintiffs:

    a.  Defendant State Auto's intentional or reckless failure to attempt in good faith to effectuate a settlement for policy limits;

    b.  Defendant State Auto's intentional or reckless refusal to pay Plaintiffs' claim for policy limits and to otherwise honor its obligations without conducting a reasonable investigation based on all available information;

    c.  Defendant State Auto's intentional or reckless failure to pay the policy limits due with no reasonable or justifiable basis;

    d.   Defendant State Auto's offering of substantially less than the policy limits in an effort to deprive Plaintiffs of the policy limits;

    e.   Defendant State Auto's failure to acknowledge evidence (i.e. medical bills, Plaintiff F. Gomez's air ambulance bill) that supported Plaintiffs' claim for the policy limits; and

    f.   Other acts and omissions to be proven at trial.

108.    Defendant State Auto's breach of the duty to exercise good faith and fair dealing was the direct and proximate cause of Plaintiffs enduring further suffering by making it too expensive for Plaintiffs (and his/her attorney) to litigate the case.

109.    As a result of Defendant State Auto's breach of contract, breach of the duty to exercise good faith and fair dealing, bad faith denial of tendering the policy limits, Plaintiffs are entitled to a judgment against Defendants for actual, compensatory, consequential bad faith, and punitive damages, plus court costs, pre- and post-judgment interest as the legally allowable limit.

**COUNT SEVEN: NEGLIGENCE AND/OR GROSS NEGLIGENCE –
DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

110.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

111.    Defendant State Auto had a duty under Mississippi law to investigate Plaintiffs' claim fully, fairly, adequately, and correctly.

112.    The course of Defendant State Auto is as follows:

    a.   Negligently failed to provide payment of underinsured motorists benefits owed to Plaintiffs;

b.   Negligently failed to tender the undisputed amount of underinsured motorists benefits owed to Plaintiffs;

c.   Negligently failed to investigate with reasonable promptness all relevant information and make a realistic evaluation of the claim;

d.   Negligently failed to timely investigate, adjust, and pay Plaintiffs' claim;

e.   Negligently failed to tell Plaintiffs the plain truth regarding investigation evaluation, and payment or nonpayment of claim;

f.   In evaluating each and every issue during the adjusting of Plaintiffs' underinsured motorists claim, negligently failed to give Plaintiffs consideration at least equal to the consideration which Defendant State Auto gave itself;

g.   Negligently failed to apprise Plaintiffs of the status of their underinsured motorists claim;

h.   Negligently delayed obtaining readily available information Defendant State Auto purportedly needed to complete its investigation of Plaintiffs' claim;

i.   Negligently failed to promptly advise Plaintiffs of the process which would follow to adjust Plaintiffs' underinsured motorists claim, including:

    i.   Any information or documents needed from Plaintiffs.

    ii.  The schedule of investigation and evaluation of Plaintiffs' underinsured motorists claims.

j.   By other acts and omissions to be proven at trial.

113.    Such conduct as alleged above constitutes negligence, gross negligence, and/or reckless disregard for Plaintiffs' rights as insureds.

114.    The actions and inactions of Defendant State Auto, as described above, constitutes negligence, entitled Plaintiffs to all consequential damages allowable under law, and further constitute such negligence as amounts to gross negligence, entitling Plaintiffs to heightened damages including attorney's fees and pre-judgment and post-judgment interests, and costs.

115.    Defendants' negligent and grossly negligent caused Plaintiffs economic damages, including attorney's fees and litigation expenses.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

116.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

117.    Defendant State Auto's actions and inactions created a fiduciary relationship with Plaintiffs wherein Plaintiffs justifiably reposed trust on Defendants to fairly adjust and promptly pay their underinsured motorist policy limits.

118.    Defendant State Auto has breached those fiduciary duties owed to Plaintiffs.

119.    Because of Defendant State Auto's breach, Plaintiffs are entitled to all damages allowable by law, including consequential damages, attorney's fees, interest and costs.

## COUNT NINE: BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

120.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

121.    The actions and inactions of Defendant State Auto as described above, constitute a breach of the covenant of good faith and fair dealings implied in all contractual arrangement between contracting parties in the State of Mississippi, entitling Plaintiffs to all damages allowable pursuant to law, including consequential damages, attorney's fees, interest, and costs.

122.    The actions and inactions of Defendant State Auto, as described above, constitute concealment and misrepresentation entitling Plaintiffs to all damages allowable pursuant to law, including compensatory damages, special damages, consequential damages, fraud damages, punitive damages, and attorney's fees, costs and interest.

## DAMAGES

123.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

124.    As a direct and proximate result of Defendants' careless, reckless, and negligent acts, Plaintiffs have suffered injuries to their person. Plaintiffs have further experienced pain and suffering due to their injuries.

125.    Plaintiffs have also incurred loss of enjoyment of life, duties under duress, and other damages, all of which will be proven at trial of this matter. Such injuries entitle Plaintiffs to recover of, from, and against Defendants.

126.    The GMC Duramax Denali Z71 was a total loss.

127.     As a direct and proximate result of said collision, Plaintiffs would further show that their injuries from the collision have required treatment by medical providers. Such treatment has caused them to suffer great pain, shock, weakness and intense mental anguish. Defendants' negligent acts and/or omissions have directly caused Plaintiffs to incur medical bills, and they may incur further such expenses in the future.

128.     The above-described damage and injuries are due to, caused and occasioned by the above set forth acts of negligence and gross negligence all on the part of the Defendants.

## DEMAND FOR A JURY TRIAL

129.     Plaintiffs show that they are entitled to a trial by jury on all issues and all counts raised.

130.     Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs sue and demand from Defendants:

a.  Actual, compensatory, and statutory damages;

b.  Consequential, incidental and punitive damages in an amount to be determined by the trier of fact;

c.  Pre-judgment and post-judgment interest as allowed by law;

d.  Injunctive relief;

e.  All expenses and costs of this civil action, including an award of attorneys' fees as allowed by law;

f.  An award of taxable costs;

g.  Declaration of coverage and entitlement to underinsured motorists benefits under the subject policy or policies;

h.  Judgment against Defendants for compensatory, consequential, and special damages, including costs, and post judgment interest, and attorney's fees arising out of Defendants' breach of its insurance contract and for breach of its covenant and good faith and fair dealing;

i.  Judgment against Defendants for compensatory, consequential, and special damages, including costs, pre and post judgment interest and costs for negligence;

j.  Judgment against Defendants for punitive damages as a result of intentional misconduct, bad faith, and breach of fiduciary duty;

k.  Judgment against Defendants for heightened bad faith level of damages for wrongful claims handling;

l.  Judgment against Defendants for compensatory damage, special damages, consequential damages, fraud damages, and attorneys fees for concealment and misrepresentation of Defendants; and

m. Any and all such further relief as the Court and the jury deem just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs further demand

judgment against Defendants for an amount of special and compensatory damages to be

determined by a jury of Plaintiffs' peers. Plaintiffs also seek all costs of Court, pre-judgment interest after demand, post-judgment interest, and all other relief allowed by law. In addition, Plaintiffs demand judgment against Defendants for all special and compensatory damages to which Plaintiffs are entitled and which are above policy limits of Plaintiffs' automobile liability insurance coverage.

      This the _____ day of May, 2022.


           **RESPECTFULLY SUBMITTED,**
           PATRICK WARREN,
           BALDOMERO GOMEZ, AND
           FIDEL GOMEZ


      **BY:** _____
           JAD JAMAL KHALAF
           Attorney for Plaintiffs


ATTORNEYS FOR PLAINTIFFS:

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
        Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
        Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Electronic Mail: Jad@601Attorney.com
Electronic Mail: Ammie@601Attorney.com

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                                    **PLAINTIFFS**

VS.                                                                    **CAUSE NO. 2021-0317**

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; and
JOHN and JANE DOES(S) 1-10                                    **DEFENDANTS**

---

### NOTICE OF SERVICE OF DISCOVERY

---

**NOTICE** is hereby given, pursuant to Rule 5(d) of the Mississippi Rules of Civil Procedure that Defendants, Eugene Tommy Magee, Jr. and Marlena Magee, have this date served in the above entitled action the following:

1.  *Defendants' Second Set of Interrogatories Propounded to Plaintiff Patrick Warren*

The undersigned retains the original(s) of the above as custodian thereof.

DATED this the 24th day of May 2022

                                Respectfully submitted,
                                EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

                                BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.

                                BY:  /s/ Bradley R. McDill
                                     BRADLEY R. MCDILL (MBN 102231)

OF COUNSEL:
Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Bradley R. McDill, attorney for Defendants Eugene Tommy Magee, Jr. and Marlena Magee, do hereby certify that I have this date filed the foregoing *Notice of Service of Discovery* via the MEC filing system, which sent notification of such filing to all counsel of record, including the following:

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
KHALAF & NGUYEN, PLLC
P.O. Box 320067
Flowood, Mississippi 39232

This the 24th day of May 2022

/s/ Bradley R. McDill
BRADLEY R. MCDILL

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                                   PLAINTIFFS

VS.                                                              CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; and
JOHN and JANE DOES(S) 1-10                                          DEFENDANTS

---

## SUBPOENA *DUCES TECUM*

---

STATE OF MISSISSIPPI
COUNTY OF COPIAH

TO:     **Cellco Partnership d/b/a Verizon Wireless**
        **c/o CT Corporation System**
        **645 Lakeland East Drive, Suite 101**
        **Flowood, Mississippi 39232**

        **FILED**

        **MAY 27 2022**

        EDNA E. STEVENS
        CIRCUIT CLERK
        BY_____D C

        **Verizon**
        **Attn: VSAT**
        **180 Washington Valley Road**
        **Bedminster, New Jersey 07921**
        **Via Facsimile: 1.888.667.0028**

You are hereby commanded to produce as evidence the following:

Information about the customer or subscriber for cellular phone number **601-988-7469** for the following period of time:

1.      **January 9, 2021** from **1:00 a.m. through 11:59 p.m. CDT**

Please include the following in your response:

**All records and other information (not including the contents of communications) relating to the above-referenced cellular phone number, including:**

1.      Records of user activity for each connection made to or from the above-referenced cellular phone number, including log files; messaging logs; the date, time, length,

#2021-0317

and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the above-referenced cellular phone number, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers);

3. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) and "location records" received a radio signal from each cellular telephone or device assigned to the above-referenced cellular phone number;

4. Call Detail Records (CDRs) with cell site information for all Voice Calls, Data Connections, and SMS or MMS text and/or Media Messages; which shall include all incoming, outgoing, and call attempt details for any activity on or related to connections made through Verizon, as well as any other carrier providing connectivity service through its telecommunications network for the above-referenced cellular phone number;

5. These records shall include, but not be limited to, tower listing details, tower lists for all towers within the covering switches and LACs, switch and cell-site locations, sector orientations and azimuths, PN offset details if such apply, Beam-Width for each sector, and array height relevant to all towers in each and every switch by or through which a listing is recorded within transaction records, logs, and CDRs for the target subscriber;

6. All call, voice, text (SMS & MMS), and data connection location information and transactions (registration of network events), related to all specialized carrier records that may be referred to as LOCDBOR (Location Database of Record), Historical Precision Location Information, Historical Mobile Locate (HML), vMLC (Virtual Mobile Locate - vLMC3, vMLC4, vMLC5), NELOS (Network Event Location System), RTT (Round Trip Time/Return Trip Time/Real Time Tool), PCMD (Per Call Measurement Data), TDOA (Time Difference of Arrival) or Timing Advance Information, Mediation Records, E9-1-1, and/or Historical GPS/Mobile Locate Information which shows GPS location (longitude and latitude) and Cell-Site and sector of the device in relationship to the network when connected to the network for the above referenced number;

7. All records associated with the technology known as Verizon Selects, Verizon Custom Experience and Custom Experience Plus, to include device location information specific to the network, regardless of the device location services settings, as well as device location information specific to Verizon apps when permission has been provided by the subscriber to share such information via the device settings. Device Location information shall include Cell-site and sector, date, time, direction, duration, number called, or text to and/or received from, and bytes up/down, information related to each call, and text or data connections. The

#2021-0317

responsive data shall also include all specialized carrier records that may be referred to as RTT (Round Trip Time/Return Trip Time/Real Time Tool), and/or Historical GPS/Mobile Locate Information, which shows GPS location (longitude and latitude) and cell-site and sector of the device in relationship to the network when connected to the network for the above referenced number. The responsive data shall also include all numbers listed above, collected from Verizon applications and/or URLs and all numbers that communicate with the target number related to the Customer Proprietary Network Information (CPNI), to include all delivered and undelivered inbound and outbound calls, text messages, quantity, type, destination, location and amount of use of Verizon telecommunications and interconnected voice over internet protocol (VoIP) services and related billing information. All responsive records associated with websites/URLs/domains (top level domain and subdomain of the URL) visited, to include a list of all Verizon applications used on the mobile device, and any records related to information about Verizon Fios services. If no records are located associated with Verizon Selects, Verizon Custom Experience and Custom Experience Plus, or Verizon Fios, provide detailed information associated with the subscriber opting out of said services, to include opt-out date, time, and associated opt-out IP address;

8. Timing Advance or RTT transmission measurement or coordinate details; and

9. Any network incident or trouble reports related to either the switch or towers by which the target devices connected to, or were forced to connect to in relation, found or archived by Verizon during the relevant period of time for which records are now requested.

in the above-styled and numbered cause pending in the Circuit Court of Copiah County,

Mississippi.

This Subpoena *Duces Tecum* may be satisfied by emailing a true and correct copy

of the above records to bmcdill@heylroyster.com.

You are hereby commanded to produce these records on or before ten (10) days

from the date of receipt of this subpoena *duces tecum* in accordance with Rule 45(d)(2)(A)

of the Mississippi Rules of Civil Procedure.

FAIL NOT and have you then and there this Writ.

WITNESS my hand and official seal, this the 27 day of ___May___,

2022.

COPIAH COUNTY CIRCUIT CLERK

SEAL                    By: _Sonia Sullivan_    D.C.

EDNA E. STEVENS
CIRCUIT CLERK
COPIAH COUNTY
P.O. BOX 467
HAZLEHURST, MS 39083

ISSUED AT THE REQUEST OF:

Bradley R. McDill (MSB No. 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 West Jackson Street, Suite 200
Ridgeland, Mississippi 39157
T: (601)607-0598
F: (309) 420-0402
*ATTORNEY FOR EUGENE TOMMY MAGEE, JR.*
*AND MARLENA MAGEE*

FILED

MAY 27 2022

EDNA E. STEVENS
CIRCUIT CLERK

BY_____D.C.

May 25, 2022

Ms. Edna E. Stevens
COPIAH COUNTY CIRCUIT COURT CLERK
Post Office Box 467
Hazlehurst, Mississippi 39083

IN RE: *Patrick Warren; Baldomera Gomez; and Fidel Gomez vs. Eugene Tommy Magee,
Jr.; and Marlena Magee in the Circuit Court of Copiah County, Mississippi;
Cause No. 2021-0317*

Dear Ms. Stevens:

Enclosed is the original and one copy of a *Civil Subpoena Duces Tecum* with regard
to the above referenced matter. Please issue this Subpoena and return to our office
in the envelope enclosed for your convenience.

Thank you for your courtesies in this regard. If you should have any questions,
please do not hesitate to contact me.

Very truly yours,

HEYL, ROYSTER, VOELKER & ALLEN

*Bradley R. McDill*

Bradley R. McDill
BRM/hn
Enclosures

200 W. Jackson Street
Suite 200
Ridgeland, Mississippi 39157
Telephone     601.707.0598
Facsimile     309.420.0402
bmcdill@heylroyster.com

FILED

MAY 27 2022

EDNA E. STEVENS
CIRCUIT CLERK
BY_____D C

## PROOF OF SERVICE

I, Hannah Newell, do hereby certify that I personally served a true and correct copy of the

above and foregoing Subpoena Duces Tecum on the following persons/entities:

**Cellco Partnership d/b/a Verizon Wireless
c/o CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232**

**Verizon
Attn: VSAT
180 Washington Valley Road
Bedminster, New Jersey 07921
Via Facsimile: 1.888.667.0028**

Service was made on _____May 31, 2022_____ by the following means:

☐    **Personal Delivery** _____

☐    **Certified Mail – U.S. Post Office – Return Receipt Requested**

      **Receipt Number:**

☒    **Other: Via Facsimile: 1.888.667.0028**

At the time, I was at least 18 years of age and not a party to this action.

Process Server Information:

SIGNATURE: _Hannah Newell_____

NAME:    Hannah Newell_____

ADDRESS:    200 W. Jackson Street, Suite 200

        Ridgeland, MS 39157_____

PHONE:    (601) 707-0706_____

**STATE OF MISSISSIPPI**
**COUNTY OF** Madison

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

    SWORN TO AND SUBSCRIBED BEFORE ME, this 31 day of May, 2022.

_Sarah C. McMillin_
NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
SARAH C. MCMILLIN
NOTARY PUBLIC
I.D. No. 106826
My Commission Expires
September 30, 2025
WARREN COUNTY

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                                    PLAINTIFFS

VS.                                                              CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; and
JOHN and JANE DOES(S) 1-10                                        DEFENDANTS

---

### SUBPOENA *DUCES TECUM*

---

STATE OF MISSISSIPPI
COUNTY OF COPIAH

TO:     **Cellco Partnership d/b/a Verizon Wireless**
        **c/o CT Corporation System**
        **645 Lakeland East Drive, Suite 101**
        **Flowood, Mississippi 39232**

        **Verizon**
        **Attn: VSAT**
        **180 Washington Valley Road**
        **Bedminster, New Jersey 07921**
        **Via Facsimile: 1.888.667.0028**

You are hereby commanded to produce as evidence the following:

Information about the customer or subscriber for cellular phone number **601-988-7469** for the following period of time:

1.      **January 9, 2021** from **1:00 a.m. through 11:59 p.m. CDT**

**Please include the following in your response:**

**All records and other information (not including the contents of communications) relating to the above-referenced cellular phone number, including:**

  1.   Records of user activity for each connection made to or from the above-referenced cellular phone number, including log files; messaging logs; the date, time, length,

#2021-0317

and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the above-referenced cellular phone number, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers);

3. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) and "location records" received a radio signal from each cellular telephone or device assigned to the above-referenced cellular phone number;

4. Call Detail Records (CDRs) with cell site information for all Voice Calls, Data Connections, and SMS or MMS text and/or Media Messages; which shall include all incoming, outgoing, and call attempt details for any activity on or related to connections made through Verizon, as well as any other carrier providing connectivity service through its telecommunications network for the above-referenced cellular phone number;

5. These records shall include, but not be limited to, tower listing details, tower lists for all towers within the covering switches and LACs, switch and cell-site locations, sector orientations and azimuths, PN offset details if such apply, Beam-Width for each sector, and array height relevant to all towers in each and every switch by or through which a listing is recorded within transaction records, logs, and CDRs for the target subscriber;

6. All call, voice, text (SMS & MMS), and data connection location information and transactions (registration of network events), related to all specialized carrier records that may be referred to as LOCDBOR (Location Database of Record), Historical Precision Location Information, Historical Mobile Locate (HML), vMLC (Virtual Mobile Locate - vLMC3, vMLC4, vMLC5), NELOS (Network Event Location System), RTT (Round Trip Time/Return Trip Time/Real Time Tool), PCMD (Per Call Measurement Data), TDOA (Time Difference of Arrival) or Timing Advance Information, Mediation Records, E9-1-1, and/or Historical GPS/Mobile Locate Information which shows GPS location (longitude and latitude) and Cell-Site and sector of the device in relationship to the network when connected to the network for the above referenced number;

7. All records associated with the technology known as Verizon Selects, Verizon Custom Experience and Custom Experience Plus, to include device location information specific to the network, regardless of the device location services settings, as well as device location information specific to Verizon apps when permission has been provided by the subscriber to share such information via the device settings. Device Location information shall include Cell-site and sector, date, time, direction, duration, number called, or text to and/or received from, and bytes up/down, information related to each call, and text or data connections. The

#2021-0317

responsive data shall also include all specialized carrier records that may be referred to as RTT (Round Trip Time/Return Trip Time/Real Time Tool), and/or Historical GPS/Mobile Locate Information, which shows GPS location (longitude and latitude) and cell-site and sector of the device in relationship to the network when connected to the network for the above referenced number. The responsive data shall also include all numbers listed above, collected from Verizon applications and/or URLs and all numbers that communicate with the target number related to the Customer Proprietary Network Information (CPNI), to include all delivered and undelivered inbound and outbound calls, text messages, quantity, type, destination, location and amount of use of Verizon telecommunications and interconnected voice over internet protocol (VoIP) services and related billing information. All responsive records associated with websites/URLs/domains (top level domain and subdomain of the URL) visited, to include a list of all Verizon applications used on the mobile device, and any records related to information about Verizon Fios services. If no records are located associated with Verizon Selects, Verizon Custom Experience and Custom Experience Plus, or Verizon Fios, provide detailed information associated with the subscriber opting out of said services, to include opt-out date, time, and associated opt-out IP address;

8. Timing Advance or RTT transmission measurement or coordinate details; and

9. Any network incident or trouble reports related to either the switch or towers by which the target devices connected to, or were forced to connect to in relation, found or archived by Verizon during the relevant period of time for which records are now requested.

in the above-styled and numbered cause pending in the Circuit Court of Copiah County, Mississippi.

This Subpoena *Duces Tecum* may be satisfied by emailing a true and correct copy of the above records to bmcdill@heylroyster.com.

You are hereby commanded to produce these records on or before ten (10) days from the date of receipt of this subpoena *duces tecum* in accordance with Rule 45(d)(2)(A) of the Mississippi Rules of Civil Procedure.

#2021-0317

FAIL NOT and have you then and there this Writ.

WITNESS my hand and official seal, this the _27_ day of _May_,

2022.

COPIAH COUNTY CIRCUIT CLERK

SEAL                                    By: _Sonia Sullivan_    D.C.

EDNA E. STEVENS
CIRCUIT CLERK
COPIAH COUNTY
P.O. BOX 467
HAZLEHURST, MS 39083

ISSUED AT THE REQUEST OF:

Bradley R. McDill (MSB No. 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 West Jackson Street, Suite 200
Ridgeland, Mississippi 39157
T: (601)607-0598
F: (309) 420-0402
*ATTORNEY FOR EUGENE TOMMY MAGEE, JR.
AND MARLENA MAGEE*

**IN THE CIRCUIT COURT**
**OF COPIAH COUNTY, MISSISSIPPI**

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                    **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                                    **CIVIL ACTION NO.: 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; AND**                                     **DEFENDANTS**
**JOHN and JANE DOE(S) 1-10**

**ORDER**

THIS DAY this cause came on to be heard on the uncontested Motion to Add Party Defendant State Automobile Mutual Insurance Company and Amend Complaint [Document # 9] filed by the Plaintiffs through their counsel, and the Court, recognizing that the current Defendants are not contesting the Motion, finds that the Plaintiffs' Motion to Add Party Defendant State Automobile Mutual Insurance Company and Amend Complaint [Document # 9] is well-taken and shall be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that Plaintiffs are granted leave of court to file their amended complaint to add party Defendant State Automobile Insurance Company as stated in the proposed amended complaint [Document # 9-1].

SO ORDERED, ADJUDGED, AND DECREED, this the  8  day of  June  , 2022.

_____
CIRCUIT COURT JUDGE

**PREPARED BY:**

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
           Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
           Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Electronic Mail: Jad@601Attorney.com
Electronic Mail: Ammie@601Attorney.com
*Counsel for Plaintiffs*


**UNCONTESTED BY:**

BRADLEY R. McDILL (MB# 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
Electronic Mail: bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

## IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                     **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                      **CIVIL ACTION NO.: 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE;**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; AND**                                 **DEFENDANTS**
**JOHN and JANE DOE(S) 1-9**

### FIRST AMENDED COMPLAINT
### (JURY TRIAL DEMANDED)

**COMES NOW**, the Plaintiffs, Patrick Warren, Baldomero Gomez, and Fidel

Gomez and their attorney, file this First Amended Complaint against the Defendants, and

in support of this suit, Plaintiffs would show the following facts and respectfully allege as

follows, to-wit:

### NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1. This is a civil action for personal injuries suffered by Plaintiff Patrick Warren

   (hereinafter "Warren" and collectively "Plaintiffs"), Plaintiff Baldomero Gomez

   (hereinafter "B. Gomez" and collectively "Plaintiffs"), and Plaintiff Fidel Gomez

   (hereinafter "F. Gomez" and collectively "Plaintiffs") against Defendant Eugene

   Tommy Magee, Jr. (hereinafter "E. Magee" and collectively "Defendants"),

   Defendant Marlena Magee (hereinafter "M. Magee" and collectively

   "Defendants"), Defendant State Automobile Mutual Insurance Company

   (hereinafter "State Auto" and collectively "Defendants"), and John and Jane

   Doe(s) 1-10.

2. This action arises out of a motor vehicle accident on or about January 9, 2021, on Interstate 55 North in Copiah County, Mississippi, in which a black 2008 Infiniti, VIN # JNKBV61E68M222990, driven by Defendant E. Magee and owned by M. Magee, caused the wreck with Plaintiffs.

3. Plaintiffs, while operating their vehicle in a lawful and safe manner, were also traveling on Interstate 55 North in a gray 2015 GMC Duramax Denali Z71 4x4 pickup truck, VIN # 1GT120E88FF651198. The pickup was driven by Warren along with passengers B. Gomez and F. Gomez.

4. Plaintiffs were traveling in the left-hand lane when, without warning, Defendant E. Magee smashed into the rear passenger side of Plaintiffs' pickup truck.

5. Plaintiffs' pickup truck flipped several times, collided with the barrier cables, and finally came to a resting place on top of the barrier cables facing southwest.

6. F. Gomez was ejected from the pickup truck during the horrific crash, while Warren and B. Gomez were tossed around inside of the pickup truck.

7. Plaintiffs were transported by ambulance to Copiah Medical Center in Hazlehurst, Copiah County, Mississippi, for their injuries.

8. F. Gomez was later airlifted to the University of Mississippi Medical Center in Jackson, Hinds County, Mississippi, for numerous injuries, where he remained for some time.

9. The GMC Duramax Denali Z71 was a total loss.

10. Defendants' negligence was the factor in causing Plaintiffs' injuries and property damage.

## PARTIES

11. Plaintiff incorporates, restates, and adopts all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

12. Plaintiff, Patrick Warren is an adult resident citizen of Copiah County, Mississippi, whose address is 2189 E. Whitworth Street, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

13. Plaintiff, Baldomero Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

14. Plaintiff, Fidel Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

15. Defendant, Eugene Tommy Magee, Jr., was the driver of the vehicle that caused the accident. Defendant E. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647.

16. Defendant, Marlena Magee, upon information and belief, was and is the owner of the vehicle that caused the accident. Defendant M. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 3964.

17. Defendant, State Automobile Mutual Insurance Company, is an Ohio company with its principal place of business located at 518 East Broad Street, Columbus, Ohio 43215. State Auto may be served with process of service upon its registered agent, United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

18. Defendants John and Jane Does # 1-9 are unknown individuals and/or entities liable to Plaintiffs for the acts and omissions as alleged herein. The names and capacities of Defendants John and Jane Does # 1-9 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiffs allege upon information and belief each of the Defendants designated herein is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused the injury and damages occasioned to Plaintiffs herein.

## JURISDICTION AND VENUE

19. Plaintiffs incorporate, restate, and adopt all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

20. This Court has jurisdiction over this matter since this civil action arises from the negligent acts, omissions and/or misrepresentations of Defendants committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.

21. Venue is proper in Copiah County, Mississippi, pursuant to Mississippi Code 1972 Annotated § 11-11-3, as amended, as all or substantial part of the events or omissions giving rise to this claim occurred in Copiah County.

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE OF
### DEFENDANT EUGENE TOMMY MAGEE, JR

22. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

23. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

24. Defendant E. Magee breached his duty of care on or about January 9, 2021, when he failed to operate his vehicle in a lawful, prudent and proper manner, failed to maintain a proper lookout, failed to yield the right of way, failed to maintain reasonable control of his vehicle, failed to take reasonable steps to avoid the subject vehicular collision, and committed other general acts of negligence, all of which were the proximate cause of the collision.

25. But for Defendant E. Magee's negligence, Plaintiffs would not have been hit and injured.

26. Such failures constitute a careless and reckless operation by Defendant E. Magee of his motor vehicle.

### COUNT TWO: NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR AS A MATTER OF LAW

27. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

28. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

29. Defendant E. Magee violated the Motor Vehicles and Traffic Regulations of the State of Mississippi.

30. Specifically, Defendant E. Magee violated the following statutes of the Mississippi Code 1972 Annotated:

   a. § 63-3-401: Duties of driver involved in accident resulting in personal injury or death;

   b. §63-3-403: Duties of driver involved in accident resulting in property damage to attended vehicle;

   c. §63-3-619: Distances to be maintained between traveling vehicles;

   d. §63-3-1201: Reckless driving; and

   e. §63-3-1213: Careless driving.

31. Defendant E. Magee owed a duty to Plaintiffs to abide by the laws of the State of Mississippi, especially the specific statutes listed herein.

32. Each statute named herein provides for a criminal penalty.

33. The standard of conduct required by each individual statute is clearly defined within the statute.

34. Defendant E. Magee breached the standard of conduct required by each statute listed herein.

35. Finally, each individual statute was designed to protect a specific type of person from a specific harm.

36. Plaintiffs fall within each statue's class of protection, and each statute protects against the type of harm suffered by Plaintiffs.

37. Therefore, as a direct, immediate, and proximate result of Defendant E. Magee's negligence as a matter of law, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, lost wages, mental anguish, and property damage, along with other damages to be proven at trial of this matter.

## COUNT THREE: NEGLIGENCE OF DEFENDANT MARLENA MAGEE

38. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

39. Negligence is also imputed to Defendant M. Magee, in addition to Defendant E. Magee's negligence acts as set forth in paragraphs 21 through 35.

40. On or about January 9, 2021, Defendant M. Magee was and is believed to be the owner of the vehicle that Defendant E. Magee was driving.

41. Defendant M. Magee was reckless, careless, and negligent in the ownership and operation of her vehicle.

42. Defendant M. Magee owed a duty of care to ensure that responsible drivers drove her vehicle.

43. The negligence of Defendant M. Magee on the occasion complained, consisted of breaching individually and collectively all of the aforementioned duties.

44. Defendant M. Magee was negligent by:

    a.   Failure to have her vehicle operated in a safe and reasonable manner; and

    b.  Failure to have her vehicle operated in compliance with state and local traffic laws.

45. But for Defendant M. Magee's negligence, Plaintiffs would not have been hit and injured.

46. The above-described damages and injuries are due to, caused and occasioned by the above set forth acts of negligence on the part of Defendant M. Magee.

47. By such acts and omission as described herein above, Defendant M. Magee acted with a negligence and total disregard for the safety of Plaintiffs and other drivers on the roads, thereby rendering Defendant M. Magee liable for damages, actual and compensatory.

## COUNT FOUR: UNINSURED/UNDERINSURED MOTORIST CLAIM AGAINST DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

48. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

49. Prior to the time of the subject incident, Defendant State Auto issued an insurance policy, which provided certain uninsured/underinsured motorist benefits.

50. The premiums had been paid to Defendant State Auto in exchange for insurance coverage.

51. At all relevant times herein, the insurance policy issued by Defendant State Auto was in place at the time of the subject incident.

52. It is believed that Defendant State Auto does possess the original of the insurance policy.

53. The insurance policy issued by Defendant State Auto included uninsured/underinsured motorist coverage.

54. Plaintiffs qualify as insureds under the insurance policy issued by Defendant State Auto.

55. Plaintiffs qualify as uninsured/underinsured motorists under the insurance policy issued by Defendant State Auto.

56. Plaintiffs have submitted to Defendant State Auto proper proof of claim for uninsured/underinsured motorist benefits.

57. Plaintiffs have submitted to Defendant State Auto all of their medical records and medical bills associated with injuries sustained in this complaint.

58. Plaintiffs have submitted to Defendant State Auto proper proofs of claim establishing the uninsured/underinsured status of Defendants E. Magee and M. Magee.

59. Defendants E. Magee and M. Magee qualify as uninsured/underinsured motorists per the insurance policy issued by Defendant State Auto.

60. Defendants E. Magee and M. Magee had a policy for $50,000 per accident.

61. Plaintiffs are entitled to uninsured/underinsured motorist benefits from Defendant State Auto.

62. Plaintiffs' medical expenses are in excess of $134,000.00.

63. Defendants E. Magee and M. Magee were willing to tender the policy limits of $50,000 to Plaintiffs if Defendant State Auto agreed to waive its right of subrogation.

64. Defendant State Auto has adamantly refused, over and over, to waive its right of subrogation.

65. On information and belief, the limits of uninsured/underinsured motorist coverage available to Plaintiffs are greater than the liability limits available thereby "triggering" coverage under the uninsured/underinsured motorist coverage policy issued by Defendant State Auto.

66. Plaintiffs have demanded policy limits from Defendant State Auto.

67. Defendant State Auto has refused to tender policy limits.

68. Defendant State Auto, for one thing, took issue with Plaintiff F. Gomez being transported from one hospital to another hospital via air.

69. This refusal to tender the policy limits is but actually part of an institutionalized, systematic practice by Defendant State Auto in its claims handling in uninsured/underinsured claims, taught, applied, monitored, and/or tracked for purpose of increasing the company's profits by not tendering the full benefits due Plaintiffs under the insurance policy.

70. Accordingly, Defendant State Auto is a proper party Defendant.

### COUNT FIVE: BAD FAITH – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

71. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

72. Plaintiffs would show that Defendant State Auto owes a duty of good faith and fair dealing with Plaintiffs.

73. Plaintiffs have submitted complete and proper proofs of claim establishing the underinsured states of Defendants E. Magee and M. Magee.

74. Plaintiffs have submitted proper proof of claim establishing that the submitted claim is worth all available uninsured motorist coverage insurance coverage.

75. Defendants E. Magee and M. Magee were willing to tender the policy limits of $50,000 to Plaintiffs if Defendant State Auto agreed to waive its right of subrogation.

76. Defendant State Auto had a duty to exercise good faith in dealing with Plaintiffs but did not exercise good faith.

77. Defendant State Auto refused to waive its right of subrogation with respect to the underinsured motorists claim because it was under the impression that Defendant E. Magee has land against which Defendant State Auto may pursue in the event a jury were to return a verdict that implicates the underinsured motorists' benefits. But Defendant State Auto was only going to front the $50,000 equivalent to the bodily injury limits under Defendant E. Magee's insurance policy under the following conditions:

   a. Defendant State Auto will receive a credit against any judgment that implicates underinsured motorists' coverage; and

   b. Plaintiffs will repay Defendant State Auto for the money fronted in the event the judgment does not implicate payment under the underinsured motorists' coverage.

78. By refusing to provide benefits of coverage and payment of valid claims under the subject policy or policies, Defendant State Auto acted fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs with conscious disregard for Plaintiffs' rights under the law and under the subject policy or policies, and with the intent and design of benefiting Defendant State Auto financially, of harassing Plaintiffs, of avoiding payment of amounts due for the valid claim of Plaintiffs,

and of causing or willfully disregarding the probability of causing severe emotional distress to Plaintiffs.

79. Defendant State Auto has refused to provide full coverage or benefits under the subject policy or policies, knowing that Plaintiffs are financially and emotionally distressed by reason of Defendant State Auto's refusal to provide coverage and to pay the benefits due under the policy or policies, which has caused hardship and suffering to Plaintiffs.

80. To date, Defendant State Auto has, in bad faith, forced Plaintiffs to continue litigating their case.

81. To date, Defendant State Auto has, in bad faith, refused to waive its right of subrogation.

82. To date, Defendant State Auto has, in bad faith, refused to accept that the medical doctors had Plaintiff F. Gomez air lifted from one hospital to another hospital due to the severity of his injuries that he sustained after being ejected from the vehicle.

83. To date, Defendant State Auto has, in bad faith, not tendered the policy limits.

84. Defendant State Auto has, in bad faith, disregarded the proof and has arbitrarily and capriciously failed to evaluate the damages and claim submitted in violation of its duties under the policy insurance and Mississippi law.

85. The bad faith of Defendant State Auto is evidenced by the actions set forth in the paragraphs above and below. Nevertheless, acting with conscious disregard for Plaintiffs rights and with the intention of causing or willfully disregarding the probability of causing unjust hardship on Plaintiffs, Defendant State Auto

willfully refused to tender the policy limits and withheld monies rightfully due Plaintiffs. Defendant State Auto further willfully refused to tender the policy limits, even after Plaintiffs provided State Auto will all of the medical records and bills in excess of $134,000.00. Defendant State Auto lacked an arguable or legitimate basis in law and fact for its refusal and failure to tender the policy limits, and Defendant State Auto knew there was no arguable, legitimate, or justifiable basis for its refusal and failure to tender the policy limits.

86. Defendant State Auto's bad faith refusal to simply tender the benefits to which Plaintiffs are due is part and parcel of its application of a company-wide procedure applied by this particular company to increase its profits by systematically underpaying or refusing to pay the policy limits by making it too expensive for Plaintiffs (and his/her attorney) to litigate the case.

87. At all material times, Defendant State Auto owed to Plaintiffs, as claimants and insureds under the policy, non-delegable, express, and implied duties, to at all times and in all things, act in good faith and with fair dealing toward Plaintiffs. Along with the implied duty of good faith and fair dealing, Defendants owed at all times a duty to:

    a. Investigate the claim with the interest of the insureds in mind and keeping the Plaintiffs informed every step of the way;

    b. Give as much if not more consideration to the financial interests of Plaintiffs, than they gave to their own financial interests; and

    c. Perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation.

88. The course of conduct of Defendant State Auto as described above, was deliberately undertaken and was in willful, wanton, and reckless disregard of the rights and well-being of Plaintiffs and was attended by malice and vindictiveness on the part of Defendant State Auto in that Defendant State Auto:

    a. Willfully failed to waive subrogation;

    b. Willfully failed to tender the payment of underinsured benefits owed to Plaintiffs;

    c. Willfully failed to investigate with reasonable promptness, all relevant information and make a realistic evaluation of Plaintiffs' claim;

    d. Willfully failed to investigate, adjust, and pay Plaintiffs' claim in a reasonably prompt manner;

    e. Willfully failed to evaluate each and every issue of Plaintiffs' underinsured motorists benefits claim, to give at leas equal consideration to the interest of Plaintiffs which Defendant rendered unto itself;

89. Defendant State Auto willfully breached the following duties owed to Plaintiffs, despite knowing of the hardship and suffering imposed upon Plaintiffs:

    a. To investigate Plaintiffs' underinsured motorists claim with reasonable promptness;

    b. To make a reasonable/realistic evaluation of Plaintiffs' underinsured motorists claim;

    c. To promptly pay Plaintiffs' covered underinsured motorists claim;

    d. To tender payment to Plaintiffs the undisputed portion of Plaintiffs' underinsured motorist claim as soon as it was evaluated;

e.  To promptly advise Plaintiffs in writing of all valid reasons why Plaintiffs' underinsured motorists claim was evaluated for less than policy limits and the reason(s) for denying to waive its subrogation rights;

f.  To promptly advised Plaintiffs of the process which Defendant State Auto would follow to adjust Plaintiffs' claim, including:

   i.  Any information or documents needed from Plaintiffs;

   ii.  The time schedule to investigate and evaluate Plaintiffs' underinsured claim;

   iii.  The coverage limitations or exclusions which applied to Plaintiffs; underinsured claim.

g.  To honor its duty to look after the interest of Plaintiffs, as its insured, at least to the same extent as its own;

h.  To act in good faith and deal fairly with Plaintiffs.

90. Defendant State Auto's breaches of contract and duties result from an intentional wrong, insult, or abuse as well as from, such gross negligence as to constitute an intentional and independent tort.

91. By refusing to provide benefits of coverage in payment of valid claims under the subject policy or policies, Defendant State Auto acted fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs with conscious disregard for Plaintiffs' rights under the law and with the intent and design of benefiting Defendant State Auto financially, of harassing Plaintiffs, of discouraging Plaintiffs from asserting valid claims, of avoiding payment of amounts due for the

valid claim, and of causing or willfully disregarding the probability of causing severe emotional distress to Plaintiffs.

92. Defendant State Auto has deprived Plaintiffs of the benefits justly due under the subject policy or policies when Defendant State Auto knew or should have known that those benefits were due, owing, and needed by Plaintiffs.

93. In addition to all damages owed under the policy, for this bad faith refusal to settle and/or tender the benefits to which Plaintiffs are due, Plaintiffs seek all available compensatory and punitive damages to punish Defendant State Auto and serve as an example to others to prevent the type of conduct shown.

94. Further, as a direct result of fraudulent, oppressive, malicious, and outrageous conduct of its bad faith in handling the claims of Plaintiffs for benefits under the subject policy or policies, Plaintiffs have sustained substantial economic loss, including, but not limited to, attorney's fees, costs, and loss of interest income/loss of use of coverage proceeds. As a further result of Defendant State Auto's outrageous and willful conduct and bad faith, Plaintiffs have suffered embarrassment, humiliation, emotional distress, and discomfort entitling Plaintiffs to punitive/bad faith damages.

95. Plaintiffs further seek a declaration of their rights pursuant to the policies of insurance at issue herein.

## COUNT SIX: BREACH OF CONTRACT – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

96. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

97. The Insurance Policy issued by Defendant State Auto is a binding contract and is supported by valid consideration.

98. Plaintiffs are insured within the meaning of Defendant State Auto's insurance policy for underinsured insurance.

99. Plaintiffs' injuries were caused by underinsured motorists, namely Defendants E. Magee and M. Magee.

100.    Pursuant to the underinsured insurance policy, Plaintiffs are entitled to underinsured motorist coverage payments for sums which Plaintiffs are legally entitled to recover as compensatory damages from the owner or driver of an underinsured or underinsured motor vehicle.

101.    Pursuant to the underinsured insurance policy, Defendants E. Magee and M. Magee were "underinsured motorists" because the damages that Plaintiffs are legally entitled to recover from Defendants E. Magee and M. Magee exceeds $50,000, which was the total of liability insurance available from Defendants E. Magee and M. Magee.

102.    Defendant State Auto owed and still owes Plaintiffs the following duties:

   a.   To investigate Plaintiffs' underinsured motorists claim with reasonable promptness.

   b.   To make a reasonable and realistic evaluation of Plaintiffs' underinsured motorists claim.

   c.   To properly advise Plaintiffs of the plain truth regarding of its evaluation of the underinsured motorists claim.

d. In evaluating each and every issue during the adjusting Plaintiffs' underinsured motorists claim, to give Plaintiffs consideration at least equal to the consideration which gave itself.

e. To promptly pay Plaintiffs' covered underinsured motorists claim.

f. To tender payment to Plaintiffs of the undisputed portion of their underinsured motorists claim as soon as that was evaluated.

g. To promptly advise Plaintiffs in writing of all valid reasons why their claim was either denied, evaluated for less than policy limits, or reduced from policy limits by specific limitations provided in the policy.

h. To exercise good faith with Plaintiffs in adjusting their underinsured motorists claim.

i. To deal fairly with Plaintiffs in adjusting their underinsured motorists claim.

j. To promptly advise Plaintiffs of the process which adjust their underinsured motorists claim including:

    i. Any information of documents needed from Plaintiffs.

    ii. The schedule of investigation and evaluation of Plaintiffs' underinsured motorists claim.

k. To honor its duty to look after the interests of Plaintiffs, as its insured, at least to the same extent as its own.

103. Plaintiffs cooperated with Defendant State Auto and provided all documentations in their possession which were relevant to Defendant State Auto's adjustment of their claim.

104.     Despite Plaintiffs' cooperation, Defendant State Auto failed to reasonably and promptly adjust the claim.

105.     Defendant State Auto deprived Plaintiffs of the benefits justly due under the Policy, when Defendant State Auto knew that those benefits were needed by Plaintiffs.

106.     Due to Defendant State Auto's material breach of the Policy, it is liable to Plaintiffs in the maximum amount allowed by the Policy. Specifically, Defendants breached its contract with Plaintiffs by its failure and refusal to fully and promptly pay the policy limits that is owed to Plaintiffs.

107.     Defendant State Auto breached the aforementioned duties, including the overarching duty to exercise good faith and fair dealing with Plaintiffs. Defendant State Auto's breach is evidenced by all of the facts and allegations set forth in this Complaint, together with the following non-exclusive actions or inactions by Defendant State Auto which were perpetuated with evil motive or with reckless indifference to the rights of Plaintiffs:

   a.  Defendant State Auto's intentional or reckless failure to attempt in good faith to effectuate a settlement for policy limits;

   b.  Defendant State Auto's intentional or reckless refusal to pay Plaintiffs' claim for policy limits and to otherwise honor its obligations without conducting a reasonable investigation based on all available information;

   c.  Defendant State Auto's intentional or reckless failure to pay the policy limits due with no reasonable or justifiable basis;

     d.   Defendant State Auto's offering of substantially less than the policy limits in an effort to deprive Plaintiffs of the policy limits;

     e.   Defendant State Auto's failure to acknowledge evidence (i.e. medical bills, Plaintiff F. Gomez's air ambulance bill) that supported Plaintiffs' claim for the policy limits; and

     f.   Other acts and omissions to be proven at trial.

108.    Defendant State Auto's breach of the duty to exercise good faith and fair dealing was the direct and proximate cause of Plaintiffs enduring further suffering by making it too expensive for Plaintiffs (and his/her attorney) to litigate the case.

109.    As a result of Defendant State Auto's breach of contract, breach of the duty to exercise good faith and fair dealing, bad faith denial of tendering the policy limits, Plaintiffs are entitled to a judgment against Defendants for actual, compensatory, consequential bad faith, and punitive damages, plus court costs, pre- and post-judgment interest as the legally allowable limit.

**COUNT SEVEN: NEGLIGENCE AND/OR GROSS NEGLIGENCE –
DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

110.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

111.    Defendant State Auto had a duty under Mississippi law to investigate Plaintiffs' claim fully, fairly, adequately, and correctly.

112.    The course of Defendant State Auto is as follows:

     a.   Negligently failed to provide payment of underinsured motorists benefits owed to Plaintiffs;

b.  Negligently failed to tender the undisputed amount of underinsured motorists benefits owed to Plaintiffs;

c.  Negligently failed to investigate with reasonable promptness all relevant information and make a realistic evaluation of the claim;

d.  Negligently failed to timely investigate, adjust, and pay Plaintiffs' claim;

e.  Negligently failed to tell Plaintiffs the plain truth regarding investigation evaluation, and payment or nonpayment of claim;

f.  In evaluating each and every issue during the adjusting of Plaintiffs' underinsured motorists claim, negligently failed to give Plaintiffs consideration at least equal to the consideration which Defendant State Auto gave itself;

g.  Negligently failed to apprise Plaintiffs of the status of their underinsured motorists claim;

h.  Negligently delayed obtaining readily available information Defendant State Auto purportedly needed to complete its investigation of Plaintiffs' claim;

i.  Negligently failed to promptly advise Plaintiffs of the process which would follow to adjust Plaintiffs' underinsured motorists claim, including:

i.  Any information or documents needed from Plaintiffs.

ii.  The schedule of investigation and evaluation of Plaintiffs' underinsured motorists claims.

j.  By other acts and omissions to be proven at trial.

113.        Such conduct as alleged above constitutes negligence, gross negligence, and/or reckless disregard for Plaintiffs' rights as insureds.

114.        The actions and inactions of Defendant State Auto, as described above, constitutes negligence, entitled Plaintiffs to all consequential damages allowable under law, and further constitute such negligence as amounts to gross negligence, entitling Plaintiffs to heightened damages including attorney's fees and pre-judgment and post-judgment interests, and costs.

115.        Defendants' negligent and grossly negligent caused Plaintiffs economic damages, including attorney's fees and litigation expenses.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

116.        Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

117.        Defendant State Auto's actions and inactions created a fiduciary relationship with Plaintiffs wherein Plaintiffs justifiably reposed trust on Defendants to fairly adjust and promptly pay their underinsured motorist policy limits.

118.        Defendant State Auto has breached those fiduciary duties owed to Plaintiffs.

119.        Because of Defendant State Auto's breach, Plaintiffs are entitled to all damages allowable by law, including consequential damages, attorney's fees, interest and costs.

## COUNT NINE: BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

120.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

121.    The actions and inactions of Defendant State Auto as described above, constitute a breach of the covenant of good faith and fair dealings implied in all contractual arrangement between contracting parties in the State of Mississippi, entitling Plaintiffs to all damages allowable pursuant to law, including consequential damages, attorney's fees, interest, and costs.

122.    The actions and inactions of Defendant State Auto, as described above, constitute concealment and misrepresentation entitling Plaintiffs to all damages allowable pursuant to law, including compensatory damages, special damages, consequential damages, fraud damages, punitive damages, and attorney's fees, costs and interest.

## DAMAGES

123.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

124.    As a direct and proximate result of Defendants' careless, reckless, and negligent acts, Plaintiffs have suffered injuries to their person. Plaintiffs have further experienced pain and suffering due to their injuries.

125.    Plaintiffs have also incurred loss of enjoyment of life, duties under duress, and other damages, all of which will be proven at trial of this matter. Such injuries entitle Plaintiffs to recover of, from, and against Defendants.

126.    The GMC Duramax Denali Z71 was a total loss.

127.     As a direct and proximate result of said collision, Plaintiffs would further show that their injuries from the collision have required treatment by medical providers. Such treatment has caused them to suffer great pain, shock, weakness and intense mental anguish. Defendants' negligent acts and/or omissions have directly caused Plaintiffs to incur medical bills, and they may incur further such expenses in the future.

128.     The above-described damage and injuries are due to, caused and occasioned by the above set forth acts of negligence and gross negligence all on the part of the Defendants.

## DEMAND FOR A JURY TRIAL

129.     Plaintiffs show that they are entitled to a trial by jury on all issues and all counts raised.

130.     Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs sue and demand from Defendants:

    a.  Actual, compensatory, and statutory damages;

    b.  Consequential, incidental and punitive damages in an amount to be determined by the trier of fact;

    c.  Pre-judgment and post-judgment interest as allowed by law;

    d.  Injunctive relief;

e.  All expenses and costs of this civil action, including an award of attorneys' fees as allowed by law;

f.  An award of taxable costs;

g.  Declaration of coverage and entitlement to underinsured motorists benefits under the subject policy or policies;

h.  Judgment against Defendants for compensatory, consequential, and special damages, including costs, and post judgment interest, and attorney's fees arising out of Defendants' breach of its insurance contract and for breach of its covenant and good faith and fair dealing;

i.  Judgment against Defendants for compensatory, consequential, and special damages, including costs, pre and post judgment interest and costs for negligence;

j.  Judgment against Defendants for punitive damages as a result of intentional misconduct, bad faith, and breach of fiduciary duty;

k.  Judgment against Defendants for heightened bad faith level of damages for wrongful claims handling;

l.  Judgment against Defendants for compensatory damage, special damages, consequential damages, fraud damages, and attorneys fees for concealment and misrepresentation of Defendants; and

m.  Any and all such further relief as the Court and the jury deem just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs further demand judgment against Defendants for an amount of special and compensatory damages to be

determined by a jury of Plaintiffs' peers. Plaintiffs also seek all costs of Court, pre-judgment interest after demand, post-judgment interest, and all other relief allowed by law. In addition, Plaintiffs demand judgment against Defendants for all special and compensatory damages to which Plaintiffs are entitled and which are above policy limits of Plaintiffs' automobile liability insurance coverage.

This the 13th day of June, 2022.

**RESPECTFULLY SUBMITTED,**
PATRICK WARREN,
BALDOMERO GOMEZ, AND
FIDEL GOMEZ

**BY:** _____
JAD JAMAL KHALAF
Attorney for Plaintiffs

ATTORNEYS FOR PLAINTIFFS:

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
          Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
          Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Electronic Mail: Jad@601Attorney.com
Electronic Mail: Ammie@601Attorney.com

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                                      **PLAINTIFFS**

**VS.**                                                                      **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE;**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-9**                                            **DEFENDANTS**

### ANSWER AND DEFENSES OF EUGENE TOMMY MAGEE, JR.
### AND MARLENA MAGEE TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW, Eugene Tommy Magee, Jr. and Marlena Magee, (hereinafter "Magees" or "Defendants"), defendants herein, by and through counsel, and files this their Answer and Defenses to the First Amended Complaint ("Complaint") as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.

### SECOND DEFENSE

Defendants hereby plead and affirmatively avail themselves of any and all good faith defenses available to them under Rules 12(b)(1) through 12(b)(7) of the Mississippi Rules of Civil Procedure and Defendants preserve and specifically do not waive any defenses which might be or become available to them as discovery proceeds and the facts of the case develop.

### THIRD DEFENSE

Any averment of the Plaintiffs' Complaint which is not specifically and expressly admitted is hereby denied.

## FOURTH DEFENSE

AND NOW, without waiving their right to be heard on the above and foregoing defenses, Defendants answer the Complaint, paragraph by paragraph, as follows:

### NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1. Defendants admit only that a civil action has been filed by Plaintiffs against Defendants. The remaining allegations contained in Paragraph 1 of the Complaint are denied.

2. Defendants admit only that on January 9, 2021, Tommy Magee was driving a black 2008 Infiniti owned by Marlena Magee on Interstate 55 North in Copiah County, Mississippi when Plaintiff Patrick Warren caused his vehicle to collide with the Defendants' vehicle. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3. Defendants admit, upon information and belief, that Plaintiffs were traveling on Interstate 55 North in a gray 2015 GMC Denali Z71 truck, with Plaintiff Warren as the driver. Defendants deny the remaining allegations contained therein.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, deny same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, deny same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, deny same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, deny same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, deny same.

10.    Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## PARTIES

11.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, deny same.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, deny same.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny same.

15.    Defendant Eugene Tommy Magee, Jr. admits that he resides at 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647. The remaining allegations contained Paragraph 15 of the Complaint are denied.

16.    Defendant Marlena Magee admits that she resides at 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647. The remaining allegations contained Paragraph 16 of the Complaint are denied.

17.    Defendants assert that the allegations contained in Paragraph 17 of the Complaint are directed to someone other than these Defendants, therefore, no response is required. To the extent a response is deemed to be required by Defendants, they deny the allegations contained therein.

18.    Defendants assert that the allegations contained in Paragraph 18 of the Complaint are directed to someone other than these Defendants, therefore, no response is required. To the

extent a response is deemed to be required by Defendants, they deny the allegations contained therein.

## JURISDICTION AND VENUE

19.     Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

20.     Defendants do not contest the jurisdiction of this Court, but deny any negligent acts or omissions and further deny the allegations as stated in Paragraph 20 of the Complaint.

21.     Defendants do not contest venue being in this Court, but deny any negligent acts or omissions and further deny the allegations as stated in Paragraph 21 of the Complaint.

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE OF
### DEFENDANT EUGENE TOMMY MAGEE, JR.

22.     Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## COUNT TWO: NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR.
## AS A MATTER OF LAW

27.     Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.    Defendants admit that Defendant Tommy Magee owed certain duties in the operation of his vehicle as required by Mississippi law and would further state that said laws speak for themselves.  To the extent the allegations contained in Paragraph 31 are intended to impute liability on said Defendant, the same are denied.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint.

## COUNT THREE:  NEGLIGENCE OF DEFENDANT MARLENA MAGEE

38.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants admit that Marlena Magee was the owner of the vehicle being driven by Tommy Magee at the time of the subject accident.  The remaining allegations contained in Paragraph 40 of the Complaint are denied.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants admit that owners of vehicle owe certain duties in the ownership and operation of their vehicle as required by Mississippi law and would further state that said laws speak for themselves.  The allegations contained in Paragraph 42 of the Complaint are denied.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint.

## COUNT FOUR:  UNINSURED/UNDERINSURED MOTORIST CLAIM AGAINST DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

48.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

49.-70. Defendants assert that the allegations contained in Paragraphs 49. through 70. of the Complaint are directed to someone other than these Defendants, therefore, no response is required of these Defendants.  To the extent a response is deemed to be required by Defendants to any of these Paragraphs, they deny the allegations contained therein.

## COUNT FIVE:  BAD FAITH -- DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

71.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

72.-95. Defendants assert that the allegations contained in Paragraphs 72. through 95. of the Complaint are directed to someone other than these Defendants, therefore, no response is

required of these Defendants.  To the extent a response is deemed to be required by Defendants to any of these Paragraphs, they deny the allegations contained therein.

## COUNT SIX:  BREACH OF CONTRACT -- DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

96.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

97.-109. Defendants assert that the allegations contained in Paragraphs 97. through 109. of the Complaint are directed to someone other than these Defendants, therefore, no response is required of these Defendants.  To the extent a response is deemed to be required by Defendants to any of these Paragraphs, they deny the allegations contained therein.

## COUNT SEVEN:  NEGLIGENCE AND/OR GROSS NEGLIGENCE - DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

110.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

111.-115. Defendants assert that the allegations contained in Paragraphs 111. through 115. of the Complaint are directed to someone other than these Defendants, therefore, no response is required of these Defendants.  To the extent a response is deemed to be required by Defendants to any of these Paragraphs, they deny the allegations contained therein.

## COUNT EIGHT:  BREACH OF FIDUCIARY DUTY - DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

116.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

117.-119. Defendants assert that the allegations contained in Paragraphs 117. through 119. of the Complaint are directed to someone other than these Defendants, therefore, no response is required of these Defendants. To the extent a response is deemed to be required by Defendants to any of these Paragraphs, they deny the allegations contained therein.

## COUNT NINE:  BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING - DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

120.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

121.-122. Defendants assert that the allegations contained in Paragraphs 121. through 122. of the Complaint are directed to someone other than these Defendants, therefore, no response is required of these Defendants. To the extent a response is deemed to be required by Defendants to any of these Paragraphs, they deny the allegations contained therein.

## DAMAGES

123.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint and, therefore, deny same.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

### DEMAND FOR JURY TRIAL

129.   To the extent a response is deemed to be required to the statement made by Plaintiffs in Paragraph 129 of their Complaint, Defendants deny same.

130.   To the extent a response is deemed to be required to the statement made by Plaintiffs in Paragraph 130 of their Complaint, Defendants deny same.

### PRAYER FOR RELIEF

In response to the first unnumbered paragraph beginning with the words, "WHEREFORE, PREMISES CONSIDERED," including subparagraphs a. through m. therein, Defendants deny that Plaintiffs are entitled to any damages or any judgment against them in any amount whatsoever and, therefore, deny each of the allegations set forth therein.

In response to the second unnumbered paragraph beginning with the words, "WHEREFORE, PREMISES CONSIDERED," Defendants deny that Plaintiffs are entitled to any damages or any judgment against them in any amount whatsoever and, therefore, deny each of the allegations set forth therein.

Further, upon any hearing hereof, these Defendants would affirmatively show the following:

### FIFTH DEFENSE

Plaintiffs have failed to join a necessary or indispensable party, or necessary or indispensable parties, or a party or parties needed for a just adjudication, and Plaintiffs should be required to join said party or parties pursuant M.R.C.P. 17 and M.R.C.P. 19.

### SIXTH DEFENSE

Defendants assert that the investigation and discovery in this case are just beginning, and they reserve the right to amend their Answer and assert any and all defenses, including affirmative

defenses, counterclaims, third-party claims, or claims for affirmative relief against other parties and/or persons, which are applicable under the facts presented or discovered.

## SEVENTH DEFENSE

Defendants plead contributory negligence against Plaintiffs, including but not limited to violation of Miss. Code Ann. §63-2-1, et seq., and asserts that Plaintiffs' claims are subject to the comparative fault of others for which these Defendants are not liable.

## EIGHTH DEFENSE

Defendants assert all privileges and protections afforded by Miss. Code Ann. §11-1-60 and §11-1-69.

## NINTH DEFENSE

Any recovery by Plaintiffs should not include any loss which could have been prevented or mitigated by reasonable care and diligence.

## TENTH DEFENSE

Defendants plead all rights, privileges, and defenses available under Miss. Code Ann. §85-5-7 and §11-7-15.

## ELEVENTH DEFENSE

Defendants assert that the sole proximate cause of the claims made by Plaintiffs was due to the negligent acts and/or omissions of someone other than these Defendants, including but not limited to the negligent acts/or omissions of Plaintiff Patrick Warren.

## TWELFTH DEFENSE

To the extent these Defendants may be found liable, they are entitled to a set-off or credit for any sums already received in compensation for any of alleged damages.

### THIRTEENTH DEFENSE

These Defendants plead all defenses set forth in M.R.C.P. 8(c), including but not limited to settlement, payment, release, res judicata, waiver, and accord and satisfaction.

### FOURTEENTH DEFENSE

Plaintiffs' claims for attorney's fees against these Defendants are made with no factual or legal basis and should be dismissed.

### FIFTEENTH DEFENSE

Defendants deny that they are guilty of any conduct which entitles Plaintiffs to recover punitive damages.

### SIXTEENTH DEFENSE

Defendants aver that any award of punitive damages in this action would be violative of Amendments V, VI, VIII and XIV of the Constitution of the United States of America and Sections 14, 26, and 28 of the Constitution of the State of Mississippi as an excessive fine, criminal penalty and deprivation of equal protection and due process.

### SEVENTEENTH DEFENSE

Defendants affirmatively adopt any other defense to which they may be entitled including but not limited to Tort Reform Legislation and damages caps as contained in Mississippi Code Annotated Chapters 11, 15 and 85.

### EIGHTEENTH DEFENSE

No act or omission of Defendants was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred by applicable Mississippi law.

### NINETEENTH DEFENSE

In the alternative, and without waiving the defenses pleaded above, Defendants respectfully assert that Plaintiffs' claim for punitive damages should be tried in accordance with the procedures

described by MISS. CODE ANN. §11-1-65 in all respects, in that a trial to determine whether compensatory damages are to be awarded should be conducted first, and separately, before any issue related to punitive damages is submitted to the jury or addressed in the presence of the jury in any way.

### TWENTIETH DEFENSE

Defendants plead all rights, privileges, and defenses available to them under Miss. Code Ann. §11-1-65.

### TWENTY-FIRST DEFENSE

Defendants affirmatively allege that the Plaintiffs' Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

### TWENTY-SECOND DEFENSE

Defendants assert any and all defenses raised by other defendants in the litigation.

DATED this the 17TH day of June, 2022.

Respectfully submitted,
EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.


BY: /s/ Bradley R. McDill
BRADLEY R. MCDILL (MBN 102231)

OF COUNSEL:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

## CERTIFICATE OF SERVICE

I, Bradley R. McDill, attorney for Defendants Eugene Tommy Magee, Jr. and Marlena

Magee, do hereby certify that I have this date filed the foregoing via the MEC filing system, which

sent notification of such filing to all counsel of record, including the following:

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
KHALAF & NGUYEN, PLLC
P.O. Box 320067
Flowood, Mississippi 39232

This the 17TH day of June, 2022.

/s/ Bradley R. McDill
BRADLEY R. MCDILL

## IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                              **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                              **CIVIL ACTION NO.: 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE;**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; AND,**                                              **DEFENDANTS**
**JOHN and JANE DOE(S) 1-10**

### SUMMONS

TO:      State Automobile Mutual Insurance Company
         United States Corporation Company
         7716 Old Canton Road, Suite C
         Madison, Mississippi 39110

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail, or hand deliver a copy of a written response to the Complaint to the attorney for the Plaintiffs, **Jad Jamal Khalaf, Khalaf & Nguyen, PLLC, 500 North State Street, Jackson, Mississippi 39201.**

Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of receipt of this Summons and Complaint, or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your responses with the Clerk of the Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, THIS the ____ day of _____, 2022.

EDNA STEVENS,
COPIAH COUNTY CIRCUIT CLERK,

BY: _____ D.C.

ATTORNEYS FOR PLAINTIFFS:
JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
          Jackson, Mississippi 39201
Mailing: Post Office Box 320067
          Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Electronic Mail: Jad@601Attorney.com
Electronic Mail: Ammie@601Attorney.com

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**
**UNITED STATES CORPORATION COMPANY**

I, the undersigned process server, served the <u>**Summons and Complaint**</u> upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____     **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by First class, postage prepaid), on the date started in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender. (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*)

___X___     **PERSONAL SERVICE.** I personally delivered copies of the <u>**Summons and Complaint**</u> to <u>**State Automobile Mutual Insurance Company via United States Corporation Company – Robbie Key received the Summons and Complaint located at 109 Executive Drive #3, Madison, Mississippi 39110**</u> on the 12th day of July, 2022, where I found said person(s) in Madison County, State of Mississippi.

_____     **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the _____ to _____ within _____ County, Mississippi. I served the _____ on the _____ day of _____, 20____, at the usual place of abode of said person by leaving a true copy of the _____ with _____, who is a member of the family of the person served above the age of sixteen years and mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____     **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused"*)

_____     **UNABLE TO SERVE.** After _____ attempts of due and diligent search, I was unable to serve the _____.

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service:   $ $0.00

*Process Server must list below (Please print or type):*

Name:           Ammie T. Nguyen____
Address:        500 N. State Street, Jackson, Mississippi, 39232
Telephone No:   601.688.8888

STATE OF MISSISSIPPI
COUNTY OF Hinds

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the within named Ammie T. Nguyen who being first duly sworn stated upon oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_____
PROCESS SERVER (*Signature*)

SWORN TO AND SUBSCRIBED BEFORE ME, THIS the 13 day of July, 2022

_____
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 315461
COURTNEY SANDERS
My Commission Expires:
Commission Expires:
June 22, 2026
RANKIN COUNTY

6-22-26

Case: 15CI1:21-cv-00317-THI    ~~PROOF OF SERVICE:~~ Document 17    Filed: 07/13/2022    Page 1 of 1

**PROOF OF SERVICE:**

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**
**UNITED STATES CORPORATION COMPANY**

I, the undersigned process server, served the **Summons and Complaint** upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by First class, postage prepaid), on the date started in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender. (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*)

__X__ **PERSONAL SERVICE.** I personally delivered copies of the **Summons and Complaint** to **State Automobile Mutual Insurance Company via United States Corporation Company – Robbie Key received the Summons and Complaint located at 109 Executive Drive #3, Madison, Mississippi 39110** on the 12ᵗʰ day of July, 2022, where I found said person(s) in Madison County, State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the _____ to _____ within _____ County, Mississippi. I served the _____ on the _____ day of _____, 20____, at the usual place of abode of said person by leaving a true copy of the _____ with _____, who is a member of the family of the person served above the age of sixteen years and mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused"*)

_____ **UNABLE TO SERVE.** After _____ attempts of due and diligent search, I was unable to serve the _____.

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $ __0.00__

*Process Server must list below (Please print or type):*

Name: __Ammie T. Nguyen__
Address: __500 N. State Street, Jackson, Mississippi, 39232__
Telephone No: __601.688.8888__

STATE OF MISSISSIPPI
COUNTY OF __Hinds__

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the within named __Ammie T. Nguyen__ who being first duly sworn stated upon oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_____
PROCESS SERVER (*Signature*)

SWORN TO AND SUBSCRIBED BEFORE ME, THIS the __13__ day of __July__, 20__22__

_____
NOTARY PUBLIC

NOTARY PUBLIC
ID # 315461
COURTNEY SANDERS
My Commission Expires:
June 22, 2026
STATE OF MISSISSIPPI
RANKIN COUNTY

Commission Expires
6-22-26

IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                                    PLAINTIFFS

VS.                                                                   CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE;
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; and
JOHN and JANE DOES(S) 1-9                                               DEFENDANTS

## CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF COPIAH

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE

SUBPOENAS, WE COMMAND YOU TO SUMMON:

**TRANSMITTED VIA EMAIL** SUBPOENAS@DPS.MS.GOV

**Mississippi Department of Public Safety**
1900 E. Woodrow Wilson Avenue
Jackson, Mississippi 39216

Pursuant to Mississippi Rule of Civil Procedure 45(b)(2), you are ordered to produce and

permit inspection and copying of the documents and tangible things requested herein below, within

twenty (20) days of service of this subpoena (please do not produce prior to 10 days from the date of

service):

A **certified** copy of any and all items related to the investigation of Mississippi
Department of Public Safety and/or Mississippi Highway Patrol, Case Number
9015010109210003, investigated by Trooper Gabriel D. Brown, Badge #C037, Date
of Accident 01/09/2021, to include but not be limited to the following:

- Any and all 911 tapes associated with any telephone calls made subsequent to this accident
- All in-car and/or dash cam videos/footage
- All body cam videos/footage
- All police reports and investigative reports

FILED

JUL 2 5 2022

EDNA E. STEVENS
CIRCUIT CLERK
BY_____ D.C.

- All field notes
- All videos
- All audio tapes/files
- All 911 dispatch audio tapes time stamped
- Any and all testing data
- All supplemental reports
- All witness reports/statements
- Copies of any and all crime lab testing results
- All inspection reports
- All diagrams of the scene or vehicles
- All measurements
- All calculations

*#2021-0317*

Compliance with this subpoena shall be deemed fulfilled by producing a copy of these things and/or documents to Bradley R. McDill, Esq. via e-mail (bmcdill@heylroyster.com) or mail (HEYL, ROYSTER, VOELKER & ALLEN, P.C., 200 W. Jackson Street, Suite 200, Ridgeland, MS 39157), within twenty (20) days of service of this subpoena, but in no event prior to ten (10) days of service. Should you require an inspection and or copying at your location, please provide two or three available dates and times.

WITNESS MY SIGNATURE and this seal this the 25 day of July, 2022.

EDNA E. STEVENS, CIRCUIT COURT CLERK
COPIAH COUNTY, MISSISSIPPI

By: _____

DEPUTY CLERK

EDNA E. STEVENS
CIRCUIT CLERK
COPIAH COUNTY
P.O. BOX 467
HAZLEHURST, MS 39083

PREPARED BY:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*



July 21, 2022

Ms. Edna E. Stevens
COPIAH COUNTY CIRCUIT COURT CLERK
Post Office Box 467
Hazlehurst, Mississippi 39083

*IN RE: Patrick Warren; Baldomera Gomez; and Fidel Gomez vs. Eugene Tommy Magee,
Jr.; and Marlena Magee in the Circuit Court of Copiah County, Mississippi; Cause
No. 2021-0317*

Dear Ms. Stevens:

Enclosed is the original and one copy of a *Civil Subpoena Duces Tecum* with regard to the
above referenced matter. Please issue this Subpoena and return to our office in the envelope
enclosed for your convenience.

Thank you for your courtesies in this regard. If you should have any questions, please do
not hesitate to contact me.

Very truly yours,

HEYL, ROYSTER, VOELKER & ALLEN

*Hannah J. Newell*

Hannah J. Newell
HJN
Enclosure

200 W. Jackson Street
Suite 200
Ridgeland, Mississippi 39157
Telephone      601.607.0706
Facsimile      309.420.0402
hnewell@heylroyster.com

FILED

JUL 25 2022

EDNA E. STEVENS
CIRCUIT CLERK
BY_____ D.C.

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

**PROOF OF SERVICE**

I, _Hannah Newell_, do hereby certify that I have this day personally served a true copy of the above and foregoing Civil Subpoena *Duces Tecum* on the Mississippi Department of Public Safety via email (**subpoenas@dps.ms.gov**) as noted above.

At the time of service, I was at least 18 years of age and not a party to this action.

THIS, the 1st day of _August_, 2022.

_Hannah Newell_

STATE OF MISSISSIPPI

COUNTY OF _Madison_

Personally, appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Hannah Newell_ who being first by me duly sworn stated on oath that the matters and facts set forth in the foregoing Proof of Service are true and correct as therein stated.

Sworn to and subscribed before me, this the 1st day of _August_, 2022.

_Donna Desha Cohn_
NOTARY PUBLIC

My Commission Expires:

Commission Expires
June 15, 2026
DONNA DeSHA COHN
ID # 79798
STATE OF MISSISSIPPI
NOTARY PUBLIC
RANKIN COUNTY

Page **1** of **1**

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                    **PLAINTIFFS**

**VS.**                                                           **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE;**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-9**                                      **DEFENDANTS**

## CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF COPIAH

TO ANY LAWFUL OFFICER OR OTHER PERSONS AUTHORIZED TO SERVE

SUBPOENAS, WE COMMAND YOU TO SUMMON:

**TRANSMITTED VIA EMAIL** SUBPOENAS@DPS.MS.GOV

**Mississippi Department of Public Safety**
1900 E. Woodrow Wilson Avenue
Jackson, Mississippi 39216

Pursuant to Mississippi Rule of Civil Procedure 45(b)(2), you are ordered to produce and

permit inspection and copying of the documents and tangible things requested herein below, within

twenty (20) days of service of this subpoena (please do not produce prior to 10 days from the date of

service):

A **certified** copy of any and all items related to the investigation of Mississippi
Department of Public Safety and/or Mississippi Highway Patrol, Case Number
9015010109210003, investigated by Trooper Gabriel D. Brown, Badge #C037, Date
of Accident 01/09/2021, to include but not be limited to the following:

- Any and all 911 tapes associated with any telephone calls made subsequent to this accident
- All in-car and/or dash cam videos/footage
- All body cam videos/footage
- All police reports and investigative reports

FILED

JUL 2 5 2022

EDNA E. STEVENS
CIRCUIT CLERK
BY_____D.C.

- All field notes
- All videos
- All audio tapes/files
- All 911 dispatch audio tapes time stamped
- Any and all testing data
- All supplemental reports
- All witness reports/statements
- Copies of any and all crime lab testing results
- All inspection reports
- All diagrams of the scene or vehicles
- All measurements
- All calculations

*#2021-0317*

Compliance with this subpoena shall be deemed fulfilled by producing a copy of these things and/or documents to Bradley R. McDill, Esq. via e-mail (bmcdill@heylroyster.com) or mail (HEYL, ROYSTER, VOELKER & ALLEN, P.C., 200 W. Jackson Street, Suite 200, Ridgeland, MS 39157), within twenty (20) days of service of this subpoena, but in no event prior to ten (10) days of service. Should you require an inspection and or copying at your location, please provide two or three available dates and times.

WITNESS MY SIGNATURE and this seal this the 25 day of July, 2022.

EDNA E. STEVENS, CIRCUIT COURT CLERK
COPIAH COUNTY, MISSISSIPPI

By: _____
DEPUTY CLERK

EDNA E. STEVENS
CIRCUIT CLERK
COPIAH COUNTY
P.O. BOX 467
HAZLEHURST, MS 39083

PREPARED BY:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO                                    PLAINTIFFS
GOMEZ; AND FIDEL GOMEZ

VS.                                          CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.; MARLENA                              DEFENDANTS
MAGEE; STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; JOHN and JANE
DOE(S) 1-9

## ANSWER AND DEFENSES OF STATE AUTO

COMES NOW, State Auto Property and Casualty Insurance Company (incorrectly named as "State Auto Mutual Insurance Company," hereinafter "State Auto"), by counsel, and files this its Answer and Defenses to the First Amended Complaint, as follows:

## NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1.      State Auto admits that this is a civil action for personal injuries against certain parties but denies that State Auto has any liability to Plaintiffs.

2.      State Auto admits that this action arises out of a motor vehicle action on January 9, 2021, on Interstate 55 in Copiah County, Mississippi.  The remaining allegations of paragraph 2 are denied.

3.      State Auto admits that Plaintiffs were traveling on Interstate 55 North in a gray 2015 GMC Duramax Denali Z71, with Warren driving and B. Gomez and F. Gomez riding as passengers.  The remaining allegations of paragraph 3 are denied.

4.      The allegations of Paragraph 4 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

5.      Admitted on information and belief.

{D1972349.2}                                    - 1 -

6.     State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies same.

7.     Admitted on information and belief.

8.     Admitted on information and belief.

9.     State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

10.     The allegations of Paragraph 10 are legal conclusions and do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

## PARTIES

11.     State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

12.     Admitted on information and belief.

13.     Admitted on information and belief.

14.     Admitted on information and belief.

15.     Admitted on information and belief.

16.     Admitted on information and belief.

17.     State Auto admits that State Auto Property and Casualty Insurance Company is an Iowa corporation with its home office and principal place of business in Columbus, Ohio. Furthering answering, the incorrectly named entity, State Auto Mutual Insurance Company, is an Ohio corporation with its home office and principal place of business in Columbus, Ohio.  The remaining allegations are admitted.

18.     State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies same.

## JURISDICTION AND VENUE

19.     State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

20.     State Auto admits that this Court has jurisdiction over this mater.  The remaining allegations of paragraph 20 are denied.

21.     Admitted.

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR.

22.     State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

23.     The allegations of Paragraph 23 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

24.     The allegations of Paragraph 24 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

25.     The allegations of Paragraph 25 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

26.     The allegations of Paragraph 26 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

### COUNT TWO: NEGLIGENCE O FDEFENDANT EUGENE TOMMY MAGEE, JR. AS A MATTER OF LAW

27.      State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

{D1972349.2}                                     - 3 -

28.     The allegations of Paragraph 28 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

29.     The allegations of Paragraph 29 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

30.     The allegations of Paragraph 30 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations, including sub-parts a. through e.

31.     The allegations of Paragraph 31 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

32.     The allegations of Paragraph 32 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

33.     The allegations of Paragraph 33 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

34.     The allegations of Paragraph 34 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

35.     The allegations of Paragraph 35 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

36.     The allegations of Paragraph 36 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

37.     The allegations of Paragraph 37 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

## COUNT THREE: NEGLIGENCE OF MARLENA MAGEE

38.     State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

39.     The allegations of Paragraph 39 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

40.     Admitted on information and belief.

41.     The allegations of Paragraph 41 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

42.     The allegations of Paragraph 42 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

43.     The allegations of Paragraph 43 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

44.     The allegations of Paragraph 44 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations including sub-parts a. through b.

45.     The allegations of Paragraph 45 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

46.     The allegations of Paragraph 46 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

47.     The allegations of Paragraph 47 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

## COUNT FOUR: UNINSURED/UNDERINSURED MOTORST CLAIM AGAINST STATE AUTO

48.     State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

49.     State Auto admits that it issued policy number BAP 2478889 01 (the "Policy"), which provides Uninsured Motorist coverage subject to the conditions, limitations, and exclusions set forth in the Policy.

50.     State Auto admits that premiums had been paid to State Auto in exchange for insurance coverage subject to the conditions, limitations, and exclusions set forth in the Policy.

51.     State Auto admits that the subject Policy was in effect during the coverage period stated in the Policy.

52.     Admitted.

53.     State Auto admits that the Policy provides Uninsured Motorist ("UM") coverage subject to the conditions, limitations, and exclusions set forth in the Policy.

54.     Admitted.

55.     Denied.

56.     State Auto admits that Plaintiffs have submitted a claim for UM benefits under the Policy but denies that they have submitted a "proof of claim" or are entitled to such coverage.

57.     State Auto admits that Plaintiffs have submitted certain medical records and bills, but State Auto is without sufficient knowledge or information to form a belief as to whether Plaintiffs have submitted all such records and bills and therefore denies same.

58.     Denied.

59.     Denied.

60.    State Auto admits only that Alfa Insurance Company has taken the position that Defendants E. Magee and M. Magee have an available liability limit of $50,000.

61.    Denied.

62.    Denied.

63.    Denied as stated.

64.    State Auto admits that it refused to waive its right of subrogation.    Otherwise, denied.

65.    State Auto admits that its UM limit is greater than the available liability limit of the Alfa policy, but State Auto denies that Plaintiffs are entitled to UM coverage under the Policy.

66.    Admitted.

67.    Admitted.

68.    Denied.

69.    Denied.

70.    Denied.

**COUNT FIVE: BAD FAITH – DEFENDANT STATE AUTO**

71.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

72.    State Auto admits to only those duties imposed by law.

73.    Denied.

74.    Denied.

75.    Denied as stated.

76.    Denied.

77.    State Auto admits that it has refused to waive its right of subrogation and that part of the reason for such refusal is the existence of assets of Defendant Magee. State Auto admits that it offered to provide the $50,000 equivalent of the Alfa policy limit to Plaintiffs provided State Auto would receive a credit against any judgment that implicates UM coverage and that Plaintiffs would repay State Auto for such sum if the judgment does not implicate UM coverage. The remaining allegations of paragraph 77 are denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    State Auto denies that paragraph 87 contains an accurate and complete statement of the applicable law. Therefore, State Auto denies the allegations of paragraph 87, including sub-parts a. through c.

88.    Denied, including sub-parts a. through e.

89.    Denied, including sub-parts a. through h.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

## COUNT SIX: BREACH OF CONTRACT—STATE AUTO

96.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

97.    Admitted.

98.    State Auto admits that Plaintiffs qualify as insureds under the UM coverage of the Policy, subject to the conditions, limitations, and exclusions set forth in the Policy.

99.    Denied.

100.    Denied.

101.    Denied.

102.    State Auto denies that paragraph 102 contains an accurate and complete statement of the applicable law.  Therefore, State Auto denies the allegations of paragraph 102, including sub-parts a. through k.

103.    State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 103 and therefore denies same.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied, including sub-parts a. through f.

108.    Denied.

109.    Denied.

## COUNT SEVEN: NEGLIGENCE AND/OR GROSS NEGLIGENCE OF STATE AUTO

110.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

111.    State Auto denies that paragraph 111 contains an accurate and complete statement of the applicable law and therefore denies same.

112.    Denied, including sub-parts a. through j.

113.    Denied.

114.    Denied.

115.    Denied.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY—STATE AUTO

116.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

117.    Denied.

118.    Denied.

119.    Denied.

## COUNT NINE: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING— STATE AUTO

120.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

121.    Denied.

122.    Denied.

## DAMAGES

123.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

124.    Denied.

125.    Denied.

126.    State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 126 and therefore denies same.

127.    Denied.

128.    Denied.

## DEMAND FOR A JURY TRIAL

129.    Denied.

130.    Denied.

## PRAYER FOR RELIEF

State Auto denies the allegations of the unnumbered paragraph of the Amended Complaint on pages 24 to 25, beginning with "WHEREFORE," including sub-parts a. through m.

In response to the final, unnumbered paragraph of the Amended Complaint beginning with "WHEREFORE," State Auto denies that Plaintiff is entitled to any of the relief requested and moves the Court to dismiss this Amended Complaint with prejudice.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to State Auto in this matter. State Auto therefore asserts said defenses in order to preserve the right to assert them. State Auto reserves the right to amend this Answer. Further answering by way of defense and affirmative defense, State Auto states as follows:

## FIRST DEFENSE

Each and every material allegation of the First Amended Complaint that is not expressly admitted is denied, and strict proof is demanded thereof.

## SECOND DEFENSE

The existence of and amount of damages sought is contested and strict proof is demanded thereof.

## THIRD DEFENSE

State Auto denies that it breached any contract with Plaintiff.

## FOURTH DEFENSE

To the extent Plaintiffs claim entitlement to insurance proceeds, the insuring agreement of the Policy has not been met, the conditions precedent to coverage under the Policy have not been met, and/or Plaintiffs' claim is excluded under the terms of the Policy and/or applicable law.

## FIFTH DEFENSE

State Auto asserts that Plaintiff is not entitled to policy benefits under the Policy.

## SIXTH DEFENSE

There is no causal connection between the allegations against State Auto and the injuries and damages alleged in Plaintiffs' First Amended Complaint.

## SEVENTH DEFENSE

Plaintiffs are not entitled to the damages it alleges in the First Amended Complaint to the extent they breached a duty to mitigate any damages suffered.

## EIGHTH DEFENSE

State Auto pleads the affirmative defenses of waiver and estoppel.

## NINTH DEFENSE

All actions taken by State Auto with regard to this dispute were taken in good faith based on the claims made and the factual information provided to, and independently obtained by, State Auto during a good faith investigation of the claims.

### TENTH DEFENSE

State Auto invokes the provisions of Miss. Code Ann. Section 85-5-7.

### ELEVENTH DEFENSE

Plaintiff's claims for compensatory and/or punitive damages are strictly denied, and strict proof is demanded thereof.

### TWELVTH DEFENSE

State Auto pleads the affirmative defense of laches.

### THIRTEENTH DEFENSE

State Auto pleads the defense of setoff.

### FOURTEENTH DEFENSE

None of the facts relating to any action, determination, or conduct of State Auto involved in this dispute give rise to, or support, any claim or cause of action for contractual or extra-contractual liability in tort for bad faith, under statute, or otherwise.

### FIFTEENTH DEFENSE

All determinations made by State Auto with regard to this dispute were made in good faith based on the legitimate reading and application of the terms, provisions, exclusions, and obligations as defined in the applicable insurance policy.

### SIXTEENTH DEFENSE

State Auto denies that it acted with either malice or gross negligence in disregard of Plaintiffs' rights.

### SEVENTEENTH DEFENSE

Plaintiff's claims against State Auto should be severed from Plaintiff's claims against Eugene Magee, Jr., and Marlena Magee.

:D1972349.2;                                                           - 13 -

## EIGHTEENTH DEFENSE

State Auto affirmatively asserts that it had reasonable basis, factual and legal justification for its coverage decision with regard to Plaintiffs' claim.

## NINETEENTH DEFENSE

Any punitive damages award is impermissible under the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States of America.

## TWENTIETH DEFENSE

State Auto asserts that any award of exemplary or punitive damages would violate its due process rights and the constitutional safeguards under the Constitution of the United States of America and the Constitution of the State of Mississippi, and the following constitutional provisions, jointly and severally:

(a)    The Fifth Amendment to the Constitution of the United States of America;

(b)    The Sixth Amendment to the Constitution of the United States of America;

(c)    The Eighth Amendment to the Constitution of the United States of America;

(d)    The Tenth Amendment to the Constitution of the United States of America;

(e)    The Fourteenth Amendment to the Constitution of the United States of America;

(f)    Article Three, Section Fourteen of the Constitution of the State of Mississippi;

(g)    Article Three, Section Twenty-Nine of the Constitution of the State of Mississippi;

## TWENTY-FIRST DEFENSE

Plaintiffs' First Amended Complaint, and each count thereof, to the extent that it seeks exemplary or punitive damages, violates State Auto's right to procedural due process under the Fourteenth Amendment to the Constitution of the United States of America and under the

Constitution of Mississippi and therefore fails to state a cause of action under which either exemplary or punitive damages can be awarded.

## TWENTY-SECOND DEFENSE

Plaintiffs' First Amended Complaint, and each count thereof, to the extent that it seeks exemplary or punitive damages, violates State Auto's right to protection from excessive fines as provided in Article Four Section Twenty-Nine of the Constitution of Mississippi, and violates State Auto's right to substantive due process as provided in the Constitution of Mississippi, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## TWENTY-THIRD DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which exemplary or punitive damages can be awarded.

## TWENTY-FOURTH DEFENSE

State Auto asserts that Miss. Code Ann. Section 11-1-65, as amended, applies to this action to limit any award of punitive damages.

This, the 18th day of August, 2022.

Respectfully submitted,

STATE AUTO PROPERTY AND CASUALTY
INSURANCE COMPANY

BY:   */s/ Tom Julian*
          OF COUNSEL

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Tom Julian
TOM JULIAN

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                                    **PLAINTIFFS**

**VS.**                                                                    **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; and**
**JOHN and JANE DOES(S) 1-10**                                  **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Patrick Warren, has

this date served in the above-entitled action:

**PLAINTIFF, PATRICK WARREN'S GENERAL RESPONSES AND OBJECTIONS TO**
**REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE**
**PLAINTIFF BY DEFENDANTS**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 19th day of August, 2022.

PATRICK WARREN

BY: KHALAF & NGUYEN, PLLC

_____
JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
    Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
    Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the foregoing with the clerk of the court via MEC and electronically mailed a Dropbox link of the responses to the following:

> Bradley R. McDill
> HEYL, ROYSTER, VOELKER & ALLEN, P.C.
> 200 W. Jackson Street, Suite 200
> Ridgeland, Mississippi 39157
> Office: (601) 607.0598
> Facsimile: (309) 420-0402
> Electronic Mail: bmcdill@heylroyster.com
> *Counsel for Defendants,*
> *Eugene Tommy Magee, Jr.*
> *and Marlena Magee*

THIS the 19th day of August, 2022.

JAD JAMAL KHALAF

IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                      PLAINTIFFS

VS.                                                      CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; and
JOHN and JANE DOES(S) 1-10                              DEFENDANTS

## NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Baldomera Gomez,

has this date served in the above-entitled action:

**PLAINTIFF, BALDOMERA GOMEZ'S GENERAL RESPONSES AND OBJECTIONS
TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE
PLAINTIFF BY DEFENDANTS**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 19th day of August, 2022.

BALDOMERA GOMEZ

BY: KHALAF & NGUYEN, PLLC

JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
        Jackson, Mississippi 39201
Mailing: Post Office Box 320067
        Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the foregoing with the clerk of the court via MEC and electronically mailed a Dropbox link of the responses to the following:

Bradley R. McDill
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607.0598
Facsimile: (309) 420-0402
Electronic Mail: bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

THIS the 19th day of August, 2022.

JAD JAMAL KHALAF

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                        **PLAINTIFFS**

**VS.**                                                        **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; and**
**JOHN and JANE DOES(S) 1-10**                                     **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Fidel Gomez, has

this date served in the above-entitled action:

#### PLAINTIFF, FIDEL GOMEZ'S GENERAL RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFF BY DEFENDANTS

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 19th day of August, 2022.

FIDEL GOMEZ

BY: KHALAF & NGUYEN, PLLC

_____
JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
             Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
             Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the

foregoing with the clerk of the court via MEC and electronically mailed a Dropbox link of the

responses to the following:

> Bradley R. McDill
> HEYL, ROYSTER, VOELKER & ALLEN, P.C.
> 200 W. Jackson Street, Suite 200
> Ridgeland, Mississippi 39157
> Office: (601) 607.0598
> Facsimile: (309) 420-0402
> Electronic Mail: bmcdill@heylroyster.com
> *Counsel for Defendants,*
> *Eugene Tommy Magee, Jr.*
> *and Marlena Magee*

THIS the 19th day of August, 2022.

JAD JAMAL KHALAF

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO                                    PLAINTIFFS
GOMEZ; AND FIDEL GOMEZ

VS.                                              CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.; MARLENA                            DEFENDANTS
MAGEE; STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; JOHN and JANE
DOE(S) 1-9

## AMENDED ANSWER AND DEFENSES OF STATE AUTO

COMES NOW, State Auto Property and Casualty Insurance Company (incorrectly named as "State Auto Mutual Insurance Company," hereinafter "State Auto"), by counsel, and files this its Amended Answer and Defenses to the First Amended Complaint, as follows:

## NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1.      State Auto admits that this is a civil action for personal injuries against certain parties but denies that State Auto has any liability to Plaintiffs.

2.      State Auto admits that this action arises out of a motor vehicle action on January 9, 2021, on Interstate 55 in Copiah County, Mississippi.  The remaining allegations of paragraph 2 are denied.

3.      State Auto admits that Plaintiffs were traveling on Interstate 55 North in a gray 2015 GMC Duramax Denali Z71, with Warren driving and B. Gomez and F. Gomez riding as passengers.  The remaining allegations of paragraph 3 are denied.

4.      The allegations of Paragraph 4 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

5.      Admitted on information and belief.

{D1929371.1}                        - 1 -

6.    State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies same.

7.    Admitted on information and belief.

8.    Admitted on information and belief.

9.    State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

10.    The allegations of Paragraph 10 are legal conclusions and do not appear to be directed at State Auto and therefore no response is required. If a response is required, State Auto denies the allegations.

## PARTIES

11.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

12.    Admitted on information and belief.

13.    Admitted on information and belief.

14.    Admitted on information and belief.

15.    State Auto admits on information and belief the residency allegations of paragraph 15 and that Eugene Tommy Magee, Jr., was the driver of the subject vehicle. The remaining allegations of paragraph 15 are denied.

16.    State Auto admits on information and belief the residency allegations of paragraph 16 and that Marlena Magee was the owner of the subject vehicle. The remaining allegations of paragraph 16 are denied.

17.    State Auto admits that State Auto Property and Casualty Insurance Company is an Iowa corporation with its home office and principal place of business in Columbus, Ohio.

Furthering answering, the incorrectly named entity, State Auto Mutual Insurance Company, is an Ohio corporation with its home office and principal place of business in Columbus, Ohio. The remaining allegations are admitted.

18.    State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies same.

## JURISDICTION AND VENUE

19.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

20.    State Auto admits that this Court has jurisdiction over this mater. The remaining allegations of paragraph 20 are denied.

21.    Admitted.

## CAUSES OF ACTION

## COUNT ONE: NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR.

22.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

23.    The allegations of Paragraph 23 do not appear to be directed at State Auto and therefore no response is required. If a response is required, State Auto denies the allegations.

24.    The allegations of Paragraph 24 do not appear to be directed at State Auto and therefore no response is required. If a response is required, State Auto denies the allegations.

25.    The allegations of Paragraph 25 do not appear to be directed at State Auto and therefore no response is required. If a response is required, State Auto denies the allegations.

26.    The allegations of Paragraph 26 do not appear to be directed at State Auto and therefore no response is required. If a response is required, State Auto denies the allegations.

## COUNT TWO: NEGLIGENCE O FDEFENDANT EUGENE TOMMY MAGEE, JR. AS A MATTER OF LAW

27.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

28.    The allegations of Paragraph 28 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

29.    The allegations of Paragraph 29 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

30.    The allegations of Paragraph 30 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations, including sub-parts a. through e.

31.    The allegations of Paragraph 31 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

32.    The allegations of Paragraph 32 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

33.    The allegations of Paragraph 33 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

34.    The allegations of Paragraph 34 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

35.    The allegations of Paragraph 35 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

36.    The allegations of Paragraph 36 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

37.    The allegations of Paragraph 37 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

### COUNT THREE: NEGLIGENCE OF MARLENA MAGEE

38.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

39.    The allegations of Paragraph 39 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

40.    Admitted on information and belief.

41.    The allegations of Paragraph 41 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

42.    The allegations of Paragraph 42 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

43.    The allegations of Paragraph 43 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

44.    The allegations of Paragraph 44 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations including sub-parts a. through b.

45.    The allegations of Paragraph 45 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

46.    The allegations of Paragraph 46 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

47.    The allegations of Paragraph 47 do not appear to be directed at State Auto and therefore no response is required.  If a response is required, State Auto denies the allegations.

## COUNT FOUR: UNINSURED/UNDERINSURED MOTORST CLAIM AGAINST STATE AUTO

48.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

49.    State Auto admits that it issued policy number BAP 2478889 01 (the "Policy"), which provides Uninsured Motorist coverage subject to the conditions, limitations, and exclusions set forth in the Policy.

50.    State Auto admits that premiums had been paid to State Auto in exchange for insurance coverage subject to the conditions, limitations, and exclusions set forth in the Policy.

51.    State Auto admits that the subject Policy was in effect during the coverage period stated in the Policy.

52.    Admitted.

53.    State Auto admits that the Policy provides Uninsured Motorist ("UM") coverage subject to the conditions, limitations, and exclusions set forth in the Policy.

54.    Admitted.

55.    Denied.

56.    State Auto admits that Plaintiffs have submitted a claim for UM benefits under the Policy but denies that they have submitted a "proof of claim" or are entitled to such coverage.

57.    State Auto admits that Plaintiffs have submitted certain medical records and bills, but State Auto is without sufficient knowledge or information to form a belief as to whether Plaintiffs have submitted all such records and bills and therefore denies same.

58.    Denied.

59.    Denied.

60.     State Auto admits only that Alfa Insurance Company has taken the position that Defendants E. Magee and M. Magee have an available liability limit of $50,000.

61.     Denied.

62.     Denied.

63.     Denied as stated.

64.     State Auto admits that it refused to waive its right of subrogation.  Otherwise, denied.

65.     State Auto admits that its UM limit is greater than the available liability limit of the Alfa policy, but State Auto denies that Plaintiffs are entitled to UM coverage under the Policy.

66.     Admitted.

67.     Admitted.

68.     Denied.

69.     Denied.

70.     Denied.

### COUNT FIVE: BAD FAITH – DEFENDANT STATE AUTO

71.     State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

72.     State Auto admits to only those duties imposed by law.

73.     Denied.

74.     Denied.

75.     Denied as stated.

76.     Denied.

77.    State Auto admits that it has refused to waive its right of subrogation and that part of the reason for such refusal is the existence of assets of Defendant Magee.  State Auto admits that it offered to provide the $50,000 equivalent of the Alfa policy limit to Plaintiffs provided State Auto would receive a credit against any judgment that implicates UM coverage and that Plaintiffs would repay State Auto for such sum if the judgment does not implicate UM coverage.   The remaining allegations of paragraph 77 are denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    State Auto denies that paragraph 87 contains an accurate and complete statement of the applicable law.  Therefore, State Auto denies the allegations of paragraph 87, including sub-parts a. through c.

88.    Denied, including sub-parts a. through e.

89.    Denied, including sub-parts a. through h.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

## COUNT SIX: BREACH OF CONTRACT—STATE AUTO

96.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

97.    Admitted.

98.    State Auto admits that Plaintiffs qualify as insureds under the UM coverage of the Policy, subject to the conditions, limitations, and exclusions set forth in the Policy.

99.    Denied.

100.    Denied.

101.    Denied.

102.    State Auto denies that paragraph 102 contains an accurate and complete statement of the applicable law.  Therefore, State Auto denies the allegations of paragraph 102, including sub-parts a. through k.

103.    State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 103 and therefore denies same.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied, including sub-parts a. through f.

108.    Denied.

109.    Denied.

## COUNT SEVEN: NEGLIGENCE AND/OR GROSS NEGLIGENCE OF STATE AUTO

110.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

111.    State Auto denies that paragraph 111 contains an accurate and complete statement of the applicable law and therefore denies same.

112.    Denied, including sub-parts a. through j.

113.    Denied.

114.    Denied.

115.    Denied.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY—STATE AUTO

116.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

117.    Denied.

118.    Denied.

119.    Denied.

## COUNT NINE: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING— STATE AUTO

120.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

121.    Denied.

122.    Denied.

## DAMAGES

123.    State Auto reasserts and incorporates by reference its responses to all the preceding paragraphs as if fully set forth herein.

{D1979371 1}

124.    Denied.

125.    Denied.

126.    State Auto is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 126 and therefore denies same.

127.    Denied.

128.    Denied.

## DEMAND FOR A JURY TRIAL

129.    Denied.

130.    Denied.

## PRAYER FOR RELIEF

State Auto denies the allegations of the unnumbered paragraph of the Amended Complaint on pages 24 to 25, beginning with "WHEREFORE," including sub-parts a. through m.

In response to the final, unnumbered paragraph of the Amended Complaint beginning with "WHEREFORE," State Auto denies that Plaintiff is entitled to any of the relief requested and moves the Court to dismiss this Amended Complaint with prejudice.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to State Auto in this matter. State Auto therefore asserts said defenses in order to preserve the right to assert them. State Auto reserves the right to amend this Answer. Further answering by way of defense and affirmative defense, State Auto states as follows:

## FIRST DEFENSE

Each and every material allegation of the First Amended Complaint that is not expressly admitted is denied, and strict proof is demanded thereof.

### SECOND DEFENSE

The existence of and amount of damages sought is contested and strict proof is demanded thereof.

### THIRD DEFENSE

State Auto denies that it breached any contract with Plaintiff.

### FOURTH DEFENSE

To the extent Plaintiffs claim entitlement to insurance proceeds, the insuring agreement of the Policy has not been met, the conditions precedent to coverage under the Policy have not been met, and/or Plaintiffs' claim is excluded under the terms of the Policy and/or applicable law.

### FIFTH DEFENSE

State Auto asserts that Plaintiff is not entitled to policy benefits under the Policy.

### SIXTH DEFENSE

There is no causal connection between the allegations against State Auto and the injuries and damages alleged in Plaintiffs' First Amended Complaint.

### SEVENTH DEFENSE

Plaintiffs are not entitled to the damages it alleges in the First Amended Complaint to the extent they breached a duty to mitigate any damages suffered.

### EIGHTH DEFENSE

State Auto pleads the affirmative defenses of waiver and estoppel.

### NINTH DEFENSE

All actions taken by State Auto with regard to this dispute were taken in good faith based on the claims made and the factual information provided to, and independently obtained by, State Auto during a good faith investigation of the claims.

## TENTH DEFENSE

State Auto invokes the provisions of Miss. Code Ann. Section 85-5-7.

## ELEVENTH DEFENSE

Plaintiff's claims for compensatory and/or punitive damages are strictly denied, and strict proof is demanded thereof.

## TWELVTH DEFENSE

State Auto pleads the affirmative defense of laches.

## THIRTEENTH DEFENSE

State Auto pleads the defense of setoff.

## FOURTEENTH DEFENSE

None of the facts relating to any action, determination, or conduct of State Auto involved in this dispute give rise to, or support, any claim or cause of action for contractual or extra-contractual liability in tort for bad faith, under statute, or otherwise.

## FIFTEENTH DEFENSE

All determinations made by State Auto with regard to this dispute were made in good faith based on the legitimate reading and application of the terms, provisions, exclusions, and obligations as defined in the applicable insurance policy.

## SIXTEENTH DEFENSE

State Auto denies that it acted with either malice or gross negligence in disregard of Plaintiffs' rights.

## SEVENTEENTH DEFENSE

Plaintiff's claims against State Auto should be severed from Plaintiff's claims against Eugene Magee, Jr., and Marlena Magee.

## EIGHTEENTH DEFENSE

State Auto affirmatively asserts that it had reasonable basis, factual and legal justification for its coverage decision with regard to Plaintiffs' claim.

## NINETEENTH DEFENSE

Any punitive damages award is impermissible under the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States of America.

## TWENTIETH DEFENSE

State Auto asserts that any award of exemplary or punitive damages would violate its due process rights and the constitutional safeguards under the Constitution of the United States of America and the Constitution of the State of Mississippi, and the following constitutional provisions, jointly and severally:

(a)    The Fifth Amendment to the Constitution of the United States of America;

(b)    The Sixth Amendment to the Constitution of the United States of America;

(c)    The Eighth Amendment to the Constitution of the United States of America;

(d)    The Tenth Amendment to the Constitution of the United States of America;

(e)    The Fourteenth Amendment to the Constitution of the United States of America;

(f)    Article Three, Section Fourteen of the Constitution of the State of Mississippi;

(g)    Article Three, Section Twenty-Nine of the Constitution of the State of Mississippi;

## TWENTY-FIRST DEFENSE

Plaintiffs' First Amended Complaint, and each count thereof, to the extent that it seeks exemplary or punitive damages, violates State Auto's right to procedural due process under the Fourteenth Amendment to the Constitution of the United States of America and under the

Constitution of Mississippi and therefore fails to state a cause of action under which either exemplary or punitive damages can be awarded.

## **TWENTY-SECOND DEFENSE**

Plaintiffs' First Amended Complaint, and each count thereof, to the extent that it seeks exemplary or punitive damages, violates State Auto's right to protection from excessive fines as provided in Article Four Section Twenty-Nine of the Constitution of Mississippi, and violates State Auto's right to substantive due process as provided in the Constitution of Mississippi, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## **TWENTY-THIRD DEFENSE**

Plaintiffs' First Amended Complaint fails to state a claim upon which exemplary or punitive damages can be awarded.

## **TWENTY-FOURTH DEFENSE**

State Auto asserts that Miss. Code Ann. Section 11-1-65, as amended, applies to this action to limit any award of punitive damages.

This, the 22nd day of August, 2022.

<div style="margin-left:50%">

Respectfully submitted,

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY

BY:   */s/ Tom Julian*
      OF COUNSEL

</div>

{D1979371.1}                     - 15 -

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:    601-969-1116

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2022, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Tom Julian
TOM JULIAN

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; STATE AUTOMOBILE**
**MUTUAL INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-10**                          **DEFENDANTS**

---

### NOTICE OF SERVICE OF DISCOVERY

---

   **NOTICE** is hereby given, pursuant to Rule 5(d) of the Mississippi Rules of Civil Procedure

that Defendants, Eugene Tommy Magee, Jr., have this date served in the above-entitled action the

following:

1.    *Defendant Eugene Tommy Magee, Jr.'s First Set of Interrogatories Propounded to State Automobile Mutual Insurance Company*

2.    *Defendant Eugene Tommy Magee, Jr.'s First Set of Requests for Production of Documents Propounded to State Farm Mutual Insurance Company*

The undersigned retains the original(s) of the above as custodian thereof.

DATED this the 23rd day of August, 2022.

                         Respectfully submitted,
                         EUGENE TOMMY MAGEE, JR.

                         BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.


                         BY:  /s/ Bradley R. McDill
                              BRADLEY R. MCDILL (MBN 102231)

OF COUNSEL:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*

## CERTIFICATE OF SERVICE

I, Bradley R. McDill, attorney for Defendant Eugene Tommy Magee, Jr., do hereby certify

that I have this date filed the foregoing *Notice of Service of Discovery* via the MEC filing system,

which sent notification of such filing to all counsel of record, including the following:

Tom Julian, Esq.
Daniel Coker Horton & Bell, P.A.
4400 Canton Road, Suite 400
Jackson, Mississippi 39215-1084

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
KHALAF & NGUYEN, PLLC
P.O. Box 320067
Flowood, Mississippi 39232

This the 23rd day of August, 2022.

/s/ Bradley R. McDill
BRADLEY R. MCDILL

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO
GOMEZ; AND FIDEL GOMEZ
                                                                    PLAINTIFFs

VS.                                                    CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.; MARLENA
MAGEE; STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; JOHN and JANE
DOE(S) 1-9
                                                                    DEFENDANTs

## ENTRY OF APPEARANCE

COMES NOW Jason H. Strong of the law firm of Daniel Coker Horton and Bell, P.A., and

enters his appearance as one of the attorneys for State Auto Property and Casualty Insurance

Company in the above-styled and numbered civil action.

This, the 6th day of October, 2022.

Respectfully submitted,

STATE AUTO PROPERTY AND CASUALTY
INSURANCE COMPANY

BY:    _/s/ Jason H. Strong_
              OF COUNSEL

JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:  601-969-1116

{D2001333.1}

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Jason H. Strong

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO
GOMEZ; AND FIDEL GOMEZ                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; STATE
AUTOMOBILE MUTUAL INSURANCE
COMPANY; JOHN and JANE DOE(S) 1-
9                                                        DEFENDANTS

**STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY'S
MOTION TO BIFURCATE, SEVER, AND STAY
BAD FAITH AND EXTRA-CONTRACTUAL CLAIMS, WITH
<u>INCORPORATED MEMORANDUM OF AUTHORITIES</u>**

COMES NOW, State Auto Property and Casualty Insurance Company (incorrectly named as "State Auto Mutual Insurance Company," hereinafter "State Auto"), by counsel, and files this its Motion to Bifurcate, Sever, and Stay Bad Faith and Extra-Contractual Claims, with Incorporated Memorandum of Authorities, as follows:

**I.    INTRODUCTION**

This action arises out of an automobile accident on January 9, 2021, on Interstate 55 in Copiah County.  Exh. A, Complaint.  Plaintiffs filed this action on June 4, 2021, alleging that the cause of the subject accident was Eugene Magee's negligent driving and Marlena Magee's negligent entrustment of the vehicle to Eugene Magee.  *Id.*  The initial Complaint alleges a garden variety car wreck claim.

On June 13, 2022, Plaintiffs filed their First Amended Complaint, which added State Auto as a defendant and alleged that State Auto breached its insurance

{D1993945.1}                                1

agreement and committed bad faith in the handling of the Plaintiffs' underlying underinsured motorist ("UIM") claims. Exh. B, Amended Complaint. However, the underlying UIM claims have not been resolved and are still open.

The underlying car wreck case against the Magees and the alleged breach of contract/bad faith/punitive damages case against State Auto are separate claims involving different evidence, legal standards, witnesses, and jury instructions. As such, the underlying tort claim against the Magees should be bifurcated and severed from the breach of contract, bad faith, and extra-contractual/punitive damages claims against State Auto and adjudicated in separate trials with separate juries. Moreover, simultaneously litigating the underlying car wreck UIM claim with the bad faith claim for punitive damages would unfairly prejudice State Auto and lead to significant unnecessary discovery disputes. Finally, the bad faith, extracontractual and punitive damages claims are premature in any event, as a jury may determine that Plaintiffs are entitled to no money on the underlying car wreck claims. For these reasons, the claims for extracontractual and punitive damages should not be litigated until the underlying UIM case is resolved, and they should be bifurcated, severed and stayed until such time.

## II. FACTS

Plaintiffs and the Magees were involved in a two-vehicle automobile accident on Interstate 55 in Copiah County on January 9, 2021. Exh. C, Accident Report. Plaintiffs allege that they sustained injuries in the subject accident as the result of the negligence of the Magees. Exh. A. The Magees have denied liability for the

subject accident and contend that the cause of the accident was the negligence of Patrick Warren, the driver of Plaintiffs' vehicle. Exh. D, Answer and Defenses of the Magees.

The Magees allegedly had $50,000 in liability insurance coverage issued by ALFA Insurance. Exh. B at ¶60. Plaintiffs allege that their medical expenses exceed $134,000. *Id.* at ¶62. Plaintiffs allege that they are entitled to UIM coverage under the State Auto policy. Exh. B at ¶49-70.

As to UIM, the pertinent terms of the policy with State Auto provide that State Auto will pay compensatory damages which Plaintiffs are legally entitled to recover from the operator of an uninsured[1] motor vehicle because of bodily injury caused by an accident. State Auto does not dispute that the coverage for UIM is in place; rather, the salient issue on these claims is whether, and to what extent, any amounts are owed.

Thus, the underlying tort claim against the Magees will proceed as a standard auto accident case. Plaintiffs must prove negligence against the Magees and establish such negligence proximately caused the compensatory damages (bodily injuries and necessary medical related expenses) they claim to have sustained. In the event the jury finds in Plaintiffs' favor on these issues, the UIM coverage will apply, subject to the applicable limits under the policy and credits available under

---

[1] Under the policy, the definition of an uninsured motor vehicle encompasses an "underinsured" motor vehicle, that is, a vehicle in which the applicable liability insurance limits are less than the total amount of UM coverage available to the claimant.

{D1993945.1}                                    3

Mississippi law. This will be an uncomplicated trial that is not substantively different than a garden variety tort action over an auto accident.

The claims for extracontractual and punitive damages will be much different, though. Plaintiffs allege in the Complaint that State Auto breached the insurance contract and that State Auto committed bad faith by "act[ing] fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs" in withholding UIM benefits. Exh. B at 78. Adjudication of these claims for extracontractual and punitive damages will necessarily hinge upon significantly different evidence than the underlying auto accident, including the information Plaintiffs provided to State Auto and the timing thereof, State Auto's claim handling, evaluation, and adjusting processes, the reasonableness of State Auto's decisions, and its motivations for them.

## III.  LAW AND ARGUMENT

### A.  The underlying tort claim must be severed from the bad faith and extra-contractual claims pursuant to *Hegwood v. Williamson*, 949 So. 2d 728 (Miss. 2007).

The Mississippi Supreme Court ruled that underlying tort claims should be severed from bad faith claims in *Hegwood v. Williamson*, 949 So. 2d 728 (Miss. 2007). In *Hegwood*, as in the present case, Williamson filed suit alleging that Hegwood was at fault for the automobile accident. Williamson also joined State Farm, who insured both Hegwood and Williamson, and asserted a bad faith claim against State Farm. *Id*. at 729. Hegwood moved to sever the tort claim against her from the bad faith claim against State Farm, but the trial court denied the motion. *Id*. at 729. On

appeal, the Mississippi Supreme Court reversed, finding that the trial court had abused its discretion in refusing to sever the claims.

The Supreme Court's reasoning is instructive to the present case for two reasons. First, the Court held that the two claims involved "distinct litigable events" that should have been severed:

> We find that the circuit court should have severed the claims. The third party tort claim against Williamson and the first party breach of contract and bad faith claims involve distinct litigable events. The claims against Williamson and State Farm arise out of separate allegations of wrongdoing occurring at separate times. While it is true that the genesis of both claims arose out of the accident, the two claims involve different factual issues and different legal issues. The car accident raises fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate causation, and damages). The breach of contract and bad faith claims raise fact issues of what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate. The negligence claim would be proven by different witnesses (the two drivers, eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management).

*Id.* at 731.

The same is true here. The claim against the Magees raise fact issues of how the accident occurred and legal issues of simple negligence. The breach of contract and bad faith claims raise completely different issues regarding Plaintiffs' alleged entitlement to UIM benefits, State Auto's handling of the UIM claim, and State Auto's

decision not to waive subrogation. As in *Hegwood*, the tort claim would be proven by

different witnesses than the bad faith claim.

Second, the Mississippi Supreme Court explained that the two claims should

have been severed because of Mississippi Rule of Evidence 411's prohibition against

introducing evidence that a person was insured:

> More importantly, Rule 411 of the Mississippi Rules of
> Evidence provides that "[e]vidence that a person was or
> was not insured against liability is not admissible upon the
> issue whether he acted negligently or otherwise
> wrongfully." Hegwood would be prejudiced if the jury
> learned of her insurance coverage while it was deciding
> liability and damages. The fact that Hegwood had
> insurance may be relevant to Williamson's breach of
> contract and bad faith claims against State Farm. The
> comments to Rule 411 provide further elucidation:
>
> One of the primary reasons for excluding evidence of
> insurance or the lack of it is to prevent the jury from
> deciding the case on improper grounds. Rule 411 reflects
> existing Mississippi practice. Evidence of the existence of
> defendant's insurance is irrelevant as to his negligence and
> admissions of such evidence may be grounds for a mistrial.

*Id*. at 731 (quoting Miss. R. Evid. 411).

As in *Hegwood*, trying the underlying tort claim with the bad faith claim would

be prejudicial to the Magees because the jury would learn of their insurance coverage

while it was deciding liability and damages.

In keeping with Hegwood, several Mississippi federal courts have found that

actions against insurers for extracontractual and punitive damages arising from

UM/UIM claims must be adjudicated separately from the underlying tort claims

concerning responsibility for compensatory damages. *See, e.g., Byrd v. Safeco Ins. Co.*

*of Ill.*, No. 1:19-cv-625-LG-RHW, 2019 WL 13199574 (S.D. Miss. Nov. 21, 2019);

*Hampton v. Frost*, No. 3:15-cv-576-CWR-FKB, 2015 WL 11233043 (S.D. Miss. Sept. 24, 2015); *Knight v. Smith*, No. 2:17-cv-54-KS-MTP, 2017 WL 2841329 (S.D. Miss. July 3, 2017).

In this vein, for State Auto to owe any amount to Plaintiffs under UIM provisions of the policy, Plaintiffs must first establish they are legally entitled to damages from the tortfeasors; that is, the tortfeasors were negligent and proximately caused their damages. In other words, Plaintiffs must prove a standard auto liability case. The evidence for the underlying tort claims will consist of proof commensurate with any other auto accident lawsuit: eyewitness testimony about how the accident occurred, admissible portions of the uniform crash report prepared by law enforcement, medical records and bills, and expert medical testimony about the cause and extent of Plaintiffs' alleged injuries. If damages are assessed by the jury that exceed the tortfeasors' liability insurance coverage, then Plaintiffs may recover that amount from State Auto up to the limit of the UIM coverage.

A trial for bad faith and extracontractual and punitive damages will be markedly different, both in the nature of the evidence and the legal standards. The battleground of those claims will concern the propriety of how State Auto handled and evaluated Plaintiffs' claims for benefits. Experts on claim handling and the relevant standards in the industry would likely be called by both parties. State Auto would undoubtedly call one or more employees as witnesses to explain their actions and thought processes. Litigating these claims "will require a great deal of evidence that is unrelated to the collision . . . [as] the claims involve different actors and

different legal standards." *Knight*, 2017 WL 2841329, at *2 (severing claims against insurer from underlying negligence claim against driver) (punctuation and capitalization omitted); *Hampton*, 2015 WL 11233043, at *2 (severing claims and observing "[t]he legal and factual issues surrounding the bad faith claim against State Farm will definitely involve different witnesses and evidence" than underlying auto negligence claim against driver).

The claims for extracontractual and punitive damages should also be severed away from the underlying claims because a common trial would be unworkable and rife with the potential for jury confusion. To this point, a joint trial of all claims would result in multiple minitrials involving distinct evidence and legal and factual issues.

The first phase would involve Plaintiffs' tort claim against the Magees. As referenced herein, this will require proof concerning the auto accident, with the jury determining who was negligent and whether (and to what extent) Plaintiffs sustained compensatory damages consisting of pain, suffering, and medical related expenses as a proximate result of the accident. If the jury finds in Plaintiffs' favor and determines damages at an amount above the tortfeasor's liability insurance limits, then they will have prevailed on their contractual claim for UIM benefits against State Auto.

In a common trial, it would then be necessary for the parties and Court to pivot and proceed to a second phase of trial, again on compensatory damages. The damages at issue will not have resulted from the auto accident, but rather from State Auto's alleged breach of contract by withholding payment UIM benefits until the underlying claim is adjudicated.

Should Plaintiffs prevail on the breach of contract claim for UIM benefits, then a third trial phase on the issue of bad faith and punitive damages could proceed, if applicable. Until that time, though, the jury would be shielded from any evidence pertaining to the issue of punitive damages under Mississippi Code Annotated Section 11-1-65: "a jury is, by express legislative design, insulated from both the issue and the evidence regarding punitive damages until after it has heard evidence concerning the basic issue of the culpability of the defendant, and rendered its verdict on the culpability issue. Then, and only then, if the jury has determined that compensatory damages are appropriate, may the jury hear the evidence concerning the issue of punitive damages." *Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 897 (Miss. 2006).

The claims for breach of contract, bad faith, and punitive damages would necessitate new, time-consuming trials much different in character and evidence from the trial of the underlying tort claim, which will proceed no differently in substance than a standard auto accident trial where liability and personal injuries are determined. In the two trial phases concerning extracontractual and punitive damages, each side would be tasked with making new opening statements and the daunting challenge of turning the jury's focus away from the auto accident and personal injury claims and upon Plaintiffs' subsequent dealings and interactions with State Auto. And as noted above, State Auto will be constrained to call one or more employees as witnesses to explain their actions, and expert testimony on claim handling standards will almost certainly be necessary. Plaintiffs' proof will likewise

be much different, as will the jury instructions the Court gives after the proof is concluded in each phase.

This gamut, particularly when viewed in the aggregate, poses a substantial risk of confusing the jury and the separate issues to be resolved. The claims for extracontractual and punitive damages should be bifurcated and severed from the underlying tort claim and stayed until the underlying tort claim is adjudicated.

**B.    The underlying tort claim must be severed from the bad faith and extra-contractual claim so that the jury does not learn of the existence of insurance.**

The underlying tort claim should also be severed from the bad faith and extra-contractual claims so that the jury does not know of the existence of insurance. In *Heflin v. Merrill*, 154 So. 3d 857, 861 (Miss. 2014), the Mississippi Supreme Court stated that it is "well established in this state that evidence of insurance or lack thereof may not be presented at a trial to show who would have to pay the judgment." (quoting *Capital City Ins. Co. v. G.B. "Boots" Smith Corp.*, 889 So.2d 505, 510 (Miss.2004)). Applying this principle in *Heflin*, the Court held,

> [I]n the context of [an underinsured motorist] trial, in which the circumstances of the underlying accident are the focus, . . . the insurer's identity is ordinarily irrelevant," and "[w]hether the jury knows the underinsured motorist insurer's identity should have no impact on its evaluation of the extent of the plaintiff's injuries." This reasoning is highly persuasive.

*Id.* at 861 (quoting *Bardis v. First Trenton Ins. Co.*, 199 N.J. 265 (2009)).

The Court thus held that the trial court had properly excluded any reference to the UM carrier during the trial. *Id.* at 864.

In the present case, if the underlying tort claim is not severed from the bad faith/extra-contractual claims, it would be impossible to prevent the jury from learning of the existence of UIM coverage and, by extension, the Magees' liability insurance coverage. Indeed, State Auto's very presence at the trial would run afoul of *Heflin*. The only workable solution is to sever the underlying tort claims and the bad faith/extra-contractual claims.

> **C.    Even if not severed, the claims for extracontractual and punitive damages should be stayed**.

The Court should also stay the claims for extracontractual and punitive damages pending adjudication of the UIM claims, even if the Court declines to sever these claims. Multiple reasons justify these claims being stayed notwithstanding severance.

First, the scope of discovery will be unfairly prejudicial to State Auto if the punitive damages claim proceeds simultaneously with the underlying tort claim. For instance, State Auto's claim evaluation, claim notes, and other materials related to Plaintiffs' UIM claims are not relevant to the tort claim, but might be discoverable by virtue of the parallel punitive damages claim for bad faith. It would be unjust for the bad faith claim to operate as a device through which Plaintiffs can discover information that they otherwise would not be entitled to. This inequity would equally apply to the scope of discovery during any depositions of State Auto employees. Simultaneous litigation of the claims would invariably spawn time consuming and

expensive discovery skirmishes that the Court will be required to sort out. A stay would avoid all of this.

Second, even if Plaintiffs are unable to use the bad faith claim as a sword in discovery, simultaneous litigation of all claims will force State Auto into a Hobson's choice over the evidence it produces. For instance, to adequately defend against the bad faith and punitive damages claims, State Auto would need to produce evidence that relates to its decision-making process on the UIM claim. This evidence, though, will also reveal how State Auto has evaluated the UIM claim from a monetary standpoint, thereby prejudicing State Auto's defense of the primary claim in this lawsuit. The only practical solution is to stay the extracontractual and punitive damages claims until the underlying tort claim is adjudicated.

Third, the claims for extracontractual and punitive damages are indisputably premature since the underlying tort claims remain open and unresolved. A claim of bad faith does not exist unless there is a determination that coverage was in fact owed. See *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008); see also JEFFREY JACKSON & D. JASON CHILDRESS, MISSISSIPPI INSURANCE LAW AND PRACTICE §13:2 ("Prevailing on the contract claim is a condition precedent to prevailing on the claim of bad faith. If the insurer did not owe the claim, the insurer is not guilty of bad faith by not paying it or in delaying payment."). No party will benefit from litigating claims for extracontractual and punitive damages that have not, and may never, materialize. Staying these claims

will prevent both sides from incurring significant unnecessary expenses and improvidently utilizing the Court's resources.

Finally, a stay is supported by several Mississippi federal court opinions that have addressed this issue. In *Meynard v. Am. Fire & Cas. Co.*, No. 1:15-cv-341-HSO-JCG, Judge Sul Ozerden stayed Meynard's claims for bad faith, extracontractual and punitive damages pending the conclusion of her underlying claims for UIM and Med Pay benefits. Exh. E at p. 13. Judge Ozerden reasoned a stay was appropriate because Meynard's claims for extracontractual and punitive damages were premature and, further, that the insurer defendants would be prejudiced by simultaneous discovery. *Id.* ("[I]t would be prejudicial to Defendants to allow Plaintiff to discover information in the bad faith case that pertains to, but would not be discoverable in, the state court determination of coverage case."). Magistrate Judge Robert H. Walker stayed claims for bad faith and punitive damages for the same reasons in *Dempsey v. Safeco Ins. Co. of Ill.*, No. 3:18-cv-822-TSL-RHW. Exh. F at p. 2; *see also Hodges v. Safeco Ins.* Co., No. 2:19-cv-79-KS-MTP, 2019 WL 13201919, at *2 (S.D. Miss. Nov. 25, 2019) (claims for extracontractual and punitive damages based on alleged bad faith stayed and severed from underlying claim for breach of contract/UIM benefits).

## Conclusion

For the foregoing reasons, State Auto requests the Court grant its motion, bifurcating and severing the claims for extracontractual and punitive damages from the underlying tort claims. State Auto further requests the Court stay the claims for

extracontractual and punitive damages.  State Auto requests any other relief the Court deems appropriate.

This, the 10th day of October, 2022.

Respectfully submitted,

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY


BY:   */s/ Tom Julian*
        OF COUNSEL


TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2022, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Tom Julian

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 185 of 330

Case: 15CI1:21-cv-00317-THI    Document #: 27-1    Filed: 10/10/2022    Page 1 of 9
Case: 15CI1:21-cv-00317    Document #: 2    Filed: 06/04/2021    Page 1 of 9

# IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                      **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                    CIVIL ACTION NO.: 2021-037

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; AND**                                       **DEFENDANTS**
**JOHN and JANE DOE(S) 1-10**

### COMPLAINT

COMES NOW, the Plaintiffs, Patrick Warren, Baldomero Gomez, and Fidel Gomez and their attorney, file this Complaint against the Defendants, and in support of this suit, Plaintiffs would show the following facts and respectfully allege as follows, to-wit:

### NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1. This is a civil action for personal injuries suffered by Plaintiff Patrick Warren (hereinafter "Warren" and collectively "Plaintiffs"), Plaintiff Baldomero Gomez (hereinafter "B. Gomez" and collectively "Plaintiffs"), and Plaintiff Fidel Gomez (hereinafter "F. Gomez" and collectively "Plaintiffs") against Defendant Eugene Tommy Magee, Jr. (hereinafter "E. Magee" and collectively "Defendants"), Defendant Marlena Magee (hereinafter "M. Magee" and collectively "Defendants"), and John and Jane Doe(s) 1-10.

2. This action arises out of a motor vehicle accident on or about January 9, 2021, on Interstate 55 North in Copiah County, Mississippi, in which a black 2008 Infiniti, VIN # JNKBV61E68M222990, driven by Defendant E. Magee and owned by M. Magee, caused the wreck with Plaintiffs.

**FILED**

JUN 04 2021





Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 186 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-1    Filed: 10/10/2022    Page 2 of 9
Case: 15CI1:21-cv-00317    Document #: 2    Filed: 06/04/2021    Page 2 of 9

3. Plaintiffs were also traveling on Interstate 55 North in a gray 2015 GMC Duramax Denali Z71 4x4 pickup truck, VIN # 1GT120E88FF651198. The pickup was driven by Warren along with passengers B. Gomez and F. Gomez.

4. Plaintiffs were traveling in the left-hand lane when, without warning, Defendant E. Magee smashed into the rear passenger side of Plaintiffs' pickup truck.

5. Plaintiffs' pickup truck flipped several times, collided with the barrier cables, and finally came to a resting place on top of the barrier cables facing southwest.

6. F. Gomez was ejected from the pickup truck during the horrific crash, while Warren and B. Gomez were tossed around inside of the pickup truck.

7. Plaintiffs were transported by ambulance to Copiah Medical Center in Hazlehurst, Copiah County, Mississippi, for their injuries.

8. F. Gomez was later airlifted to the University of Mississippi Medical Center in Jackson, Hinds County, Mississippi, for numerous injuries, where he remained for some time.

9. The GMC Duramax Denali Z71 was a total loss.

10. Defendants' negligence was the factor in causing Plaintiffs' injuries and property damage.

## PARTIES

11. Plaintiff incorporates, restates, and adopts all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

12. Plaintiff Patrick Warren is an adult resident citizen of Copiah County, Mississippi, whose address is 2189 E. Whitworth Street, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 187 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-1    Filed: 10/10/2022    Page 3 of 9
Case: 15CI1:21-cv-00317    Document #: 2    Filed: 06/04/2021    Page 3 of 9

13. Plaintiff Baldomero Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

14. Plaintiff Fidel Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address

15. Defendant Eugene Tommy Magee, Jr., was the driver of the vehicle that caused the accident. Defendant E. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647.

16. Defendant Marlena Magee, upon information and belief, was and is the owner of the vehicle that caused the accident. Defendant M. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 3964

17. Defendants John and Jane Does # 1-10 are unknown individuals and/or entities liable to Plaintiffs for the acts and omissions as alleged herein. The names and capacities of Defendants John and Jane Does # 1-10 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiffs allege upon information and belief each of the Defendants designated herein is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, and/or in some other manner whether alleged herein in this

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 188 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-1    Filed: 10/10/2022    Page 4 of 9
Case: 15CI1:21-cv-00317    Document #: 2    Filed: 06/04/2021    Page 4 of 9

Complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused the injury and damages occasioned to Plaintiffs herein.

## JURISDICTION AND VENUE

18. Plaintiffs incorporate, restate, and adopt all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

19. This Court has jurisdiction over this matter since this civil action arises from the negligent acts, omissions and/or misrepresentations of Defendants committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.

20. Venue is proper in Copiah County, Mississippi as all or substantial part of the events or omissions giving rise to this claim occurred in Copiah County.

## NEGLIGENCE

## NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR

21. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

22. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

23. Defendant E. Magee breached his duty of care on or about January 9, 2021, when he failed to operate his vehicle in a lawful, prudent and proper manner, failed to maintain a proper lookout, failed to yield the right of way, failed to maintain reasonable control of his vehicle, failed to take reasonable steps to avoid the

4

Case 3:23-cv-00073-TSL-MTP     Document 2     Filed 01/27/23     Page 189 of 330
Case: 15CI1:21-cv-00317-THI     Document #: 27-1     Filed: 10/10/2022     Page 5 of 9
Case: 15CI1:21-cv-00317     Document #: 2     Filed: 06/04/2021     Page 5 of 9

subject vehicular collision, and committed other general acts of negligence, all of which were the proximate cause of the collision.

24. But for Defendant E. Magee's negligence, Plaintiffs would not have been hit and injured.

25. Such failures constitute a careless and reckless operation by Defendant E. Magee of his motor vehicle.

## NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR AS A MATTER OF LAW

26. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

27. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

28. Defendant E. Magee violated the Motor Vehicles and Traffic Regulations of the State of Mississippi.

29. Specifically, Defendant E. Magee violated the following statutes of the Mississippi Code 1972 Annotated:

  a. § 63-3-401: Duties of driver involved in accident resulting in personal injury or death;

  b. §63-3-403: Duties of driver involved in accident resulting in property damage to attended vehicle;

  c. §63-3-619: Distances to be maintained between traveling vehicles;

  d. §63-3-1201: Reckless driving; and

  e. §63-3-1213: Careless driving.

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 190 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-1    Filed: 10/10/2022    Page 6 of 9
Case: 15CI1:21-cv-00317    Document #: 2    Filed: 06/04/2021    Page 6 of 9

30. Defendant E. Magee owed a duty to Plaintiffs to abide by the laws of the State of Mississippi, especially the specific statutes listed herein.

31. Each statute named herein provides for a criminal penalty.

32. The standard of conduct required by each individual statute is clearly defined within the statute.

33. Defendant E. Magee breached the standard of conduct required by each statute listed herein.

34. Finally, each individual statute was designed to protect a specific type of person from a specific harm.

35. Plaintiffs fall within each statue's class of protection, and each statute protects against the type of harm suffered by Plaintiffs.

36. Therefore, as a direct, immediate, and proximate result of Defendant E. Magee's negligence as a matter of law, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, lost wages, mental anguish, and property damage, along with other damages to be proven at trial of this matter.

## NEGLIGENCE OF DEFENDANT MARLENA MAGEE

37. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

38. Negligence is also imputed to Defendant M. Magee, in addition to Defendant E. Magee's negligence acts as set forth in paragraphs 21 through 35.

39. On or about January 9, 2021, Defendant M. Magee was and is believed to be the owner of the vehicle that Defendant E. Magee was driving.

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 191 of 330
Case: 15CI1:21-cv-00317-THI      Document #: 27-1    Filed: 10/10/2022    Page 7 of 9
Case: 15CI1:21-cv-00317      Document #: 2    Filed: 06/04/2021    Page 7 of 9

40. Defendant M. Magee was reckless, careless, and negligent in the ownership and operation of her vehicle.

41. Defendant M. Magee owed a duty of care to ensure that responsible drivers drove her vehicle.

42. The negligence of Defendant M. Magee on the occasion complained, consisted of breaching individually and collectively all of the aforementioned duties.

43. Defendant M. Magee was negligent by:

    a.  Failure to have her vehicle operated in a safe and reasonable manner; and

    b.  Failure to have her vehicle operated in compliance with state and local traffic laws.

44. But for Defendant M. Magee's negligence, Plaintiffs would not have been hit and injured.

45. The above-described damages and injuries are due to, caused and occasioned by the above set forth acts of negligence on the part of Defendant M. Magee.

46. By such acts and omission as described herein above, Defendant M. Magee acted with a negligence and total disregard for the safety of Plaintiffs and other drivers on the roads, thereby rendering Defendant M. Magee liable for damages, actual and compensatory.

## DAMAGES

47. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 192 of 330
Case: 15Cl1:21-cv-00317-THI    Document #: 27-1    Filed: 10/10/2022    Page 8 of 9
Case: 15Cl1:21-cv-00317    Document #: 2    Filed: 06/04/2021    Page 8 of 9

48. As a direct and proximate result of Defendants' careless, reckless and negligent acts, Plaintiffs have suffered injuries to their person. Plaintiffs have further experienced pain and suffering due to their injuries.

49. Plaintiffs have also incurred loss of enjoyment of life, duties under duress, and other damages, all of which will be proven at trial of this matter. Such injuries entitle Plaintiffs to recover of, from, and against Defendants.

50. The GMC Duramax Denali 7.71 was a total loss.

51. As a direct and proximate result of said collision, Plaintiffs would further show that their injuries from the collision have required treatment by medical providers. Such treatment has caused them to suffer great pain, shock, weakness and intense mental anguish. Defendants' negligent acts and/or omissions have directly caused Plaintiffs to incur medical bills, and they may incur further such expenses in the future.

52. The above-described damage and injuries are due to, caused and occasioned by the above set forth acts of negligence and gross negligence all on the part of the Defendants.

## DEMAND FOR A JURY TRIAL

53. Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs sue and demand from Defendants:

    a. actual, compensatory, and statutory damages;

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 193 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-1    Filed: 10/10/2022    Page 9 of 9
Case: 15CI1:21-cv-00317    Document #: 2    Filed: 06/04/2021    Page 9 of 9

b. consequential, incidental and punitive damages in an amount to be determined by the trier of fact;

c. pre-judgment and post-judgment interest as allowed by law;

d. injunctive relief;

e. all expenses and costs of this civil action, including an award of attorneys' fees as allowed by law;

f. an award of taxable costs; and

g. any and all such further relief as the Court and the jury deem just and proper.

This the 4th day of June, 2021.

RESPECTFULLY SUBMITTED,
PATRICK WARREN,
BALDOMERO GOMEZ, AND
FIDEL GOMEZ

BY: _____
JAD JAMAL KHALAF
Attorney for Plaintiffs

ATTORNEYS FOR PLAINTIFFS:

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
         Jackson, Mississippi 39201
Mailing: Post Office Box 320067
         Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Jad@601Attorney.com
Ammie@601Attorney.com

IN THE CIRCUIT COURT
OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERO GOMEZ; AND                              **PLAINTIFFS**
FIDEL GOMEZ

VS.                                               CIVIL ACTION NO.: 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE;
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; AND                            **DEFENDANTS**
JOHN and JANE DOE(S) 1-9

<u>**FIRST AMENDED COMPLAINT**</u>
<u>**(JURY TRIAL DEMANDED)**</u>

COMES NOW, the Plaintiffs, Patrick Warren, Baldomero Gomez, and Fidel

Gomez and their attorney, file this First Amended Complaint against the Defendants, and

in support of this suit, Plaintiffs would show the following facts and respectfully allege as

follows, to-wit:

<u>**NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK**</u>

1. This is a civil action for personal injuries suffered by Plaintiff Patrick Warren

   (hereinafter "Warren" and collectively "Plaintiffs"), Plaintiff Baldomero Gomez

   (hereinafter "B. Gomez" and collectively "Plaintiffs"), and Plaintiff Fidel Gomez

   (hereinafter "F. Gomez" and collectively "Plaintiffs") against Defendant Eugene

   Tommy Magee, Jr. (hereinafter "E. Magee" and collectively "Defendants"),

   Defendant Marlena Magee (hereinafter "M. Magee" and collectively

   "Defendants"), Defendant State Automobile Mutual Insurance Company

   (hereinafter "State Auto" and collectively "Defendants"), and John and Jane

   Doe(s) 1-10.



2. This action arises out of a motor vehicle accident on or about January 9, 2021, on Interstate 55 North in Copiah County, Mississippi, in which a black 2008 Infiniti, VIN # JNKBV61E68M222990, driven by Defendant E. Magee and owned by M. Magee, caused the wreck with Plaintiffs.

3. Plaintiffs, while operating their vehicle in a lawful and safe manner, were also traveling on Interstate 55 North in a gray 2015 GMC Duramax Denali Z71 4x4 pickup truck, VIN # 1GT120E88FF651198.  The pickup was driven by Warren along with passengers B. Gomez and F. Gomez.

4. Plaintiffs were traveling in the left-hand lane when, without warning, Defendant E. Magee smashed into the rear passenger side of Plaintiffs' pickup truck.

5. Plaintiffs' pickup truck flipped several times, collided with the barrier cables, and finally came to a resting place on top of the barrier cables facing southwest.

6. F. Gomez was ejected from the pickup truck during the horrific crash, while Warren and B. Gomez were tossed around inside of the pickup truck.

7. Plaintiffs were transported by ambulance to Copiah Medical Center in Hazlehurst, Copiah County, Mississippi, for their injuries.

8. F. Gomez was later airlifted to the University of Mississippi Medical Center in Jackson, Hinds County, Mississippi, for numerous injuries, where he remained for some time.

9. The GMC Duramax Denali Z71 was a total loss.

10. Defendants' negligence was the factor in causing Plaintiffs' injuries and property damage.

## PARTIES

11. Plaintiff incorporates, restates, and adopts all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

12. Plaintiff, Patrick Warren is an adult resident citizen of Copiah County, Mississippi, whose address is 2189 E. Whitworth Street, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

13. Plaintiff, Baldomero Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

14. Plaintiff, Fidel Gomez is an adult resident citizen of Copiah County, Mississippi, whose address is 108 Word Lane, City of Hazlehurst, Copiah County, Mississippi 39083, who can be served at this address.

15. Defendant, Eugene Tommy Magee, Jr., was the driver of the vehicle that caused the accident. Defendant E. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647.

16. Defendant, Marlena Magee, upon information and belief, was and is the owner of the vehicle that caused the accident. Defendant M. Magee's address is believed to be 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 3964.

17. Defendant, State Automobile Mutual Insurance Company, is an Ohio company with its principal place of business located at 518 East Broad Street, Columbus, Ohio 43215. State Auto may be served with process of service upon its registered agent, United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

18. Defendants John and Jane Does # 1-9 are unknown individuals and/or entities liable to Plaintiffs for the acts and omissions as alleged herein. The names and capacities of Defendants John and Jane Does # 1-9 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiffs allege upon information and belief each of the Defendants designated herein is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused the injury and damages occasioned to Plaintiffs herein.

## JURISDICTION AND VENUE

19. Plaintiffs incorporate, restate, and adopt all of the allegations contained in the preceding paragraphs of this Complaint as if stated herein.

20. This Court has jurisdiction over this matter since this civil action arises from the negligent acts, omissions and/or misrepresentations of Defendants committed in whole or in part in the State of Mississippi against residents of the State of Mississippi.

21. Venue is proper in Copiah County, Mississippi, pursuant to Mississippi Code 1972 Annotated § 11-11-3, as amended, as all or substantial part of the events or omissions giving rise to this claim occurred in Copiah County.

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE OF
### DEFENDANT EUGENE TOMMY MAGEE, JR

22. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

23. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

24. Defendant E. Magee breached his duty of care on or about January 9, 2021, when he failed to operate his vehicle in a lawful, prudent and proper manner, failed to maintain a proper lookout, failed to yield the right of way, failed to maintain reasonable control of his vehicle, failed to take reasonable steps to avoid the subject vehicular collision, and committed other general acts of negligence, all of which were the proximate cause of the collision.

25. But for Defendant E. Magee's negligence, Plaintiffs would not have been hit and injured.

26. Such failures constitute a careless and reckless operation by Defendant E. Magee of his motor vehicle.

### COUNT TWO: NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR AS A MATTER OF LAW

27. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

28. The subject collision and resulting damages were proximately caused by Defendant E. Magee's negligent acts with no contributory negligence on behalf of Plaintiffs.

29. Defendant E. Magee violated the Motor Vehicles and Traffic Regulations of the State of Mississippi.

30. Specifically, Defendant E. Magee violated the following statutes of the Mississippi Code 1972 Annotated:

    a. § 63-3-401: Duties of driver involved in accident resulting in personal injury or death;

    b. §63-3-403: Duties of driver involved in accident resulting in property damage to attended vehicle;

    c. §63-3-619: Distances to be maintained between traveling vehicles;

    d. §63-3-1201: Reckless driving; and

    e. §63-3-1213: Careless driving.

31. Defendant E. Magee owed a duty to Plaintiffs to abide by the laws of the State of Mississippi, especially the specific statutes listed herein.

32. Each statute named herein provides for a criminal penalty.

33. The standard of conduct required by each individual statute is clearly defined within the statute.

34. Defendant E. Magee breached the standard of conduct required by each statute listed herein.

35. Finally, each individual statute was designed to protect a specific type of person from a specific harm.

36. Plaintiffs fall within each statue's class of protection, and each statute protects against the type of harm suffered by Plaintiffs.

37. Therefore, as a direct, immediate, and proximate result of Defendant E. Magee's negligence as a matter of law, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, lost wages, mental anguish, and property damage, along with other damages to be proven at trial of this matter.

**COUNT THREE: NEGLIGENCE OF DEFENDANT MARLENA MAGEE**

38. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

39. Negligence is also imputed to Defendant M. Magee, in addition to Defendant E. Magee's negligence acts as set forth in paragraphs 21 through 35.

40. On or about January 9, 2021, Defendant M. Magee was and is believed to be the owner of the vehicle that Defendant E. Magee was driving.

41. Defendant M. Magee was reckless, careless, and negligent in the ownership and operation of her vehicle.

42. Defendant M. Magee owed a duty of care to ensure that responsible drivers drove her vehicle.

43. The negligence of Defendant M. Magee on the occasion complained, consisted of breaching individually and collectively all of the aforementioned duties.

44. Defendant M. Magee was negligent by:

    a.  Failure to have her vehicle operated in a safe and reasonable manner; and

    b.  Failure to have her vehicle operated in compliance with state and local traffic laws.

45. But for Defendant M. Magee's negligence, Plaintiffs would not have been hit and injured.

46. The above-described damages and injuries are due to, caused and occasioned by the above set forth acts of negligence on the part of Defendant M. Magee.

47. By such acts and omission as described herein above, Defendant M. Magee acted with a negligence and total disregard for the safety of Plaintiffs and other drivers on the roads, thereby rendering Defendant M. Magee liable for damages, actual and compensatory.

## COUNT FOUR: UNINSURED/UNDERINSURED MOTORIST CLAIM AGAINST DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

48. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

49. Prior to the time of the subject incident, Defendant State Auto issued an insurance policy, which provided certain uninsured/underinsured motorist benefits.

50. The premiums had been paid to Defendant State Auto in exchange for insurance coverage.

51. At all relevant times herein, the insurance policy issued by Defendant State Auto was in place at the time of the subject incident.

52. It is believed that Defendant State Auto does possess the original of the insurance policy.

53. The insurance policy issued by Defendant State Auto included uninsured/underinsured motorist coverage.

54. Plaintiffs qualify as insureds under the insurance policy issued by Defendant State Auto.

55. Plaintiffs qualify as uninsured/underinsured motorists under the insurance policy issued by Defendant State Auto.

56. Plaintiffs have submitted to Defendant State Auto proper proof of claim for uninsured/underinsured motorist benefits.

57. Plaintiffs have submitted to Defendant State Auto all of their medical records and medical bills associated with injuries sustained in this complaint.

58. Plaintiffs have submitted to Defendant State Auto proper proofs of claim establishing the uninsured/underinsured status of Defendants E. Magee and M. Magee.

59. Defendants E. Magee and M. Magee qualify as uninsured/underinsured motorists per the insurance policy issued by Defendant State Auto.

60. Defendants E. Magee and M. Magee had a policy for $50,000 per accident.

61. Plaintiffs are entitled to uninsured/underinsured motorist benefits from Defendant State Auto.

62. Plaintiffs' medical expenses are in excess of $134,000.00.

63. Defendants E. Magee and M. Magee were willing to tender the policy limits of $50,000 to Plaintiffs if Defendant State Auto agreed to waive its right of subrogation.

64. Defendant State Auto has adamantly refused, over and over, to waive its right of subrogation.

65. On information and belief, the limits of uninsured/underinsured motorist coverage available to Plaintiffs are greater than the liability limits available thereby "triggering" coverage under the uninsured/underinsured motorist coverage policy issued by Defendant State Auto.

66. Plaintiffs have demanded policy limits from Defendant State Auto.

67. Defendant State Auto has refused to tender policy limits.

68. Defendant State Auto, for one thing, took issue with Plaintiff F. Gomez being transported from one hospital to another hospital via air.

69. This refusal to tender the policy limits is but actually part of an institutionalized, systematic practice by Defendant State Auto in its claims handling in uninsured/underinsured claims, taught, applied, monitored, and/or tracked for purpose of increasing the company's profits by not tendering the full benefits due Plaintiffs under the insurance policy.

70. Accordingly, Defendant State Auto is a proper party Defendant.

### COUNT FIVE: BAD FAITH – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

71. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

72. Plaintiffs would show that Defendant State Auto owes a duty of good faith and fair dealing with Plaintiffs.

73. Plaintiffs have submitted complete and proper proofs of claim establishing the underinsured states of Defendants E. Magee and M. Magee.

74. Plaintiffs have submitted proper proof of claim establishing that the submitted claim is worth all available uninsured motorist coverage insurance coverage.

75. Defendants E. Magee and M. Magee were willing to tender the policy limits of $50,000 to Plaintiffs if Defendant State Auto agreed to waive its right of subrogation.

76. Defendant State Auto had a duty to exercise good faith in dealing with Plaintiffs but did not exercise good faith.

77. Defendant State Auto refused to waive its right of subrogation with respect to the underinsured motorists claim because it was under the impression that Defendant E. Magee has land against which Defendant State Auto may pursue in the event a jury were to return a verdict that implicates the underinsured motorists' benefits. But Defendant State Auto was only going to front the $50,000 equivalent to the bodily injury limits under Defendant E. Magee's insurance policy under the following conditions:

    a. Defendant State Auto will receive a credit against any judgment that implicates underinsured motorists' coverage; and

    b. Plaintiffs will repay Defendant State Auto for the money fronted in the event the judgment does not implicate payment under the underinsured motorists' coverage.

78. By refusing to provide benefits of coverage and payment of valid claims under the subject policy or policies, Defendant State Auto acted fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs with conscious disregard for Plaintiffs' rights under the law and under the subject policy or policies, and with the intent and design of benefiting Defendant State Auto financially, of harassing Plaintiffs, of avoiding payment of amounts due for the valid claim of Plaintiffs,

and of causing or willfully disregarding the probability of causing severe emotional distress to Plaintiffs.

79. Defendant State Auto has refused to provide full coverage or benefits under the subject policy or policies, knowing that Plaintiffs are financially and emotionally distressed by reason of Defendant State Auto's refusal to provide coverage and to pay the benefits due under the policy or policies, which has caused hardship and suffering to Plaintiffs.

80. To date, Defendant State Auto has, in bad faith, forced Plaintiffs to continue litigating their case.

81. To date, Defendant State Auto has, in bad faith, refused to waive its right of subrogation.

82. To date, Defendant State Auto has, in bad faith, refused to accept that the medical doctors had Plaintiff F. Gomez air lifted from one hospital to another hospital due to the severity of his injuries that he sustained after being ejected from the vehicle.

83. To date, Defendant State Auto has, in bad faith, not tendered the policy limits.

84. Defendant State Auto has, in bad faith, disregarded the proof and has arbitrarily and capriciously failed to evaluate the damages and claim submitted in violation of its duties under the policy insurance and Mississippi law.

85. The bad faith of Defendant State Auto is evidenced by the actions set forth in the paragraphs above and below.  Nevertheless, acting with conscious disregard for Plaintiffs rights and with the intention of causing or willfully disregarding the probability of causing unjust hardship on Plaintiffs, Defendant State Auto

willfully refused to tender the policy limits and withheld monies rightfully due Plaintiffs. Defendant State Auto further willfully refused to tender the policy limits, even after Plaintiffs provided State Auto will all of the medical records and bills in excess of $134,000.00. Defendant State Auto lacked an arguable or legitimate basis in law and fact for its refusal and failure to tender the policy limits, and Defendant State Auto knew there was no arguable, legitimate, or justifiable basis for its refusal and failure to tender the policy limits.

86. Defendant State Auto's bad faith refusal to simply tender the benefits to which Plaintiffs are due is part and parcel of its application of a company-wide procedure applied by this particular company to increase its profits by systematically underpaying or refusing to pay the policy limits by making it too expensive for Plaintiffs (and his/her attorney) to litigate the case.

87. At all material times, Defendant State Auto owed to Plaintiffs, as claimants and insureds under the policy, non-delegable, express, and implied duties, to at all times and in all things, act in good faith and with fair dealing toward Plaintiffs. Along with the implied duty of good faith and fair dealing, Defendants owed at all times a duty to:

    a. Investigate the claim with the interest of the insureds in mind and keeping the Plaintiffs informed every step of the way;

    b. Give as much if not more consideration to the financial interests of Plaintiffs, than they gave to their own financial interests; and

    c. Perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation.

88. The course of conduct of Defendant State Auto as described above, was deliberately undertaken and was in willful, wanton, and reckless disregard of the rights and well-being of Plaintiffs and was attended by malice and vindictiveness on the part of Defendant State Auto in that Defendant State Auto:

    a. Willfully failed to waive subrogation;

    b. Willfully failed to tender the payment of underinsured benefits owed to Plaintiffs;

    c. Willfully failed to investigate with reasonable promptness, all relevant information and make a realistic evaluation of Plaintiffs' claim;

    d. Willfully failed to investigate, adjust, and pay Plaintiffs' claim in a reasonably prompt manner;

    e. Willfully failed to evaluate each and every issue of Plaintiffs' underinsured motorists benefits claim, to give at leas equal consideration to the interest of Plaintiffs which Defendant rendered unto itself;

89. Defendant State Auto willfully breached the following duties owed to Plaintiffs, despite knowing of the hardship and suffering imposed upon Plaintiffs:

    a. To investigate Plaintiffs' underinsured motorists claim with reasonable promptness;

    b. To make a reasonable/realistic evaluation of Plaintiffs' underinsured motorists claim;

    c. To promptly pay Plaintiffs' covered underinsured motorists claim;

    d. To tender payment to Plaintiffs the undisputed portion of Plaintiffs' underinsured motorist claim as soon as it was evaluated;

    e.  To promptly advise Plaintiffs in writing of all valid reasons why Plaintiffs'
underinsured motorists claim was evaluated for less than policy limits and
the reason(s) for denying to waive its subrogation rights;

    f.  To promptly advised Plaintiffs of the process which Defendant State Auto
would follow to adjust Plaintiffs' claim, including:

        i.  Any information or documents needed from Plaintiffs;

        ii.  The time schedule to investigate and evaluate Plaintiffs'
underinsured claim;

        iii.  The coverage limitations or exclusions which applied to Plaintiffs'
underinsured claim.

    g.  To honor its duty to look after the interest of Plaintiffs, as its insured, at
least to the same extent as its own;

    h.  To act in good faith and deal fairly with Plaintiffs.

90. Defendant State Auto's breaches of contract and duties result from an intentional
wrong, insult, or abuse as well as from, such gross negligence as to constitute an
intentional and independent tort.

91. By refusing to provide benefits of coverage in payment of valid claims under the
subject policy or policies, Defendant State Auto acted fraudulently, oppressively,
maliciously, and outrageously toward Plaintiffs with conscious disregard for
Plaintiffs' rights under the law and with the intent and design of benefiting
Defendant State Auto financially, of harassing Plaintiffs, of discouraging
Plaintiffs from asserting valid claims, of avoiding payment of amounts due for the

valid claim, and of causing or willfully disregarding the probability of causing severe emotional distress to Plaintiffs.

92. Defendant State Auto has deprived Plaintiffs of the benefits justly due under the subject policy or policies when Defendant State Auto knew or should have known that those benefits were due, owing, and needed by Plaintiffs.

93. In addition to all damages owed under the policy, for this bad faith refusal to settle and/or tender the benefits to which Plaintiffs are due, Plaintiffs seek all available compensatory and punitive damages to punish Defendant State Auto and serve as an example to others to prevent the type of conduct shown.

94. Further, as a direct result of fraudulent, oppressive, malicious, and outrageous conduct of its bad faith in handling the claims of Plaintiffs for benefits under the subject policy or policies, Plaintiffs have sustained substantial economic loss, including, but not limited to, attorney's fees, costs, and loss of interest income/loss of use of coverage proceeds. As a further result of Defendant State Auto's outrageous and willful conduct and bad faith, Plaintiffs have suffered embarrassment, humiliation, emotional distress, and discomfort entitling Plaintiffs to punitive/bad faith damages.

95. Plaintiffs further seek a declaration of their rights pursuant to the policies of insurance at issue herein.

## COUNT SIX: BREACH OF CONTRACT – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

96. Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

97. The Insurance Policy issued by Defendant State Auto is a binding contract and is supported by valid consideration.

98. Plaintiffs are insured within the meaning of Defendant State Auto's insurance policy for underinsured insurance.

99. Plaintiffs' injuries were caused by underinsured motorists, namely Defendants E. Magee and M. Magee.

100.    Pursuant to the underinsured insurance policy, Plaintiffs are entitled to underinsured motorist coverage payments for sums which Plaintiffs are legally entitled to recover as compensatory damages from the owner or driver of an underinsured or underinsured motor vehicle.

101.    Pursuant to the underinsured insurance policy, Defendants E. Magee and M. Magee were "underinsured motorists" because the damages that Plaintiffs are legally entitled to recover from Defendants E. Magee and M. Magee exceeds $50,000, which was the total of liability insurance available from Defendants E. Magee and M. Magee.

102.    Defendant State Auto owed and still owes Plaintiffs the following duties:

   a.  To investigate Plaintiffs' underinsured motorists claim with reasonable promptness.

   b.  To make a reasonable and realistic evaluation of Plaintiffs' underinsured motorists claim.

   c.  To properly advise Plaintiffs of the plain truth regarding of its evaluation of the underinsured motorists claim.

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 211 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-2    Filed: 10/10/2022    Page 18 of 26

Case: 15CI1:21-cv-00317-THI    Document #: 14    Filed: 06/13/2022    Page 18 of 26

  d. In evaluating each and every issue during the adjusting Plaintiffs' underinsured motorists claim, to give Plaintiffs consideration at least equal to the consideration which gave itself.

  e. To promptly pay Plaintiffs' covered underinsured motorists claim.

  f. To tender payment to Plaintiffs of the undisputed portion of their underinsured motorists claim as soon as that was evaluated.

  g. To promptly advise Plaintiffs in writing of all valid reasons why their claim was either denied, evaluated for less than policy limits, or reduced from policy limits by specific limitations provided in the policy.

  h. To exercise good faith with Plaintiffs in adjusting their underinsured motorists claim.

  i. To deal fairly with Plaintiffs in adjusting their underinsured motorists claim.

  j. To promptly advise Plaintiffs of the process which adjust their underinsured motorists claim including:

    i. Any information of documents needed from Plaintiffs.

    ii. The schedule of investigation and evaluation of Plaintiffs' underinsured motorists claim.

  k. To honor its duty to look after the interests of Plaintiffs, as its insured, at least to the same extent as its own.

103.  Plaintiffs cooperated with Defendant State Auto and provided all documentations in their possession which were relevant to Defendant State Auto's adjustment of their claim.

104.    Despite Plaintiffs' cooperation, Defendant State Auto failed to reasonably and promptly adjust the claim.

105.    Defendant State Auto deprived Plaintiffs of the benefits justly due under the Policy, when Defendant State Auto knew that those benefits were needed by Plaintiffs.

106.    Due to Defendant State Auto's material breach of the Policy, it is liable to Plaintiffs in the maximum amount allowed by the Policy.    Specifically, Defendants breached its contract with Plaintiffs by its failure and refusal to fully and promptly pay the policy limits that is owed to Plaintiffs.

107.    Defendant State Auto breached the aforementioned duties, including the overarching duty to exercise good faith and fair dealing with Plaintiffs. Defendant State Auto's breach is evidenced by all of the facts and allegations set forth in this Complaint, together with the following non-exclusive actions or inactions by Defendant State Auto which were perpetuated with evil motive or with reckless indifference to the rights of Plaintiffs:

   a. Defendant State Auto's intentional or reckless failure to attempt in good faith to effectuate a settlement for policy limits;

   b. Defendant State Auto's intentional or reckless refusal to pay Plaintiffs' claim for policy limits and to otherwise honor its obligations without conducting a reasonable investigation based on all available information;

   c. Defendant State Auto's intentional or reckless failure to pay the policy limits due with no reasonable or justifiable basis;

    d.  Defendant State Auto's offering of substantially less than the policy limits in an effort to deprive Plaintiffs of the policy limits;

    e.  Defendant State Auto's failure to acknowledge evidence (i.e. medical bills, Plaintiff F. Gomez's air ambulance bill) that supported Plaintiffs' claim for the policy limits; and

    f.  Other acts and omissions to be proven at trial.

108.    Defendant State Auto's breach of the duty to exercise good faith and fair dealing was the direct and proximate cause of Plaintiffs enduring further suffering by making it too expensive for Plaintiffs (and his/her attorney) to litigate the case.

109.    As a result of Defendant State Auto's breach of contract, breach of the duty to exercise good faith and fair dealing, bad faith denial of tendering the policy limits, Plaintiffs are entitled to a judgment against Defendants for actual, compensatory, consequential bad faith, and punitive damages, plus court costs, pre- and post-judgment interest as the legally allowable limit.

**COUNT SEVEN: NEGLIGENCE AND/OR GROSS NEGLIGENCE –
DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

110.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

111.    Defendant State Auto had a duty under Mississippi law to investigate Plaintiffs' claim fully, fairly, adequately, and correctly.

112.    The course of Defendant State Auto is as follows:

    a.  Negligently failed to provide payment of underinsured motorists benefits owed to Plaintiffs;

b.  Negligently failed to tender the undisputed amount of underinsured motorists benefits owed to Plaintiffs;

c.  Negligently failed to investigate with reasonable promptness all relevant information and make a realistic evaluation of the claim;

d.  Negligently failed to timely investigate, adjust, and pay Plaintiffs' claim;

e.  Negligently failed to tell Plaintiffs the plain truth regarding investigation evaluation, and payment or nonpayment of claim;

f.  In evaluating each and every issue during the adjusting of Plaintiffs' underinsured motorists claim, negligently failed to give Plaintiffs consideration at least equal to the consideration which Defendant State Auto gave itself;

g.  Negligently failed to apprise Plaintiffs of the status of their underinsured motorists claim;

h.  Negligently delayed obtaining readily available information Defendant State Auto purportedly needed to complete its investigation of Plaintiffs' claim;

i.  Negligently failed to promptly advise Plaintiffs of the process which would follow to adjust Plaintiffs' underinsured motorists claim, including:

    i.  Any information or documents needed from Plaintiffs.

    ii. The schedule of investigation and evaluation of Plaintiffs' underinsured motorists claims.

j.  By other acts and omissions to be proven at trial.

113.    Such conduct as alleged above constitutes negligence, gross negligence, and/or reckless disregard for Plaintiffs' rights as insureds.

114.    The actions and inactions of Defendant State Auto, as described above, constitutes negligence, entitled Plaintiffs to all consequential damages allowable under law, and further constitute such negligence as amounts to gross negligence, entitling Plaintiffs to heightened damages including attorney's fees and pre-judgment and post-judgment interests, and costs.

115.    Defendants' negligent and grossly negligent caused Plaintiffs economic damages, including attorney's fees and litigation expenses.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

116.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations contained in the preceding paragraphs of this Complaint as if stated herein.

117.    Defendant State Auto's actions and inactions created a fiduciary relationship with Plaintiffs wherein Plaintiffs justifiably reposed trust on Defendants to fairly adjust and promptly pay their underinsured motorist policy limits.

118.    Defendant State Auto has breached those fiduciary duties owed to Plaintiffs.

119.    Because of Defendant State Auto's breach, Plaintiffs are entitled to all damages allowable by law, including consequential damages, attorney's fees, interest and costs.

## COUNT NINE: BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING – DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

120.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations
contained in the preceding paragraphs of this Complaint as if stated herein.

121.    The actions and inactions of Defendant State Auto as described above,
constitute a breach of the covenant of good faith and fair dealings implied in all
contractual arrangement between contracting parties in the State of Mississippi,
entitling Plaintiffs to all damages allowable pursuant to law, including
consequential damages, attorney's fees, interest, and costs.

122.    The actions and inactions of Defendant State Auto, as described above,
constitute concealment and misrepresentation entitling Plaintiffs to all damages
allowable pursuant to law, including compensatory damages, special damages,
consequential damages, fraud damages, punitive damages, and attorney's fees,
costs and interest.

## DAMAGES

123.    Plaintiffs incorporate, restate, and adopt all of the facts and allegations
contained in the preceding paragraphs of this Complaint as if stated herein.

124.    As a direct and proximate result of Defendants' careless, reckless, and
negligent acts, Plaintiffs have suffered injuries to their person. Plaintiffs have
further experienced pain and suffering due to their injuries.

125.    Plaintiffs have also incurred loss of enjoyment of life, duties under duress,
and other damages, all of which will be proven at trial of this matter. Such injuries
entitle Plaintiffs to recover of, from, and against Defendants.

126.    The GMC Duramax Denali Z71 was a total loss.

Case 3:23-cv-00073-TSL-MTP     Document 2     Filed 01/27/23     Page 217 of 330
Case: 15CI1:21-cv-00317-THI     Document #: 27-2     Filed: 10/10/2022     Page 24 of 26

Case: 15CI1:21-cv-00317-THI     Document #: 14     Filed: 06/13/2022     Page 24 of 26

127.    As a direct and proximate result of said collision, Plaintiffs would further show that their injuries from the collision have required treatment by medical providers. Such treatment has caused them to suffer great pain, shock, weakness and intense mental anguish. Defendants' negligent acts and/or omissions have directly caused Plaintiffs to incur medical bills, and they may incur further such expenses in the future.

128.    The above-described damage and injuries are due to, caused and occasioned by the above set forth acts of negligence and gross negligence all on the part of the Defendants.

### DEMAND FOR A JURY TRIAL

129.    Plaintiffs show that they are entitled to a trial by jury on all issues and all counts raised.

130.    Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs sue and demand from Defendants:

a. Actual, compensatory, and statutory damages;

b. Consequential, incidental and punitive damages in an amount to be determined by the trier of fact;

c. Pre-judgment and post-judgment interest as allowed by law;

d. Injunctive relief;

e. All expenses and costs of this civil action, including an award of attorneys' fees as allowed by law;

f. An award of taxable costs;

g. Declaration of coverage and entitlement to underinsured motorists benefits under the subject policy or policies;

h. Judgment against Defendants for compensatory, consequential, and special damages, including costs, and post judgment interest, and attorney's fees arising out of Defendants' breach of its insurance contract and for breach of its covenant and good faith and fair dealing;

i. Judgment against Defendants for compensatory, consequential, and special damages, including costs, pre and post judgment interest and costs for negligence;

j. Judgment against Defendants for punitive damages as a result of intentional misconduct, bad faith, and breach of fiduciary duty;

k. Judgment against Defendants for heightened bad faith level of damages for wrongful claims handling;

l. Judgment against Defendants for compensatory damage, special damages, consequential damages, fraud damages, and attorneys fees for concealment and misrepresentation of Defendants; and

m. Any and all such further relief as the Court and the jury deem just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs further demand judgment against Defendants for an amount of special and compensatory damages to be

determined by a jury of Plaintiffs' peers. Plaintiffs also seek all costs of Court, pre-judgment interest after demand, post-judgment interest, and all other relief allowed by law. In addition, Plaintiffs demand judgment against Defendants for all special and compensatory damages to which Plaintiffs are entitled and which are above policy limits of Plaintiffs' automobile liability insurance coverage.

This the 13th day of June, 2022.

RESPECTFULLY SUBMITTED,
PATRICK WARREN,
BALDOMERO GOMEZ, AND
FIDEL GOMEZ

BY: _____
JAD JAMAL KHALAF
Attorney for Plaintiffs

ATTORNEYS FOR PLAINTIFFS:

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
          Jackson, Mississippi 39201
Mailing: Post Office Box 320067
          Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Electronic Mail: Jad@601Attorney.com
Electronic Mail: Ammie@601Attorney.com

# MISSISSIPPI UNIFORM CRASH REPORT
# MISSISSIPPI HIGHWAY PATROL

# JANUARY 9, 2021



EXHIBIT

"C"

## MISSISSIPPI UNIFORM CRASH REPORT
### CRASH INFORMATION

2021001691

Rev. 2020-1

| | Agency # | 90 | Case # | 9015010109210003 | Page | 1 | of | 15 |

☐ Secondary Crash

| Number of Motorists | 5 | Number of Non-Motorists | 0 | Non-Fatally Injured Persons | 3 | Fatalities | 0 | Total Injuries and Fatalities | 3 | Vehicles Involved | 2 |

| Investigating Agency | | County | | City | | Latitude | Longitude |
| MHP | | Copiah | | Rural Copiah | | 31.855847° N | 90.413126° W |

### CRASH TIME INFORMATION

| Crash Date/Time | Police Notified Date/Time | Police Arrived Date/Time | Roadway Cleared Date/Time | 10-24 Investigation Completed |
| 01/09/2021 1849 | 01/09/2021 1849 | 01/09/2021 1856 | 01/09/2021 2016 | 01/09/2021 2016 |

### ROAD INFORMATION

| Named road | Numbered road |
| | 55 | | 11.025 |
| Address Number     Street Name | Road Number     Milepost |

Intersection Road Name        ☐ Crash was at an intersection    Intersection Road Number

### LOCATION INFORMATION

| Road Classification | 100 | Property Ownership | 100 | Trafficway Characteristics | 100 | Intersection Approach | 1 | Traffic Flow Direction | N |
| 100 Interstate           200 Parking lot/ | | 100 Public property | | 100 Trafficway, on road | | 1 Not an intersection | | X Not applicable | |
| 101 US highway               private drive | | 200 Private property | | 101 Trafficway, not on road | | 2 Two | | (not a divided highway) | |
| 102 State highway     201 State park | | | | 200 Non-trafficway | | 3 Three | | N North | |
| 103 County road       202 Off road | | | | | | 4 Four | | W West              E East | |
| 104 City street | | | | | | 5 Five or more | | S South | |

### INVESTIGATING OFFICER

| Rank | First Name | Middle Name | Last Name | Suffix |
| Trooper | Gabriel D. | | Brown | |

| Badge # | Printed Name | Signature |
| C037 | GABRIEL BROWN C-37 | *GABRIEL BROWN C-37* |

### CRASH CIRCUMSTANCES AND CONDITIONS

| First Harmful Event | 201 | Location of First Harmful Event | 104 | School Bus Relation | 000 | Weather Conditions | 000 |
|---|---|---|---|---|---|---|---|
| **Non-Collision** 100 Cargo/equipment loss or shift | | 100 Gore | | 000 No | | 000 Clear | |
| 101 Fell/jumped from motor vehicle | | 101 In parking lane or zone | | 100 Yes, school bus directly involved | | 100 Blowing sand, soil, dirt | |
| 102 Fire/explosion | | 102 Median | | 101 Yes, school bus indirectly involved | | 101 Blowing snow | |
| 103 Immersion, full or partial | | 103 Off roadway, location unknown | | | | 102 Cloudy | |
| 104 Jackknife | | 104 On roadway | | | | 103 Fog, smog, smoke | |
| 105 Overturn/rollover | | 105 On shoulder, left side | | **Intersection Geometry** | 970 | 104 Freezing rain or freezing drizzle | |
| 106 Thrown or falling object | | 106 On shoulder, right side | | 100 Angled / skewed | | 105 Rain | |
| 198 Other non-collision harmful event | | 107 Outside road/right-of-way | | 101 Roundabout / traffic circle | | 106 Severe crosswinds | |
| **Collision with animal (live)** 200 Collision with animal (live) | | 108 Roadside | | 102 Perpendicular | | 107 Sleet or hail | |
| 201 Collision with motor vehicle in transport | | 109 Separator/traffic island | | 970 Not applicable | | 108 Snow | |
| 202 Collision with parked motor vehicle | | 999 Unknown | | | | 980 Other | |
| 203 Collision with pedalcycle | | | | | | 999 Unknown | |
| 204 Collision with pedestrian | | **Manner of Crash** | 102 | **Intersection Traffic Control** | 970 | | |
| 205 Collision with railway vehicle (train, engine) | | 000 Not a collision between | | 000 No controls | | | |
| 206 Collision with object at rest from MV in transport | |   two motor vehicles | | 100 Signalized | | **Environmental Conditions** | 000 |
| 207 Collision with falling/shifting cargo or anything set in motion by MV | | 100 Angle | | 101 Stop -all way | | 000 None | |
| 208 Collision with work zone/maintenance equipment | | 101 Front to front | | 102 Stop -partial | | 100 Animal(s) | |
| 209 Collision with farm equipment | | 102 Front to rear | | 103 Yield | | 101 Debris | |
| 297 Collision with other non-motorist | | 103 Rear to rear | | 970 Not applicable | | 102 Glare | |
| 298 Collision with other non-fixed object | | 104 Rear to side | | | | 103 Non-highway work | |
| **Collision with Fixed Object** 300 Collision with bridge overhead structure | | 105 Sideswipe, opposite direction | | **Roadway Surface Condition** | 000 | 104 Obstructed crosswalks | |
| 301 Collision with bridge pier or support | | 106 Sideswipe, same direction | | 000 Dry | | 105 Obstruction in roadway | |
| 302 Collision with bridge rail | | 980 Other | | 100 Ice/Frost | | 106 Prior crash | |
| 303 Collision with cable barrier | | 999 Unknown | | 101 Mud, dirt, gravel | | 107 Prior non-recurring incident | |
| 304 Collision with concrete traffic barrier | | | | 102 Oil | | 108 Regular congestion | |
| 305 Collision with culvert | | | | 103 Sand | | 109 Related to a bus stop | |
| 306 Collision with curb | | **Relation to Junction** | 000 | 104 Slush | | 110 Road surface condition | |
| 307 Collision with ditch | | 000 Not an interchange area | | 105 Snow | |      (wet, icy, snow, slush, etc.) | |
| 308 Collision with embankment | | 100 Acceleration or deceleration lane | | 106 Water (standing, moving) | | 111 Ruts, holes, bumps | |
| 309 Collision with fence | | 101 Crossover related | | 107 Wet | | 112 Shoulders (none, low, soft, high) | |
| 310 Collision with guardrail end terminal | | 102 Driveway access or related | | 980 Other | | 113 Toll booth/plaza related | |
| 311 Collision with guardrail face | | 103 Entrance/exit ramp or related | | 999 Unknown | | 114 Traffic control device | |
| 312 Collision with impact attenuator/crash cushion | | 104 Intersection or related | | **Light Condition** | 302 | 115 Traffic incident | |
| 313 Collision with mailbox | | 105 Non-junction | | 101 Daylight | | 116 Visual obstruction | |
| 314 Collision with traffic sign support | | 106 Railway grade crossing | | 201 Dawn/Dusk | | 117 Weather conditions | |
| 315 Collision with traffic signal support | | 107 Shared-use path or trail | | 301 Dark - lighted | | 118 Work zone (construction/ | |
| 316 Collision with tree (standing) | | 108 Through roadway | | 302 Dark - not lighted | |      maintenance/utility) | |
| 317 Collision with utility pole/light support | | 980 Other location within an interchange | | 303 Dark - unknown lighting | | 119 Worn/travel-polished surface | |
| 396 Collision with other post, pole, or support | |      area (median, shoulder, and roadside) | | 980 Other | | 980 Other | |
| 397 Collision with other traffic barrier | | 999 Unknown | | 999 Unknown | | 999 Unknown | |
| 398 Collision with other fixed object (wall, building, tunnel, etc.) | | | | | | | |
| 399 Collision with unknown fixed object | | | | | | | |

CRASH REPORT - CRASH SUMMARY

## MISSISSIPPI UNIFORM CRASH REPORT
### CRASH INFORMATION
Rev. 2020-1

2021001691

Agency # 90    Case # 9015010109210003    Page 2 of 15

### WORK ZONE CRASH INFORMATION

| Work Zone | 000 | Location Relative to Work Zone | 970 | Work Zone Type | 970 | Worker(s) Present | 970 | Law Enforcement Present | 970 |
|---|---|---|---|---|---|---|---|---|---|
| 000 No 100 Yes 999 Unknown | | 100 Before the first work zone warning sign 101 Advance warning area 102 Transition area 103 Activity area 104 Termination area 970 Not applicable 999 Unknown | | 100 Lane closure 101 Lane shift / crossover 102 Work on shoulder or median 103 Intermittent or moving work 970 Not applicable 980 Other 999 Unknown | | 000 No 100 Yes 970 Not applicable 999 Unknown | | 000 No 100 Yes 970 Not applicable 999 Unknown | |

### PHOTOGRAPHER

| Photos Taken? | Rank | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|---|
| ☒ | Trooper | Gabriel D. | | Brown | |

### REVIEWING OFFICER

| Rank | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
| Trooper | Johnathan L. | | Smith | |

### WITNESS #

| Name | | | | | Name | | | | |
|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | | First | Middle | Last | Suffix | |
| Address | | | | | Address | | | | |
| City | State | Postal Code | | | City | State | Postal Code | | |
| Phone Number | Age | Sex | | | Phone Number | Age | Sex | | |

### WITNESS #

| Name | | | | | Name | | | | |
|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | | First | Middle | Last | Suffix | |
| Address | | | | | Address | | | | |
| City | State | Postal Code | | | City | State | Postal Code | | |
| Phone Number | Age | Sex | | | Phone Number | Age | Sex | | |

### WITNESS #

| Name | | | | | Name | | | | |
|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | | First | Middle | Last | Suffix | |
| Address | | | | | Address | | | | |
| City | State | Postal Code | | | City | State | Postal Code | | |
| Phone Number | Age | Sex | | | Phone Number | Age | Sex | | |

### TRAIN CRASH INFORMATION                    TRAIN #

| Engineer ☐ Unknown | | | | | Engineer ID Number ☐ Unknown |
|---|---|---|---|---|---|
| First | Middle | Last | Suffix | | |
| Conductor ☐ Unknown | | | | | Conductor ID Number ☐ Unknown |
| First | Middle | Last | Suffix | | |
| Company ☐ Unknown | | | | | DOT Crossing Number ☐ Unknown |

CRASH REPORT - SUMMARY BACK

2021001691

# MISSISSIPPI UNIFORM CRASH REPORT
## VEHICLE INFORMATION

Rev. 2020-1

Motor Vehicle #: 1 | Agency #: 90 | Case #: 9015010109210003 | Page 3 of 15

## DESCRIPTION AND INFORMATION

Check if this vehicle had no driver: ☐

**Hit and Run:** 000
000 No, did not leave the scene
100 Yes, driver and vehicle left scene
101 Yes, only driver left scene

**Vehicle Type:** 100
100 Motor vehicle in transport
101 Parked motor vehicle
102 Working vehicle / equipment

**VIN:** 1GT120E88FF651198 ☐ Unknown

**Model Year** ☐ Unknown: 2015
**Make:** GMC
**Model:** C, K, R, V-series pickup/Sierra
**Color:** Gray

**License Plate** ☐ Missing ☐ Non-expiring
State: MS ☐ Unknown | Number: 1AE6470 ☐ Unknown | Year: 2021 ☐ Unknown

**Owner Name** ☐ Same as driver ☐ Unknown
WARREN, BROOK OR PATRICK

**Owner Address** ☐ Same as driver ☐ Unknown
2189 E WHITWORTH ST | HAZLEHURST | MS | 39083
Street | City | State | Postal Code

**Insurance** ☐ Uninsured at time of crash
Company: STATE AUTO P&C ☐ Unknown
NAIC #: ☒ Unknown
Policy #: BAP2469157 ☐ Unknown

**Vehicle Body Type:** 103

Passenger Vehicles
100 Passenger car
101 Passenger van (less than 9 seats)
102 (Sport) utility vehicle
103 Pickup
104 Cargo van

Construction / Farm Equipment
200 Construction equipment (backhoe, bulldozer,etc.)
201 Farm equipment (tractor, combine,harvester, etc.)

Cycle / Low Speed
300 2-wheeled motorcycle
301 3-wheeled motorcycle
302 Moped or motorized bicycle
303 All-terrain vehicle / all-terrain cycle (ATV / ATC)
304 Golf Cart
305 Snowmobile
306 Low Speed Vehicle
307 Recreational off-highway vehicles (ROV)
308 Autocycle

Trucks
400 Single unit truck
401 Truck tractor
498 Other truck

Large Passenger Vehicle
500 Motor home
501 9 or 12 passenger van
502 15-passenger van
503 Large limo
504 Mini-bus
505 School bus
506 Transit bus
507 Motorcoach
598 Other bus / large passenger vehicle

Other
980 Other

## DAMAGE

**Damage Extent:** 102
000 None
100 Minor damage
101 Functional damage
102 Disabling damage
990 Vehicle not at scene

**State Property Damaged**
☐ 000 None
☐ 100 Bridge overhead structure
☐ 101 Bridge pier or support
☐ 102 Bridge rail
☒ 200 Cable barrier
☐ 201 Concrete traffic barrier
☐ 202 Guardrail end terminal
☒ 203 Guardrail face
☐ 204 Impact attenuator/crash cushion
☐ 298 Other traffic barrier
☐ 300 Traffic sign support
☐ 301 Traffic signal support
☐ 302 Utility pole/light support
☐ 980 Other

**Initial Contact Point**
7 8 9 10 11 / 6 12 / 5 4 3 2 1
☐ 000 Non-collision
☐ 001 Vehicle not at scene
☐ 100 Top
☐ 113 Undercarriage
☐ 114 Cargo Loss
☐ 999 Unknown

**Damaged Areas**
7 8 9 10 11 / 6 12 / 5 4 3 2 1
☐ 001 Vehicle not at scene
☒ 100 Top
☒ 113 Undercarriage

## TOWING

**Tow Status:** 101
000 Not towed
100 Towed, but not due to disabling damage
101 Towed due to disabling damage

**Tow Authority:** 100
100 Owner
101 Law enforcement
970 Not applicable
980 Other

**Towed By** ☐ Unknown
ROSS

# MISSISSIPPI UNIFORM CRASH REPORT
## VEHICLE INFORMATION
Rev. 2020-1

2021001691

| Motor Vehicle # | Agency # | 90 | Case # | 9015010109210003 | Page | 4 | of | 15 |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | |

## MOTOR VEHICLE CIRCUMSTANCES

### Vehicle Usage | 000

| | |
|---|---|
| 000 No special function | 207 Public utility |
| 100 Bus - school (public or private) | 208 Non-transport emergency services vehicle |
| 101 Bus - childcare / daycare | 209 Safety service patrols - incident response |
| 102 Bus - transit / commuter | 210 Other incident response |
| 103 Bus - charter / tour | 211 Rental truck (over 10,000 lbs) |
| 104 Bus - intercity | 212 Towing - incident response |
| 105 Bus - shuttle | 213 Truck acting as crash attenuator |
| 198 Bus - other | 214 Taxi |
| 200 Fire truck | 215 Vehicle used for electronic ride-hailing |
| 201 Fire truck | (transportation network company) |
| 202 Highway / maintenance | |
| 203 Mail carrier | |
| 204 Military | 980 Other |
| 205 Ambulance | 999 Unknown |
| 206 Police | |

### Emergency Vehicle Usage | 970

000 Non-emergency, non-transport
100 Non-emergency transport
200 Emergency operation, emergency warning equipment not in use
201 Emergency operation, emergency warning equipment in use
970 Not applicable
999 Unknown

### Travel Direction | 100

000 Not on roadway    999 Unknown
100 North
800 Northwest    200 Northeast
700 West    300 East
500 Southwest    400 Southeast
500 South

### Vehicle Maneuver | 105

100 Backing
101 Changing lanes
102 Entering traffic lane
103 Leaving traffic lane
104 Making U-turn
105 Movements essentially straight ahead
106 Negotiating a curve
107 Overtaking/passing
108 Parked
109 Slowing
110 Stopped in traffic
111 Turning left
112 Turning right
980 Other
999 Unknown

### Traffic Control Device Types and Statuses

| Traffic Control Device Types | | Devices Present | | Devices Inoperative or Missing | |
|---|---|---|---|---|---|
| 000 None | 300 Flashing railroad crossing (may include gates) | 1 | 000 | 1 | 000 |
| 100 Person (including flagger, law enforcement, crossing guard, etc) | 301 Flashing school zone signal | 2 | | 2 | |
| | 302 Flashing traffic control signal | | | | |
| | 303 Lane use control signal | | | | |
| | 304 Ramp meter signal | 3 | | 3 | |
| 200 Bicycle crossing sign | 305 Traffic control signal | | | | |
| 201 "Curve Ahead" warning sign | 398 Other signal | 4 | | 4 | |
| 202 "Intersection Ahead" warning sign | 400 Bicycle crossing | | | | |
| 203 Pedestrian crossing sign | 401 Pedestrian crossing | | | | |
| 204 Railroad crossing | 402 Railroad crossing | | | | |
| 205 "Reduce Speed Ahead" warning sign | 403 School zone | | | | |
| 206 School zone sign | 498 Other pavement marking (excluding edgelines, centerlines, or lane lines) | | | | |
| 207 Stop sign | | | | | |
| 208 Yield sign | | | | | |
| 298 Other warning sign | 980 Other | | | | |
| | 999 Unknown | | | | |

### Vehicle Defects | 000

000 None
100 Brakes
101 Exhaust system
102 Body doors
103 Steering
104 Power train
105 Suspension
106 Tires
107 Wheels
108 Lights (head,signal,tail)
109 Window / Windshield
110 Mirrors
111 Wipers
112 Truck coupling / trailer hitch / safety chains
980 Other
999 Unknown

### Automation System Level Present | 100

000 No automation    103 High automation
100 Driver assistance    104 Full automation
101 Partial automation    199 Automation level unknown
102 Conditional automation    999 Unknown

### Automation System Level Engaged at Time of Crash | 100

000 No automation    103 High automation
100 Driver assistance    104 Full automation
101 Partial automation    199 Automation level unknown
102 Conditional automation    999 Unknown

### Trafficway Division | 100

000 Not divided
001 Not divided, with a continuous left turn lane
100 Divided, flush median (greater than 4 ft wide)
101 Divided, raised median (curbed)
102 Divided, depressed median
999 Unknown

### Barrier Type | 100

000 None
100 Cable barrier
101 Concrete barrier (e.g. Jersey barrier)
102 Earth embankment
103 Guardrail
980 Other

### HOV Lane Presence | 000

000 None present
100 Separated barrier, flush (greater than 4 ft wide), raised or depressed median
101 Not separated, painted pavement markings, post-mounted delineators

### HOV Lane Relation | 000

000 No
100 Yes

| Roadway Grade | 100 | # of Through Lanes | | Roadway Alignment | | Permitted Travel | 200 |
|---|---|---|---|---|---|---|---|
| 100 Level | | 0 | | 100 Straight | | 100 One-way | |
| 101 Uphill | | | | 101 Curve left | | 200 Two-way | |
| 102 Hillcrest | | # of Auxiliary Lanes | | 102 Curve right | | Posted Speed Limit | |
| 103 Downhill | | 0 | | | | 70  ☐ Unknown  ☐ N/A | |
| 104 Sag (bottom) | | | | | | | |

## MOTOR VEHICLE EVENTS

### Sequence of Events    1 | 201    2 | 311    3 | 105    4 | 303    Most Harmful Event | 201

### Non-Harmful Events
000 Cross centerline
001 Cross median
002 End departure (T-intersection, dead-end, etc.)
003 Downhill runaway
004 Equipment failure (blown tire, brake failure, etc.)

005 Ran off roadway left
006 Ran off roadway right
007 Reentering roadway
008 Separation of units
098 Other non-harmful event

### Non-Collision Events
100 Cargo/equipment loss or shift
101 Fell/jumped from motor vehicle
102 Fire/explosion
103 Immersion, full or partial
104 Jackknife
105 Overturn/rollover
106 Thrown or falling object
198 Other non-collision harmful event

### Collision with Person / Vehicle / Non-Fixed Object
200 Collision with animal (live)
201 Collision with motor vehicle in transport
202 Collision with parked motor vehicle
203 Collision with pedalcycle
204 Collision with pedestrian
205 Collision with railway vehicle (tram, engine)
206 Collision with object at rest from MV in transport
207 Collision with falling, shifting cargo, or anything set in motion by MV
208 Collision with work zone/maintenance equipment
209 Collision with farm equipment
297 Collision with other non-motorist
298 Collision with other non-fixed object

### Collision with Fixed Object
300 Collision with bridge overhead structure
301 Collision with bridge pier or support
302 Collision with bridge rail
303 Collision with cable barrier
304 Collision with concrete traffic barrier
305 Collision with culvert
306 Collision with curb
307 Collision with ditch
308 Collision with embankment
309 Collision with fence
310 Collision with guardrail end terminal
311 Collision with guardrail face
312 Collision with impact attenuator/crash cushion
313 Collision with mailbox
314 Collision with traffic sign support
315 Collision with traffic signal support
316 Collision with tree (standing)
317 Collision with utility pole/light support

396 Collision with other post,pole,or support
397 Collision with other traffic barrier
398 Collision with other fixed object (wall, building, tunnel, etc.)
399 Collision with unknown fixed object

CRASH REPORT - MOTOR VEHICLE CIRCUMSTANCES AND EVENTS

MISSISSIPPI UNIFORM CRASH REPORT

**VEHICLE INFORMATION**

Rev. 2020-1    Agency # 90    Case # 9915010109210001    Page 5 of 15

2021001691

| Motor Vehicle # |
|---|
| 1 |

## COMMERCIAL MOTOR VEHICLE INFORMATION

### Vehicle Configuration | 000

000 Not a qualifying vehicle

100 Vehicles 10,000 lbs or less placarded for hazardous materials

200 Bus/large van (seats 9-15 occupants, including driver)
201 Bus (seats more than 15 occupants, including driver)

300 Single-unit truck (2-axle and GVWR > 10,000 lbs.)
301 Single-unit truck (3 or more axles)
302 Truck pulling trailer(s)
303 Truck tractor (bobtail)
304 Truck tractor/semi-trailer
305 Truck tractor/double
306 Truck tractor/triple
307 Truck more than 10,000 lbs., cannot classify

### Cargo Body Type | 970

000 No cargo body

| 100 Bus | 105 Flatbed | 109 Log |
| 101 Auto transporter | 106 Garbage / refuse | 110 Pole trailer |
| 102 Cargo tank | 107 Grain / chips / gravel | 111 Van / enclosed box |
| 103 Concrete mixer | 108 Intermodal container chassis | 112 Vehicle towing another vehicle |
| 104 Dump | | |

970 Not applicable    980 Other    999 Unknown

### Hazardous Materials Placard | 000

000 Did not carry hazardous materials          999 Unknown
100 Carried hazardous materials with placard
200 Carried hazardous materials without placard

**Hazardous Material ID**    Not applicable

### Hazardous Material Class | 970

1  Explosives
2  Gas
3  Flammable liquids
4  Other flammable substances
5  Oxidizing substances and organic peroxides
6  Toxic (poisonous) and infectious substances
7  Radioactive material
8  Corrosives
9  Miscellaneous dangerous goods
970 Not applicable
999 Unknown

### Hazardous Materials Released from Vehicle Cargo Compartment | 970

000 No, hazardous materials not released
100 Yes, hazardous materials released
970 Not applicable

**Motor Carrier Name** ☐ Unknown

**Motor Carrier ID Number**

| Special Sizing | Number of Axles | Motor Carrier Type | 000 | Motor Carrier Identification | 970 |
|---|---|---|---|---|---|
| ☒ 000 No special sizing | ☐ Unknown | 000 Not a motor carrier | | 100 USDOT number | |
| ☐ 100 Over-height | | 100 Interstate carrier | | 101 State number | |
| ☐ 101 Over-length | | 101 Intrastate carrier | | 970 Not applicable | |
| ☐ 102 Over-weight | | 102 Not in commerce / government | | 999 Unknown/unable to determine | |
| ☐ 103 Over-width | | 980 Not in commerce / other truck or bus | | **State** | |
| ☐ 999 Unknown | | | | | |

**Motor Carrier Address** ☐ Unknown

Street          City          State    Postal Code

### GVWR/GCWR | 970

100 Light (less than 10,000 lbs GVWR/GCWR)
101 Medium (10,001 - 26,000 lbs GVWR/GCWR)
102 Heavy (greater than 26,000 lbs GVWR/GCWR)
970 Not applicable
999 Unknown

**Commodity Hauled**

## TRAILER INFORMATION                                TRAILER #

VIN ☐ Unknown                                Number of Axles ☐ Unknown

Year ☐ Unknown    Make ☐ Unknown          Model ☐ Unknown

License Plate ☐ Missing

State _____ ☐ Unknown    Number _____ ☐ Unknown

## TRAILER INFORMATION                                TRAILER #

VIN ☐ Unknown                                Number of Axles ☐ Unknown

Year ☐ Unknown    Make ☐ Unknown          Model ☐ Unknown

License Plate ☐ Missing

State _____ ☐ Unknown    Number _____ ☐ Unknown

## TRAILER INFORMATION                                TRAILER #

VIN ☐ Unknown                                Number of Axles ☐ Unknown

Year ☐ Unknown    Make ☐ Unknown          Model ☐ Unknown

License Plate ☐ Missing

State _____ ☐ Unknown    Number _____ ☐ Unknown

CRASH REPORT - COMMERCIAL MOTOR VEHICLE DESCRIPTION AND IDENTIFICATION

## MISSISSIPPI UNIFORM CRASH REPORT
### DRIVER INFORMATION
Rev. 2020-1

2021001691

| Motor Vehicle # 1 | | Agency # 90 | Case # 9015010109210003 | Page 6 of 15 |

### DRIVER INFORMATION

| Name ☐ Unknown | | | | Age ☐ Unknown | Sex 101 | Race 103 |

**Name:** PATRICK (First)  KILEY (Middle)  WARREN (Last)  (Suffix)

**Age:** 27

**Sex 101:** 100 Female / 101 Male / 999 Unknown

**Race 103:**
100 American Indian or Alaska Native
101 Asian or Pacific Islander
102 Black
103 White
980 Other
999 Unknown

| Address ☐ Unknown | | Phone Number ☐ Unknown |

**Address:** 2189 E WHITWORTH ST (Street)  HAZLEHURST (City)  MS (State)  39083 (Postal Code)

**Phone Number:** 601-988-7469

| Incident Responder 000 | Date of Birth ☐ Unknown | Ethnicity 101 |

**Incident Responder:**
000 No          102 Police
100 EMS       103 Tow operator
101 Fire        104 Transportation (i.e. maintenance workers, safety service patrol operators, etc.)

**Date of Birth:** XXXXX

**Ethnicity 101:**
100 Hispanic
101 Other than Hispanic
999 Unknown

### DRIVER LICENSE INFORMATION

| License Status 100 | License Number | License Class 400 | Commercial Driver License Status 970 |

**License Status:**
100 Valid license
000 Not licensed
001 Canceled or denied
002 Expired
003 Revoked
004 Suspended
999 Unknown

**License Number:** XXXXX

**License State:** MS

**Is Commercial DL?** ☐ Yes  ☒ No

**License Class:**
000 None
100 Class A
101 Class B
102 Class C
200 Light commercial/taxi/chauffeur (MS class D)
300 Motorcycle only (class M, non-MS only)
400 Regular driver license class (MS classes R, T, P, and Y)
970 Not applicable

**Commercial Driver License Status:**
100 Valid                      000 Canceled or denied        970 Not applicable
101 Learner's permit      001 Disqualified                   999 Unknown
                                     002 Expired
                                     003 Revoked
                                     004 Suspended
                                     098 Other (not valid)

**Endorsements on License**
☒ 000 None/not applicable
☐ 100 H - Hazardous materials
☐ 101 N - Tank vehicle
☐ 102 P - Passenger
☐ 103 S - School
☐ 104 T - Double/triple trailers
☐ 105 X - Combination of tank vehicle and hazardous materials
☐ 980 Other non-commercial license endorsements (e.g., motorcycle, etc.)
☐ 999 Unknown

**Endorsement Compliance** 000
000 No endorsements required for the vehicle
100 Endorsements required, complied with
101 Endorsements required, not complied with
199 Endorsements required, compliance unknown
999 Unknown if endorsements required

**Restrictions on License**
None

**Alcohol Interlock Presence** 970
000 No          970 Not applicable
100 Yes         999 Unknown

### DRIVER SEATING AND SAFETY INFORMATION

**Seating Position** 100

**Standard Vehicle Seats**

| Row | Left | Middle | Right | Unk |
|---|---|---|---|---|
| | Front | | | |
| 1 | 100 | 101 | 102 | 199 |
| 2 | 200 | 201 | 202 | 299 |
| 3 | 300 | 301 | 302 | 399 |
| 4 | 400 | 401 | 402 | 499 |
| Oth | 500 | 501 | 502 | 599 |
| Unk | 600 | 601 | 602 | 699 |

**Other Seating Positions**
700 Unenclosed cargo area
701 Riding on motor vehicle exterior (non-trailing unit)
800 Trailing unit
801 Sleeper section of cab (truck)
898 Other enclosed cargo area
970 Not applicable
999 Unknown

**Restraint Systems Used** 106
100 None used - motor vehicle occupant
101 Booster seat
102 Child restraint system - forward facing
103 Child restraint system - rear facing
104 Child restraint - type unknown
105 Lap belt only used
106 Shoulder and lap belt used
107 Shoulder belt only used
108 Stretcher
109 Wheelchair
159 Restraint used - type unknown
200 No helmet
201 DOT-compliant motorcycle helmet
202 Not DOT-compliant motorcycle helmet
299 Unknown if DOT-compliant motorcycle helmet
970 Not applicable
980 Other
999 Unknown

**Used Improperly?** 000
000 No
100 Yes
999 Unknown

**Air Bags Deployed**
☐ 000 Not deployed
☐ 100 Front
☐ 101 Side
☒ 102 Curtain
☐ 103 Other (knee, air belt, etc.)
☐ 970 Not applicable
☐ 999 Deployment unknown

**Ejection** 000
000 Not ejected
100 Ejected, partially
101 Ejected, totally
970 Not applicable
999 Unknown

**Extrication** 000
000 No
100 Yes

## MISSISSIPPI UNIFORM CRASH REPORT
### DRIVER INFORMATION
Rev. 2020-1

2021001691

| Motor Vehicle # | Agency # | 90 | Case # 9015010109210003 | Page | 7 | of | 15 |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |

### MEDICAL INFORMATION

| Injury Status | 103 | Type of Medical Transportation | 101 | EMS Response Agency |
|---|---|---|---|---|
| 100 (K) Fatal Injury | | 000 Not transported | | Metro Ambulance Service Rural - AMR |
| 101 (A) Suspected Serious Injury | | 100 EMS air | | |
| 102 (B) Suspected Minor Injury | | 101 EMS ground | | EMS Response Run #    ☒ Unknown |
| 103 (C) Possible Injury | | 200 Law enforcement | | |
| 104 (O) No Apparent Injury | | 980 Other | | |
| | | 999 Unknown | | Facility Receiving Patient |
| | | | | COPIAH MEDICAL |

### DRIVER CONDITION AND CIRCUMSTANCES

| Conditions at Time of Crash | 000 | Distracted By | 000 | Distraction Source | 970 | Speeding Related | 000 |
|---|---|---|---|---|---|---|---|
| 000 Apparently normal | | 000 Not distracted | | 100 Hands-free mobile phone | | 000 No | |
| 100 Asleep or fatigued | | 100 Talking / listening | | 101 Hand-held mobile phone | | 100 Exceeded speed limit | |
| 101 Emotional (depressed, angry, disturbed, etc.) | | 101 Manually operating a device | | 102 Vehicle-integrated device | | 101 Racing | |
| 102 Ill (sick), fainted | | (e.g., texting, dialing, playing game, etc.) | | 198 Other electronic device | | 102 Too fast for conditions | |
| 103 Physically impaired | | 980 Other | | 200 Passenger or other non-motorist | | 999 Unknown | |
| 104 Under the influence of medications/ | | 999 Unknown | | 201 External to vehicle/non-motorist area | | | |
| drugs/alcohol | | | | 298 Other | | | |
| 970 Not applicable | | | | 970 Not applicable | | | |
| 980 Other | | | | 999 Unknown | | | |
| 999 Unknown | | | | | | | |

| Suspected | 000 | Test Status | 000 | Alcohol Test Type | | | | 970 | Alcohol Test Results | 970 | BAC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alcohol Usage | | 000 Test not given | | 100 Blood | 200 Breath | 300 Urine | 970 Not applicable | | 000 Results pending | | |
| 000 No | | 001 Test refused | | 101 Blood clot | 201 Preliminary breath test (PBT) | 301 Vitreous | 980 Other | | 001 Negative results with no actual value | | |
| 100 Yes | | 100 Test given | | 102 Blood plasma/serum | | | | | 100 Results received | | |
| 999 Unknown | | 999 Unknown if tested | | | | | | | 101 Positive results with no actual value | | |
| | | | | | | | | | 970 Not applicable | | |
| | | | | | | | | | 999 Unknown | | |

| Suspected | 000 | Test Status | 000 | Drug Test Type | | 970 | Drug Test Results |
|---|---|---|---|---|---|---|---|
| Drug Usage | | 000 Test not given | | 100 Blood | 970 Not applicable | | Not applicable |
| 000 No | | 001 Test refused | | 101 Urine | 999 Unknown | | |
| 100 Yes | | 100 Test given | | 102 Both blood and urine | | | |
| 999 Unknown | | 999 Unknown if tested | | 103 Saliva | | | |
| | | | | 198 Other | | | |

### DRIVER ACTIONS

| Driver Actions at Time of Crash | 000 | Avoidance Maneuver | 000 |
|---|---|---|---|
| 000 No contributing action | | 000 No avoidance maneuver | |
| | | | |
| 100 Disregard other road markings | | 100 Accelerating | |
| 101 Disregard other traffic signs | | 101 Accelerating and steering left | |
| 102 Failed to keep in proper lane | | 102 Accelerating and steering right | |
| 103 Failed to yield right-of-way | | 103 Braking and steering left | |
| 104 Followed too closely | | 104 Braking and steering right | |
| 105 Improper backing | | 105 Braking (lockup) | |
| 106 Improper passing | | 106 Braking (no lockup) | |
| 107 Improper turn | | 107 Braking (lockup unknown) | |
| 108 Operated motor vehicle in inattentive, careless, negligent, or erratic manner | | 108 Releasing brakes | |
| 109 Operated motor vehicle in reckless or aggressive manner | | 109 Steering left | |
| 110 Over-correcting or over-steering | | 110 Steering right | |
| 111 Ran off roadway | | | |
| 112 Ran red light | | 980 Other | |
| 113 Ran stop sign | | 999 Unknown | |
| 114 Swerved or avoided due to wind,slippery surface,motor vehicle,object,non-motorist in roadway,etc. | | | |
| 115 Wrong side or wrong way | | | |
| | | | |
| 980 Other contributing action | | | |
| 999 Unknown | | | |

### CITATIONS

CRASH REPORT - DRIVER CONDITION AND CIRCUMSTANCES

## MISSISSIPPI UNIFORM CRASH REPORT
### VEHICLE INFORMATION

2021001691

Rev. 2020-1    Agency # 90    Case # 9015010109210003    Page 8 of 15

| Motor Vehicle # | 2 |
|---|---|

### DESCRIPTION AND INFORMATION

**Check if this vehicle had no driver** ☐

**Hit and Run** 000
- 000 No, did not leave the scene
- 100 Yes, driver and vehicle left scene
- 101 Yes, only driver left scene

**Vehicle Type** 100
- 100 Motor vehicle in transport
- 101 Parked motor vehicle
- 102 Working vehicle / equipment

**Vehicle Body Type** 100

**Passenger Vehicles**
- 100 Passenger car                     103 Pickup
- 101 Passenger van (less than 9 seats) 104 Cargo van
- 102 (Sport) utility vehicle

**VIN** JNKBV61E68M222990    ☐ Unknown

**Construction / Farm Equipment**
- 200 Construction equipment (backhoe, bulldozer, etc.)
- 201 Farm equipment (tractor, combine, harvester, etc.)

| Model Year ☐ Unknown | Make | Model | Color |
|---|---|---|---|
| 2008 | Infiniti | G25/G35/G37 | Black |

**Cycle / Low Speed**
- 300 2-wheeled motorcycle
- 301 3-wheeled motorcycle
- 302 Moped or motorized bicycle
- 303 All-terrain vehicle / all-terrain cycle (ATV / ATC)
- 304 Golf Cart
- 305 Snowmobile
- 306 Low Speed Vehicle
- 307 Recreational off-highway vehicles (ROV)
- 308 Autocycle

**License Plate** ☐ Missing    ☐ Non-expiring

State MS    ☐ Unknown    Number FNA5125    ☐ Unknown    Year 2022    ☐ Unknown

**Owner Name** ☐ Same as driver    ☐ Unknown

MAGEE, MARLENA

**Owner Address** ☐ Same as driver    ☐ Unknown

| 100 MAGEE RD SE | MC CALL CREEK | MS | 396475445 |
|---|---|---|---|
| *Street* | *City* | *State* | *Postal Code* |

**Trucks**
- 400 Single unit truck
- 401 Truck tractor
- 498 Other truck

**Insurance** ☐ Uninsured at time of crash

**Large Passenger Vehicle**
- 500 Motor home                505 School bus
- 501 9 or 12 passenger van     506 Transit bus
- 502 15-passenger van          507 Motorcoach
- 503 Large limo                598 Other bus / large passenger vehicle
- 504 Mini-bus

Company ALFA    ☐ Unknown

NAIC # 22330    ☐ Unknown

Policy # 19000177427    ☐ Unknown

**Other**
- 980 Other

### DAMAGE

| Damage Extent | 101 |
|---|---|
| 000 None | |
| 100 Minor damage | |
| 101 Functional damage | |
| 102 Disabling damage | |
| 990 Vehicle not at scene | |

**State Property Damaged**
- ☒ 000 None
- ☐ 100 Bridge overhead structure
- ☐ 101 Bridge pier or support
- ☐ 102 Bridge rail
- ☐ 200 Cable barrier
- ☐ 201 Concrete traffic barrier
- ☐ 202 Guardrail end terminal
- ☐ 203 Guardrail face
- ☐ 204 Impact attenuator/crash cushion
- ☐ 298 Other traffic barrier
- ☐ 300 Traffic sign support
- ☐ 301 Traffic signal support
- ☐ 302 Utility pole/light support
- ☐ 980 Other

**Initial Contact Point**

```
      7  8  9 10 11
   6              12
      5  4  3  2  1
```
- ☐ 000 Non-collision
- ☐ 001 Vehicle not at scene
- ☐ 100 Top
- ☐ 113 Undercarriage
- ☐ 114 Cargo Loss
- ☐ 999 Unknown

**Damaged Areas**

```
      7  8  9 10 11
   6              12
      5  4  3  2  1
```
- ☐ 001 Vehicle not at scene
- ☐ 100 Top
- ☐ 113 Undercarriage

### TOWING

| Tow Status | 000 |
|---|---|
| 000 Not towed | |
| 100 Towed, but not due to disabling damage | |
| 101 Towed due to disabling damage | |

**Tow Authority** 970
- 100 Owner
- 101 Law enforcement
- 970 Not applicable
- 980 Other

**Towed By** ☐ Unknown

2021001691

# MISSISSIPPI UNIFORM CRASH REPORT
## VEHICLE INFORMATION

Rev. 2020-1

Motor Vehicle #: 2 | Agency #: 90 | Case #: 9015010109210003 | Page 9 of 15

## MOTOR VEHICLE CIRCUMSTANCES

**Vehicle Usage** 000
000 No special function; 100 Bus - school (public or private); 101 Bus - childcare / daycare; 102 Bus - transit / commuter; 103 Bus - charter / tour; 104 Bus - intercity; 105 Bus - shuttle; 198 Bus - other; 200 Farm vehicle; 201 Fire truck; 202 Highway / maintenance; 203 Mail carrier; 204 Military; 205 Ambulance; 206 Police; 207 Public utility; 208 Non-transport emergency services vehicle; 209 Safety service patrols - incident response; 210 Other incident response; 211 Rental truck (over 10,000 lbs); 212 Towing - incident response; 213 Truck acting as crash attenuator; 214 Taxi; 215 Vehicle used for electronic ride-hailing (transportation network company); 980 Other; 999 Unknown

**Emergency Vehicle Usage** 970
000 Non-emergency, non-transport; 100 Non-emergency transport; 200 Emergency operation, emergency warning equipment not in use; 201 Emergency operation, emergency warning equipment in use; 970 Not applicable; 999 Unknown

**Travel Direction** 100
000 Not on roadway; 999 Unknown; 100 North; 800 Northwest; 200 Northeast; 700 West; 300 East; 600 Southwest; 400 Southeast; 500 South

**Vehicle Maneuver** 105
100 Backing; 101 Changing lanes; 102 Entering traffic lane; 103 Leaving traffic lane; 104 Making U-turn; 105 Movements essentially straight ahead; 106 Negotiating a curve; 107 Overtaking/passing; 108 Parked; 109 Slowing; 110 Stopped in traffic; 111 Turning left; 112 Turning right; 980 Other; 999 Unknown

**Traffic Control Device Types and Statuses**

Traffic Control Device Types: 000 None; 100 Person (including flagger, law enforcement, crossing guard, etc); 200 Bicycle crossing sign; 201 "Curve Ahead" warning sign; 202 "Intersection Ahead" warning sign; 203 Pedestrian crossing sign; 204 Railroad crossing; 205 "Reduce Speed Ahead" warning sign; 206 School zone sign; 207 Stop sign; 208 Yield sign; 298 Other warning sign; 300 Flashing railroad crossing (may include gates); 301 Flashing school zone signal; 302 Flashing traffic control signal; 303 Lane use control signal; 304 Ramp meter signal; 305 Traffic control signal; 398 Other signal; 400 Bicycle crossing; 401 Pedestrian crossing; 402 Railroad crossing; 403 School zone; 498 Other pavement marking (excluding edgelines, centerlines, or lane lines); 980 Other; 999 Unknown

| | Devices Present | Devices Inoperative or Missing |
|---|---|---|
| 1 | 000 | 000 |
| 2 | | |
| 3 | | |
| 4 | | |

**Vehicle Defects** 000
000 None; 100 Brakes; 101 Exhaust system; 102 Body doors; 103 Steering; 104 Power train; 105 Suspension; 106 Tires; 107 Wheels; 108 Lights (head,signal,tail); 109 Window / Windshield; 110 Mirrors; 111 Wipers; 112 Truck coupling / trailer hitch / safety chains; 980 Other; 999 Unknown

**Automation System Level Present** 100
000 No automation; 100 Driver assistance; 101 Partial automation; 102 Conditional automation; 103 High automation; 104 Full automation; 199 Automation level unknown; 999 Unknown

**Automation System Level Engaged at Time of Crash** 100
000 No automation; 100 Driver assistance; 101 Partial automation; 102 Conditional automation; 103 High automation; 104 Full automation; 199 Automation level unknown; 999 Unknown

**Trafficway Division** 100
000 Not divided; 001 Not divided, with a continuous left turn lane; 100 Divided, flush median (greater than 4 ft wide); 101 Divided, raised median (curbed); 102 Divided, depressed median; 999 Unknown

**Barrier Type** 100
000 None; 100 Cable barrier; 101 Concrete barrier (e.g. Jersey barrier); 102 Earth embankment; 103 Guardrail; 980 Other

**Roadway Grade** 100
100 Level; 101 Uphill; 102 Hillcrest; 103 Downhill; 104 Sag (bottom)

**# of Through Lanes** 0

**# of Auxiliary Lanes** 0

**Roadway Alignment** 100
100 Straight; 101 Curve left; 102 Curve right

**Permitted Travel** 200
100 One-way; 200 Two-way

**Posted Speed Limit** 70 ☐ Unknown ☐ N/A

**HOV Lane Presence** 000
000 None present; 100 Separated barrier, flush (greater than 4 ft wide), raised or depressed median; 101 Not separated, painted pavement markings, post-mounted delineators

**HOV Lane Relation** 000
000 No; 100 Yes

## MOTOR VEHICLE EVENTS

**Sequence of Events** 1: 201 | 2: 006 | 3: | 4:

**Most Harmful Event** 201

**Non-Harmful Events**
000 Cross centerline; 001 Cross median; 002 End departure (T-intersection, dead-end, etc.); 003 Downhill runaway; 004 Equipment failure (blown tire, brake failure, etc.); 005 Ran off roadway left; 006 Ran off roadway right; 007 Reentering roadway; 008 Separation of units; 098 Other non-harmful event

**Non-Collision Events**
100 Cargo/equipment loss or shift; 101 Fell/jumped from motor vehicle; 102 Fire/explosion; 103 Immersion, full or partial; 104 Jackknife; 105 Overturn/rollover; 106 Thrown or falling object; 198 Other non-collision harmful event

**Collision with Person / Vehicle / Non-Fixed Object**
200 Collision with animal (live); 201 Collision with motor vehicle in transport; 202 Collision with parked motor vehicle; 203 Collision with pedacycle; 204 Collision with pedestrian; 205 Collision with railway vehicle (train, engine); 206 Collision with object at rest from MV in transport; 207 Collision with falling, shifting cargo, or anything set in motion by MV; 208 Collision with work zone/maintenance equipment; 209 Collision with farm equipment; 297 Collision with other non-motorist; 298 Collision with other non-fixed object

**Collision with Fixed Object**
300 Collision with bridge overhead structure; 301 Collision with bridge pier or support; 302 Collision with bridge rail; 303 Collision with cable barrier; 304 Collision with concrete traffic barrier; 305 Collision with culvert; 306 Collision with curb; 307 Collision with ditch; 308 Collision with embankment; 309 Collision with fence; 310 Collision with guardrail end terminal; 311 Collision with guardrail face; 312 Collision with impact attenuator/crash cushion; 313 Collision with mailbox; 314 Collision with traffic sign support; 315 Collision with traffic signal support; 316 Collision with tree (standing); 317 Collision with utility pole/light support; 396 Collision with other post,pole,or support; 397 Collision with other traffic barrier; 398 Collision with other fixed object (wall, building, tunnel, etc.); 399 Collision with unknown fixed object

MISSISSIPPI UNIFORM CRASH REPORT

**VEHICLE INFORMATION**

2021001691

Rev. 2020-1    Agency # | 90 | Case # | 9015010109210003 | Page | 10 | of | 15

| Motor Vehicle # |
|---|
| 2 |

## COMMERCIAL MOTOR VEHICLE INFORMATION

**Vehicle Configuration** | 000

000 Not a qualifying vehicle

100 Vehicles 10,000 lbs or less placarded for hazardous materials

200 Bus/large van (seats 9-15 occupants, including driver)
201 Bus (seats more than 15 occupants, including driver)

300 Single-unit truck (2-axle and GVWR > 10,000 lbs.)
301 Single-unit truck (3 or more axles)
302 Truck pulling trailer(s)
303 Truck tractor (bobtail)
304 Truck tractor/semi-trailer
305 Truck tractor/double
306 Truck tractor/triple
307 Truck more than 10,000 lbs., cannot classify

**Hazardous Materials Placard** | 000

000 Did not carry hazardous materials    999 Unknown
100 Carried hazardous materials with placard
200 Carried hazardous materials without placard

**Hazardous Material ID**    Not applicable

**Hazardous Material Class** | 970

1 Explosives
2 Gas
3 Flammable liquids
4 Other flammable substances
5 Oxidizing substances and organic peroxides
6 Toxic (poisonous) and infectious substances
7 Radioactive material
8 Corrosives
9 Miscellaneous dangerous goods
970 Not applicable
999 Unknown

**Cargo Body Type** | 970

000 No cargo body

100 Bus
101 Auto transporter
102 Cargo tank
103 Concrete mixer
104 Dump

105 Flatbed
106 Garbage / refuse
107 Grain / chips / gravel
108 Intermodal container chassis

109 Log
110 Pole trailer
111 Van / enclosed box
112 Vehicle towing another vehicle

970 Not applicable    980 Other    999 Unknown

**Hazardous Materials Released from Vehicle Cargo Compartment** | 970

000 No, hazardous materials not released
100 Yes, hazardous materials released
970 Not applicable

| Special Sizing | Number of Axles | Motor Carrier Type | 000 | Motor Carrier Identification | 970 |
|---|---|---|---|---|---|
| ☒ 000 No special sizing | ☐ Unknown | 000 Not a motor carrier | | 100 USDOT number | |
| ☐ 100 Over-height | | 100 Interstate carrier | | 101 State number | |
| ☐ 101 Over-length | | 101 Intrastate carrier | | 970 Not applicable | |
| ☐ 102 Over-weight | | 102 Not in commerce / government | | 999 Unknown/unable to determine | |
| ☐ 103 Over-width | | 980 Not in commerce / other truck or bus | | | |
| ☐ 999 Unknown | | | State | | |

**Motor Carrier Name**    ☐ Unknown

**Motor Carrier ID Number**

**Motor Carrier Address**    ☐ Unknown

Street                          City                          State          Postal Code

| GVWR/GCWR | 970 | Commodity Hauled |
|---|---|---|
| 100 Light (less than 10,000 lbs GVWR/GCWR) | | |
| 101 Medium (10,001 - 26,000 lbs GVWR/GCWR) | | |
| 102 Heavy (greater than 26,000 lbs GVWR/GCWR) | | |
| 970 Not applicable | | |
| 999 Unknown | | |

## TRAILER INFORMATION    TRAILER #

VIN  ☐ Unknown                                   Number of Axles  ☐ Unknown

Year  ☐ Unknown    Make  ☐ Unknown              Model  ☐ Unknown

License Plate  ☐ Missing

State _____  ☐ Unknown    Number              ☐ Unknown

## TRAILER INFORMATION    TRAILER #

VIN  ☐ Unknown                                   Number of Axles  ☐ Unknown

Year  ☐ Unknown    Make  ☐ Unknown              Model  ☐ Unknown

License Plate  ☐ Missing

State _____  ☐ Unknown    Number              ☐ Unknown

## TRAILER INFORMATION    TRAILER #

VIN  ☐ Unknown                                   Number of Axles  ☐ Unknown

Year  ☐ Unknown    Make  ☐ Unknown              Model  ☐ Unknown

License Plate  ☐ Missing

State _____  ☐ Unknown    Number              ☐ Unknown

CRASH REPORT - COMMERCIAL MOTOR VEHICLE DESCRIPTION AND IDENTIFICATION

## MISSISSIPPI UNIFORM CRASH REPORT
### DRIVER INFORMATION

2021001691

Rev. 2020-1    Agency # 90    Case # 0015010109210001    Page 11 of 15

Motor Vehicle # 2

### DRIVER INFORMATION

| Name ☐ Unknown | | | | Age ☐ Unknown | Sex | 101 | Race | 103 |
|---|---|---|---|---|---|---|---|---|
| EUGENE | TOMMY | MAGEE | JR | 53 | 100 Female<br>101 Male<br>999 Unknown | | 100 American Indian or Alaska Native<br>101 Asian or Pacific Islander | |
| First | Middle | Last | Suffix | | | | 102 Black<br>103 White | |

| Address ☐ Unknown | | | | Phone Number ☐ Unknown | 980 Other<br>999 Unknown |
|---|---|---|---|---|---|
| 100 MAGEE RD SE | MCCALL CREEK | MS | 396475445 | 769-294-3684 | |
| Street | City | State | Postal Code | | |

| Incident Responder | | 000 | Date of Birth ☐ Unknown | Ethnicity | 101 |
|---|---|---|---|---|---|
| 000 No | 102 Police | 980 Other | | | 100 Hispanic |
| 100 EMS | 103 Tow operator | 999 Unknown | XXXXX | | 101 Other than Hispanic |
| 101 Fire | 104 Transportation (i.e. maintenance workers, safety service patrol operators, etc.) | | | | 999 Unknown |

### DRIVER LICENSE INFORMATION

| License Status | 100 | License Number | | License Class | 000 | Commercial Driver License Status | 970 |
|---|---|---|---|---|---|---|---|
| 100 Valid license | | XXXXX | | 000 None | | 100 Valid | 000 Canceled or denied | 970 Not applicable |
| 000 Not licensed | | | | 100 Class A | | 101 Learner's permit | 001 Disqualified | 999 Unknown |
| 001 Canceled or denied | | License State | | 101 Class B | | | 002 Expired | |
| 002 Expired | | | | 102 Class C | | | 003 Revoked | |
| 003 Revoked | | MS | | 200 Light commercial/taxi/chauffeur (MS class D) | | | 004 Suspended | |
| 004 Suspended | | Is Commercial DL? | | 300 Motorcycle only (class M, non-MS only) | | | 098 Other (not valid) | |
| 999 Unknown | | ☐ Yes  ☒ No | | 400 Regular driver license class (MS classes R, T, P, and Y) | | | | |
| | | | | 970 Not applicable | | | | |

| Endorsements on License | Endorsement Compliance | 000 | Restrictions on License |
|---|---|---|---|
| ☒ 000 None/not applicable | 000 No endorsements required for the vehicle | | None |
| ☐ 100 H - Hazardous materials | 100 Endorsements required, complied with | | |
| ☐ 101 N - Tank vehicle | 101 Endorsements required, not complied with | | |
| ☐ 102 P - Passenger | 199 Endorsements required, compliance unknown | | |
| ☐ 103 S - School | 999 Unknown if endorsements required | | |
| ☐ 104 T - Double/triple trailers | | | |
| ☐ 105 X - Combination of tank vehicle and hazardous materials | | | |
| ☐ 980 Other non-commercial license endorsements (e.g., motorcycle, etc.) | | Alcohol Interlock Presence | 970 |
| ☐ 999 Unknown | | 000 No        970 Not applicable<br>100 Yes      999 Unknown | |

### DRIVER SEATING AND SAFETY INFORMATION

| Seating Position | 100 | Restraint Systems Used | 106 |
|---|---|---|---|

**Standard Vehicle Seats**

**Other Seating Positions**

700 Unenclosed cargo area
701 Riding on motor vehicle exterior (non-trailing unit)
800 Trailing unit
801 Sleeper section of cab (truck)
898 Other enclosed cargo area
970 Not applicable
999 Unknown

| Row | Left | Middle | Right | Unk |
|---|---|---|---|---|
| 1 | 100 | 101 | 102 | 199 |
| 2 | 200 | 201 | 202 | 299 |
| 3 | 300 | 301 | 302 | 399 |
| 4 | 400 | 401 | 402 | 499 |
| Oth | 500 | 501 | 502 | 599 |
| Unk | 600 | 601 | 602 | 699 |

Front (header over Left/Middle/Right columns)

100 None used - motor vehicle occupant
101 Booster seat
102 Child restraint system - forward facing
103 Child restraint system - rear facing
104 Child restraint - type unknown
105 Lap belt only used
106 Shoulder and lap belt used
107 Shoulder belt only used
108 Stretcher
109 Wheelchair
199 Restraint used - type unknown

200 No helmet
201 DOT-compliant motorcycle helmet
202 Not DOT-compliant motorcycle helmet
299 Unknown if DOT-compliant motorcycle helmet

970 Not applicable
980 Other
999 Unknown

| Used Improperly? | 000 |
|---|---|
| 000 No<br>100 Yes<br>999 Unknown | |

| Air Bags Deployed | | Ejection | 000 | Extrication | 000 |
|---|---|---|---|---|---|
| ☐ 000 Not deployed | ☐ 970 Not applicable | 000 Not ejected | | 000 No | |
| ☐ 100 Front | ☐ 999 Deployment unknown | 100 Ejected, partially | | 100 Yes | |
| ☐ 101 Side | | 101 Ejected, totally | | | |
| ☒ 102 Curtain | | 970 Not applicable | | | |
| ☐ 103 Other (knee, air belt, etc.) | | 999 Unknown | | | |

CRASH REPORT - DRIVER INFORMATION

# MISSISSIPPI UNIFORM CRASH REPORT
## DRIVER INFORMATION
Rev. 2020-1

2021001691

| Motor Vehicle # 2 | | Agency # 90 | Case # 9015010109210003 | Page 12 of 15 |

### MEDICAL INFORMATION

| Injury Status | 104 | Type of Medical Transportation | 000 | EMS Response Agency |
|---|---|---|---|---|

**Injury Status** 104
100 (K) Fatal Injury
101 (A) Suspected Serious Injury
102 (B) Suspected Minor Injury
103 (C) Possible Injury
104 (O) No Apparent Injury

**Type of Medical Transportation** 000
000 Not transported
100 EMS air
101 EMS ground
200 Law enforcement
980 Other
999 Unknown

**EMS Response Agency**
Not applicable

EMS Response Run #  ☐ Unknown

Facility Receiving Patient
Not applicable

### DRIVER CONDITION AND CIRCUMSTANCES

**Conditions at Time of Crash** 000
000 Apparently normal
100 Asleep or fatigued
101 Emotional (depressed, angry, disturbed, etc.)
102 Ill (sick), fainted
103 Physically impaired
104 Under the influence of medications/drugs/alcohol
970 Not applicable
980 Other
999 Unknown

**Distracted By** 000
000 Not distracted
100 Talking / listening
101 Manually operating a device (e.g., texting, dialing, playing game, etc.)
980 Other
999 Unknown

**Distraction Source** 970
100 Hands-free mobile phone
101 Hand-held mobile phone
102 Vehicle-integrated device
198 Other electronic device
200 Passenger or other non-motorist
201 External to vehicle/non-motorist area
298 Other
970 Not applicable
999 Unknown

**Speeding Related** 000
000 No
100 Exceeded speed limit
101 Racing
102 Too fast for conditions
999 Unknown

**Suspected Alcohol Usage** 000
000 No
100 Yes
999 Unknown

**Test Status** 000
000 Test not given
001 Test refused
100 Test given
999 Unknown if tested

**Alcohol Test Type** 970
100 Blood
101 Blood clot
102 Blood plasma/serum
200 Breath
201 Preliminary breath test (PBT)
300 Urine
301 Vitreous
970 Not applicable
980 Other

**Alcohol Test Results** 970 BAC
000 Results pending
001 Negative results with no actual value
100 Results received
101 Positive results with no actual value
970 Not applicable
999 Unknown

**Suspected Drug Usage** 000
000 No
100 Yes
999 Unknown

**Test Status** 000
000 Test not given
001 Test refused
100 Test given
999 Unknown if tested

**Drug Test Type** 970
100 Blood
101 Urine
102 Both blood and urine
103 Saliva
198 Other
970 Not applicable
999 Unknown

**Drug Test Results**
Not applicable

### DRIVER ACTIONS

**Driver Actions at Time of Crash** 103, 104
000 No contributing action

100 Disregard other road markings
101 Disregard other traffic signs
102 Failed to keep in proper lane
103 Failed to yield right-of-way
104 Followed too closely
105 Improper backing
106 Improper passing
107 Improper turn
108 Operated motor vehicle in inattentive, careless, negligent, or erratic manner
109 Operated motor vehicle in reckless or aggressive manner
110 Over-correcting or over-steering
111 Ran off roadway
112 Ran red light
113 Ran stop sign
114 Swerved or avoided due to wind, slippery surface, motor vehicle, object, non-motorist in roadway, etc.
115 Wrong side or wrong way

980 Other contributing action
999 Unknown

**Avoidance Maneuver** 000
000 No avoidance maneuver
100 Accelerating
101 Accelerating and steering left
102 Accelerating and steering right
103 Braking and steering left
104 Braking and steering right
105 Braking (lockup)
106 Braking (no lockup)
107 Braking (lockup unknown)
108 Releasing brakes
109 Steering left
110 Steering right

980 Other
999 Unknown

### CITATIONS

CRASH REPORT - DRIVER CONDITION AND CIRCUMSTANCES

## MISSISSIPPI UNIFORM CRASH REPORT
### PASSENGER INFORMATION
Rev. 2020-1

2021001691

| Total # of Passengers | Agency # | Case # | Page |
|---|---|---|---|
| 3 | 90 | 0015010109210003 | 13 of 15 |

### PASSENGER INFORMATION

**MOTOR VEHICLE # 1    PASSENGER # 1**    UNBORN CHILD OF

| Name ☐ Unknown | | | | Date of Birth | Age | Sex | 101 | Race |
|---|---|---|---|---|---|---|---|---|
| BALDOMERO | AGUSTIN | GOMEZ | | XXXXX | 30 | 100 Female / 101 Male / 999 Unknown | | 980 |
| First | Middle | Last | Suffix | | | | | |

| Address ☐ Unknown | | | | Phone Number | Ethnicity |
|---|---|---|---|---|---|
| 108 WORD LN | HAZLEHURST | MS | 39083 | | 100 |
| Street | City | State | Postal Code | | |

| Air Bags Deployed | Injury Status | Incident Responder | Restraint System | Used Improperly? 000 | Seating Position | Ejection | Extrication |
|---|---|---|---|---|---|---|---|
| ☐ 000 Not deployed | 102 | 000 | 106 | 000 No / 100 Yes  999 Unknown | 102 | 000 | 000 |
| ☐ 100 Front | | | | | | | |
| ☐ 101 Side | Type of Medical Transportation | EMS Response Agency | | | Facility Receiving Patient | | |
| ☒ 102 Curtain | | Metro Ambulance Service Rural - AMR | | | COPIAH MEDICAL | | |
| ☐ 103 Other | | | | | | | |
| ☐ 970 Not applicable | 101 | EMS Response Run #      ☒ Unknown | | | | | |
| ☐ 999 Unknown | | | | | | | |

**MOTOR VEHICLE # 1    PASSENGER # 2**    UNBORN CHILD OF

| Name ☐ Unknown | | | | Date of Birth | Age | Sex | 101 | Race |
|---|---|---|---|---|---|---|---|---|
| FIDEL | AUGUSTIN | GOMEZ | | XXXXX | 19 | 100 Female / 101 Male / 999 Unknown | | 980 |
| First | Middle | Last | Suffix | | | | | |

| Address ☐ Unknown | | | | Phone Number | Ethnicity |
|---|---|---|---|---|---|
| 108 WORD LN | HAZLEHURST | MS | 39083 | | 100 |
| Street | City | State | Postal Code | | |

| Air Bags Deployed | Injury Status | Incident Responder | Restraint System | Used Improperly? 000 | Seating Position | Ejection | Extrication |
|---|---|---|---|---|---|---|---|
| ☐ 000 Not deployed | 102 | 000 | 100 | 000 No / 100 Yes  999 Unknown | 202 | 101 | 000 |
| ☐ 100 Front | | | | | | | |
| ☐ 101 Side | Type of Medical Transportation | EMS Response Agency | | | Facility Receiving Patient | | |
| ☒ 102 Curtain | | Metro Ambulance Service Rural - AMR | | | COPIAH MEDICAL | | |
| ☐ 103 Other | | | | | | | |
| ☐ 970 Not applicable | 101 | EMS Response Run #      ☒ Unknown | | | | | |
| ☐ 999 Unknown | | | | | | | |

**MOTOR VEHICLE # 2    PASSENGER # 1**    UNBORN CHILD OF

| Name ☐ Unknown | | | | Date of Birth | Age | Sex | 100 | Race |
|---|---|---|---|---|---|---|---|---|
| MARLENA | DAWN | MAGEE | | XXXXX | 42 | 100 Female / 101 Male / 999 Unknown | | 103 |
| First | Middle | Last | Suffix | | | | | |

| Address ☐ Unknown | | | | Phone Number | Ethnicity |
|---|---|---|---|---|---|
| 100 MAGEE RD SE | MCCALL CREEK | MS | 396475445 | | 101 |
| Street | City | State | Postal Code | | |

| Air Bags Deployed | Injury Status | Incident Responder | Restraint System | Used Improperly? 000 | Seating Position | Ejection | Extrication |
|---|---|---|---|---|---|---|---|
| ☒ 000 Not deployed | 104 | 000 | 106 | 000 No / 100 Yes  999 Unknown | 102 | 000 | 000 |
| ☐ 100 Front | | | | | | | |
| ☐ 101 Side | Type of Medical Transportation | EMS Response Agency | | | Facility Receiving Patient | | |
| ☐ 102 Curtain | | Not applicable | | | Not applicable | | |
| ☐ 103 Other | | | | | | | |
| ☐ 970 Not applicable | 000 | EMS Response Run #      ☐ Unknown | | | | | |
| ☐ 999 Unknown | | | | | | | |

### PASSENGER CODES

| Injury Status | Ejection | Extrication | Restraint Systems | Seating Position |
|---|---|---|---|---|
| 100 (K) Fatal injury | 000 Not ejected | 000 No | 100 None used - motor vehicle occupant | |
| 101 (A) Suspected serious injury | 100 Ejected, partially | 100 Yes | 101 Booster Seat | |
| 102 (B) Suspected minor injury | 101 Ejected, totally | | 102 Child restraint system - forward facing | |
| 103 (C) Possible injury | 970 Not applicable | | 103 Child restraint system - rear facing | |
| 104 (O) No apparent injury | 999 Unknown | | 104 Child restraint system - type unknown | |
| | | | 105 Lap belt only used | |
| **Race** | **Ethnicity** | | 106 Shoulder and lap belt used | |
| 100 American Indian or Alaska Native | 100 Hispanic | | 107 Shoulder belt only used | |
| 101 Asian or Pacific Islander | 101 Other than Hispanic | | 108 Stretcher | |
| 102 Black | 999 Unknown | | 199 Restraint used - type unknown | |
| 103 White | | | | |
| 980 Other | **Incident Responder** | | 200 No helmet | |
| 999 Unknown | 000 None | | 201 DOT-compliant motorcycle helmet | |
| | 100 EMS | | 202 Not DOT-compliant motorcycle helmet | |
| **Type of Medical Transportation** | 101 Fire | | 299 Unknown if DOT-compliant motorcycle helmet | |
| 000 Not transported | 102 Police | | | |
| 100 EMS air | 103 Tow operator | | 970 Not applicable | |
| 101 EMS ground | 104 Transportation | | 980 Other | |
| 200 Law enforcement | (i.e. maintenance workers, safety service patrol operators, etc.) | | 999 Unknown | |
| 980 Other | 980 Other | | | |
| 999 Unknown | 999 Unknown | | | |

Seating Position:

| | Front | | | |
|---|---|---|---|---|
| Row | Left | Middle | Right | Unk |
| 1 | 100 | 101 | 102 | 199 |
| 2 | 200 | 201 | 202 | 299 |
| 3 | 300 | 301 | 302 | 399 |
| 4 | 400 | 401 | 402 | 499 |
| Other | 500 | 501 | 502 | 599 |
| Unk | 600 | 601 | 602 | 699 |

700 Unenclosed cargo area
701 Riding on motor vehicle exterior (non-trailing unit)
800 Trailing unit
801 Sleeper section of cab (truck)
898 Other enclosed cargo area
970 Not applicable
999 Unknown

CRASH REPORT - PASSENGER INFORMATION

MISSISSIPPI UNIFORM CRASH REPORT
DIAGRAM
Rev. 2020-1

2021001691

| Scene #
1 | | Agency # | 90 | Case # | 001501010921000: | Page | 14 | of | 15 |

**CRASH DIAGRAM**

MISSISSIPPI UNIFORM CRASH REPORT
NARRATIVE

2021001691

Rev. 2020-1    Agency # 90    Case # 9615010109210001    Page 15 of 15

**CRASH NARRATIVE**

BOTH V1 AND V2 WERE TRAVELING NORTHBOUND ON I-55. V2 FRONT DRIVER SIDE AREA COLLIDED WITH V1 REAR PASSENGER SIDE BUMPER AREA. AFTER CONTACT V1 RAN OFF THE LEFT-HAND SIDE OF THE ROADWAY AND V1 FRONT BUMPER AREA COLLIDED WITH A GUARDRAIL. AFTER CONTACT V1 OVERTURNED SEVERAL TIMES AND CONTACT WITH BARRIER CABLES. AFTER CONTACT V1 WAS BACK UP-RIGHT OFF THE LEFT-HAND SIDE OF THE ROADWAY OF I-55 ON TOP OF THE BARRIER CABLES FACING SOUTHWEST. AFTER CONTACT V2 PULLED OF THE RIGHT-HAND SIDE OF THE ROADWAY OF I-55 FACING NORTH.

===============================================================
===============================================================
Disclaimer: All information below this line is auto-generated from report data.
===============================================================
===============================================================

Vehicle 1 Driver Medical Facility Receiving Patient: COPIAH MEDICAL
Vehicle 1 Passenger 1 Race: HISPANIC
Vehicle 1 Passenger 1 Medical Facility Receiving Patient: COPIAH MEDICAL
Vehicle 1 Passenger 2 Race: HISPANIC
Vehicle 1 Passenger 2 Medical Facility Receiving Patient: COPIAH MEDICAL

CRASH REPORT - NARRATIVE

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 236 of 330

Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 1 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 1 of 10

IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                    PLAINTIFFS

VS.                                                   CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; and
JOHN and JANE DOES(S) 1-10                                      DEFENDANTS

### ANSWER AND DEFENSES OF EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

COME NOW, Eugene Tommy Magee, Jr. and Marlena Magee, (hereinafter "Magees" or "Defendants"), defendants herein, by and through counsel, and files this their Answer and Defenses to the Complaint as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.

### SECOND DEFENSE

Defendants hereby plead and affirmatively avail themselves of any and all good faith defenses available to them under Rules 12(b)(1) through 12(b)(7) of the Mississippi Rules of Civil Procedure and Defendants preserve and specifically do not waive any defenses which might be or become available to them as discovery proceeds and the facts of the case develop.

### THIRD DEFENSE

Any averment of the Plaintiffs' Complaint which is not specifically and expressly admitted is hereby denied.

### FOURTH DEFENSE

AND NOW, without waiving their right to be heard on the above and foregoing defenses, Defendants answer the Complaint, paragraph by paragraph, as follows:



Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 237 of 330

Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 2 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 2 of 10

## NATURE AND FACTUAL ALLEGATIONS ABOUT THE WRECK

1.      Defendants admit only that a civil action has been filed by Plaintiffs against Defendants. The remaining allegations contained in Paragraph 1 of the Complaint are denied.

2.      Defendants admit only that on January 9, 2021, Tommy Magee was driving a black 2008 Infiniti owned by Marlena Magee on Interstate 55 North in Copiah County, Mississippi when Plaintiff Patrick Warren caused his vehicle to collide with the Defendants' vehicle. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3.      Defendants admit, upon information and belief, that Plaintiffs were traveling on Interstate 55 North in a gray 2015 GMC Denali Z71 truck, with Plaintiff Warren as the driver. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, deny same.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, deny same.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, deny same.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, deny same.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, deny same.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, deny same.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

2

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 238 of 330

Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 3 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 3 of 10

## PARTIES

11.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, deny same.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, deny same.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny same.

15.    Defendant Eugene Tommy Magee, Jr. admits that he resides at 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647. The remaining allegations contained Paragraph 15 of the Complaint are denied.

16.    Defendant Marlena Magee admits that she resides at 100 Magee Road SE, McCall Creek, Franklin County, Mississippi 39647. The remaining allegations contained Paragraph 16 of the Complaint are denied.

17.    Defendants assert that the allegations contained in Paragraph 17 of the Complaint are directed to someone other than these Defendants, therefore, no response is required. To the extent a response is deemed to be required by Defendants, they deny the allegations contained therein.

## JURISDICTION AND VENUE

18.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 239 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 4 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 4 of 10

19.     Defendants do not contest the jurisdiction of this Court, but deny any negligent acts

or omissions and further deny the allegations as stated in Paragraph 19 of the Complaint.

20.     Defendants do not contest venue being in this Court, but deny any negligent acts or

omissions and further deny the allegations as stated in Paragraph 20 of the Complaint.

## NEGLIGENCE

### NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR.

21.     Defendants re-assert and re-allege each and every response, denial, and answer set

forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely

herein.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

### NEGLIGENCE OF DEFENDANT EUGENE TOMMY MAGEE, JR.
### AS A MATTER OF LAW

26.     Defendants re-assert and re-allege each and every response, denial, and answer set

forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely

herein.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit that Defendant Tommy Magee owed certain duties in the

operation of his vehicle as required by Mississippi law and would further state that said laws speak

4

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 240 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 5 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 5 of 10

for themselves.  To the extent the allegations contained in Paragraph 30 are intended to impute

liability on said Defendant, the same are denied.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

**NEGLIGENCE OF DEFENDANT MARLENA MAGEE**

37.    Defendants re-assert and re-allege each and every response, denial, and answer set

forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely

herein.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants admit that Marlena Magee was the owner of the vehicle being driven

by Tommy Magee at the time of the subject accident.  The remaining allegations contained in

Paragraph 39 of the Complaint are denied.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants admit that owners of vehicle owe certain duties in the ownership and

operation of their vehicle as required by Mississippi law and would further state that said laws

speak for themselves.  The allegations contained in Paragraph 41 of the Complaint are denied.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

5

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 241 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 6 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 6 of 10

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

## DAMAGES

47.    Defendants re-assert and re-allege each and every response, denial, and answer set forth to each of the preceding paragraphs and incorporate same as if set forth fully and completely herein.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, deny same.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint.

## DEMAND FOR JURY TRIAL

53.    To the extent a response is deemed to be required to the statement made by Plaintiffs in Paragraph 53 of their Complaint, Defendants deny same.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning with the words, "WHEREFORE, PREMISES CONSIDERED" Defendants deny that Plaintiffs are entitled to any damages or any judgment against them in any amount whatsoever and, therefore, deny each of the allegations set forth therein.

Further, upon any hearing hereof, Defendants would affirmatively show the following:

## FIFTH DEFENSE

Plaintiffs have failed to join a necessary or indispensable party, or necessary or indispensable parties, or a party or parties needed for a just adjudication, and Plaintiffs should be required to join said party or parties pursuant M.R.C.P. 17 and M.R.C.P. 19.

6

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 242 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 7 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 7 of 10

### SIXTH DEFENSE

Defendants assert that the investigation and discovery in this case are just beginning, and they reserve the right to amend their Answer and assert any and all defenses, including affirmative defenses, counterclaims, third-party claims, or claims for affirmative relief against other parties and/or persons, which are applicable under the facts presented or discovered.

### SEVENTH DEFENSE

Defendants plead contributory negligence and asserts that Plaintiffs' claims are subject to the comparative fault of others for which these Defendants are not liable.

### EIGHTH DEFENSE

Defendants assert all privileges and protections afforded by Miss. Code Ann. §11-1-60 and §11-1-69.

### NINTH DEFENSE

Any recovery by Plaintiffs should not include any loss which could have been prevented or mitigated by reasonable care and diligence.

### TENTH DEFENSE

Defendants plead all rights, privileges, and defenses available under Miss. Code Ann. §85-5-7 and §11-7-15.

### ELEVENTH DEFENSE

Defendants assert that the sole proximate cause of the claims made by Plaintiffs was due to the negligent acts and/or omissions of someone other than these Defendants, including but not limited to the negligent acts/or omissions of Plaintiff Patrick Warren.

### TWELFTH DEFENSE

To the extent these Defendants may be found liable, they are entitled to a set-off or credit for any sums already received in compensation for any of alleged damages.

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 243 of 330

Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 8 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 8 of 10

### THIRTEENTH DEFENSE

These Defendants plead all defenses set forth in M.R.C.P. 8(c), including but not limited to payment, release, res judicata, waiver, and accord and satisfaction.

### FOURTEENTH DEFENSE

Plaintiffs' claims for attorney's fees are made with no factual or legal basis and should be dismissed.

### FIFTEENTH DEFENSE

Defendants deny that they are guilty of any conduct which entitles Plaintiffs to recover punitive damages.

### SIXTEENTH DEFENSE

Defendants aver that any award of punitive damages in this action would be violative of Amendments V, VI, VIII and XIV of the Constitution of the United States of America and Sections 14, 26, and 28 of the Constitution of the State of Mississippi as an excessive fine, criminal penalty and deprivation of equal protection and due process.

### SEVENTEENTH DEFENSE

Defendants affirmatively adopt any other defense to which they may be entitled including but not limited to Tort Reform Legislation and damages caps as contained in Mississippi Code Annotated Chapters 11, 15 and 85.

### EIGHTEENTH DEFENSE

No act or omission of Defendants was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred by applicable Mississippi law.

### NINETEENTH DEFENSE

In the alternative, and without waiving the defenses pleaded above, Defendants respectfully assert that Plaintiffs' claim for punitive damages should be tried in accordance with the procedures

8

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 244 of 330

Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 9 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 9 of 10

described by MISS. CODE ANN. §11-1-65 in all respects, in that a trial to determine whether

compensatory damages are to be awarded should be conducted first, and separately, before any

issue related to punitive damages is submitted to the jury or addressed in the presence of the jury

in any way.

### TWENTIETH DEFENSE

Defendants plead all rights, privileges, and defenses available to them under Miss. Code

Ann. §11-1-65.

### TWENTY-FIRST DEFENSE

Defendants affirmatively allege that the Plaintiffs' Complaint fails to state a claim upon

which punitive damages may be awarded to Plaintiffs.

DATED this the 3rd day of September, 2021.

Respectfully submitted,
EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.

BY: /s/ Bradley R. McDill
BRADLEY R. MCDILL (MBN 102231)

OF COUNSEL:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

9

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 245 of 330
Case: 15CI1:21-cv-00317-THI    Document #: 27-4    Filed: 10/10/2022    Page 10 of 10
Case: 15CI1:21-cv-00317-THI    Document #: 7    Filed: 09/03/2021    Page 10 of 10

## CERTIFICATE OF SERVICE

I, Bradley R. McDill, attorney for Defendants Eugene Tommy Magee, Jr. and Marlena Magee, do hereby certify that I have this date filed the foregoing via the MEC filing system, which sent notification of such filing to all counsel of record, including the following:

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
KHALAF & NGUYEN, PLLC
P.O. Box 320067
Flowood, Mississippi 39232

This the 3rd day of September, 2021.

/s/ Bradley R. McDill
BRADLEY R. MCDILL

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN F. MEYNARD | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:15cv341-HSO-JCG |
| | § | |
| AMERICAN FIRE & CASUALTY | § | |
| COMPANY and PEERLESS | § | |
| INSURANCE COMPANY | § | DEFENDANTS |

<u>**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR,
ALTERNATIVELY, TO STAY [16]**</u>

BEFORE THE COURT is the Motion to Dismiss or, Alternatively, to Stay

[16] filed by Defendants American Fire & Casualty Company and Peerless

Insurance Company.  The Motion [16] has been fully briefed.  Having considered the

parties' submissions, the record, and relevant legal authority, the Court is of the

opinion that Defendants' Motion [16] should be granted in part and denied in part.

The Motion [16] will be denied without prejudice in part in that the Court

will neither dismiss Plaintiff's claims nor abstain from the case at this time.  The

Motion [16] will be granted in part in that the Court will grant the alternative relief

requested and stay the case pending the adjudication of the state court proceeding

determining Defendants' coverage obligations for the underinsured motorist claim.

I.    BACKGROUND

A.    Factual Background

This dispute concerns the alleged bad faith of Defendants Peerless Insurance

Company ("Peerless") and American Fire & Casualty Company ("American," or



Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 247 of 330
Case: 1:15-cv-00341-HSO-JCG    Document 32    Filed 02/16/17    Page 2 of 14
Case: 1:21-cv-00317-THP    Document #: 27-3    Filed: 10/10/2022    Page 2 of 14

collectively, "Defendants") in handling Plaintiff Susan Meynard's ("Plaintiff") claims

for benefits under the Underinsured Motorist ("U/M") and Medical Payments

provisions of a liability insurance policy.[1]  *See* Am. Compl. [5].

On or about December 13, 2008, Plaintiff was riding as a passenger in a

vehicle driven by her husband, David Meynard, heading southbound on Mississippi

Highway 67. *Id.* at 2. Plaintiff was injured when another vehicle driven by Jack

Hollemon collided with the vehicle in which she was riding. *Id.* As early as March

4, 2009, Defendant Peerless was advised that Plaintiff was seeking to recover U/M

and Medical Payments benefits for her injuries under the policy. *Id.* at 2, 9.

B.    State Court Litigation

The liability insurer of the driver of the vehicle which struck Plaintiff filed an

interpleader action in the Chancery Court of Harrison County, Mississippi, First

Judicial District. *See* Defs.' Mem. Supp. Mot. [17] at 2. The Chancery Court

awarded Plaintiff $25,000.00, the policy limit, in June 2011. *Id.*; Am. Compl. [5] at

4. Because this amount did not fully compensate Plaintiff for the injuries sustained

---

[1] The relationship between the parties is not entirely clear from the pleadings. Plaintiff states that American is the "parent company" of Peerless. Am. Compl. [5] at 4. Defendants claim that Peerless is not the proper underwriting entity for Plaintiff's claims and is not a proper party to this action. Answer [9] at 1. The policy has not been submitted in connection with this Motion [16], and the Court has not reviewed its terms. The policy was apparently issued to the employer of Plaintiff's husband, and her claims under the policy arise because she was injured during the course and scope of her husband's employment. *See* Defs.' Resp. in Opp'n to Mot. for Leave to Amend. [16-3] at 9 ("Defendants also deny that Plaintiff was ever entitled to Medical Payments Benefits as being excluded under the policy as she was the spouse of an employee who was injured during her husband's course of employment."). The Court need not address these issues at this time because they are not the subject of the instant Motion [16].

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 248 of 330
Case: 15Cr1:21-cv-00341-HSO-JCG    Document #32    Filed 02/16/17    Page 3 of 14
Case: 1:21-cv-00317-THP    Document #: 27-5    Filed: 10/10/2022    Page 3 of 14

in the accident, Plaintiff continued to seek benefits under the U/M provision of Defendants' policy.  Am. Compl. [5] at 4.

When the parties were unable to reach a settlement with respect to Plaintiff's U/M claims, Plaintiff filed suit against Defendants on December 13, 2011, in the Circuit Court of Harrison County, Mississippi, to recover damages for mental anguish, bodily pain and suffering, medical expenses, loss of earnings, permanent disability, and loss of enjoyment of life.  State Court Compl. [16-1] at 4.  After reviewing the state court documents filed in connection with the instant Motion [16], it appears that the only issue currently pending in the ongoing state court litigation is whether benefits are owed to Plaintiff under the U/M provision of policy.[2]  See Id. at 3-4.

On November 19, 2014, Plaintiff sought leave to amend the state court complaint to add claims that Defendants acted in bad faith in delaying, denying, and failing to adequately investigate her claims.  Mot. for Leave to Amend [16-2] at 3.  Defendants responded in opposition, and a hearing was held on January 22, 2015.  See Defs.' Resp. in Opp'n to Mot. for Leave to Amend. [16-3]; Renewed Mot. for Leave to Amend [16-4] at 1.  While still awaiting a ruling from the state court, Plaintiff filed a Renewed Motion for Leave to File Amended Complaint [16-4] on June 12, 2015, asserting additional facts concerning Defendants' handling of her claims.  See Renewed Mot. for Leave to Amend [16-4].

---

[2] Initially the parties also disputed whether coverage was afforded under the policy's Medical Payments provision; however, Defendants tendered the limits of the Medical Payments benefits ($5,000.00) to Plaintiff in June 2015.  See Renewed Mot. for Leave to Amend [16-4] at 4, 25.

The state court ultimately denied Plaintiff's request to amend her complaint

on January 20, 2016, in an order that stated the following:

> Came on for hearing the Plaintiff's Motion for Leave to File Amended
> Complaint.  The Court, having fully considered said Motion, and
> otherwise being fully advised in the premises, finds that the Motion is
> not well-taken and should be denied.

Order Denying Mot. for Leave to Amend [16-5] at 1.  Plaintiff apparently did not

appeal this ruling.  *See* Defs.' Mem. Supp. Mot. [17] at 3.

C.    Procedural History in this Court

While rulings from the state court were still pending on Plaintiff's motions,

Plaintiff instituted the present litigation in this Court by filing a Complaint [1]

against Defendants on October 15, 2015, on the basis of diversity jurisdiction

pursuant to 28 U.S.C. § 1332.  Compl. [1] at 1-2.  Plaintiff filed an Amended

Complaint [5] on October 22, 2015.  Plaintiff alleges that Defendants handled her

U/M and Medical Payments claims in bad faith, including: 1) bad faith denial of

U/M coverage; 2) bad faith delay in the handling of and offering to settle the U/M

claim; 3) bad faith failure to investigate Plaintiff's claims; and 4) bad faith denial of

the Medical Payments coverage.  *Id.* at 7-10.  Plaintiff seeks contractual, extra-

contractual, and punitive damages, as well as attorneys' fees and costs.  *Id.* at 10-

11.  Plaintiff does not seek a determination of Defendants' obligations to provide

coverage for Plaintiff's injuries under the U/M policy in this lawsuit.

On April 13, 2016, Defendants filed the instant Motion to Dismiss or,

Alternatively, to Stay [16] this case pending the outcome of the state court

proceeding.  Defendants urge the Court to dismiss Plaintiff's claims pursuant to

Federal Rule of Civil Procedure 12(b)(6) on grounds that this action is barred by the doctrines of res judicata or collateral estoppel. Defs.' Mem. Supp. Mot. [17] at 3. According to Defendants, the state court's denial of leave for Plaintiff to amend her complaint to pursue the same allegations of bad faith in state court constituted a final judgment on the merits barring relitigation of the same issues in this Court. *Id.* at 5. If the Court should find that res judicata and collateral estoppel do not apply here, Defendants argue that the Court should dismiss this case under the *Colorado River* abstention doctrine. *Id.* at 8-11. In the alternative, Defendants urge the Court to stay the case pending the outcome of the state court proceedings. *Id.* at 11.

Plaintiff filed a Response [21] arguing that her bad faith claims are not barred by the doctrines of res judicata or collateral estoppel because the denial of her motions for leave to amend the state court complaint was not a final judgment on the merits. Pl.'s Resp. [21] at 1. Plaintiff further maintains that the doctrines of res judicata and collateral estoppel do not preclude her bad faith claims in this Court because this case "arises from a separate transaction and event [and] concerns a distinct and separate subject matter, cause of action, and quality/character of the entity against whom the claim is made." *Id.* Plaintiff also contends that the bad faith claims could not have been brought at the time the original state court complaint was filed. *Id.; see also* Pl.'s Mem. in Opp'n [22] at 3-8. Plaintiff further argues that there is no compelling basis for the Court to abstain

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 251 of 330
Case: 1:15-cv-00341-HSO-JCG    Document 32    Filed 02/16/17    Page 6 of 14
Case: 15CI1:21-cv-00317-THH    Document #: 27-3    Filed: 10/10/2022    Page 6 of 14

from or stay this case pending resolution of the state court litigation. *See* Pl.'s Mem. in Opp'n [22] at 12-13.

On April 13, 2016, Plaintiff filed a Motion to Compel [18] discovery, and Defendants filed a Motion to Stay Discovery [19] on April 21, 2016. The Magistrate Judge denied the Motion to Compel [18] and granted the Motion to Stay Discovery [19] in an Order [31] dated June 17, 2016, staying all proceedings in this case pending the resolution of Defendants' Motion [16].

## II.    DISCUSSION

### A.    Legal Standard

Because this is a case arising under the Court's diversity jurisdiction, the Court must apply the substantive law of the State of Mississippi. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). At the same time, "procedural matters are governed by federal procedural law." *Kenney v. Trinidad Corp.*, 349 F.2d 832, 837 (5th Cir. 1965).

"In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court "is generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 252 of 330
Case: 15-cv-00341-HSO-JCG   Document 32   Filed 02/16/17   Page 7 of 14
Case: 3:21-cv-00317-THF   Document #: 27-3   Filed: 10/10/2022   Page 7 of 14

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

B.    Analysis

    1.    Res judicata and collateral estoppel

"To determine the preclusive effect of a state court judgment in a federal action, 'federal courts must apply the law of the state from which the judgment emerged.'" *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (quoting *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1096–97 (5th Cir. 1995)). Under the doctrine of res judicata, "[w]hen a court of competent jurisdiction adjudicates—that is, enters a final judgment on the merits of an action—the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Derr v. Swarek,* 766 F.3d 430, 440 (5th Cir. 2014) (quoting *Garcino v. Noel*, 100 So. 3d 470, 476 (Miss. Ct. App. 2012)).

In Mississippi, res judicata may be invoked only if the following four identities are present: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* (quoting *Harrison v. Chandler-Sampson Ins., Inc.*, 892 So. 2d 224, 232 (Miss. 2005)). "In addition to the four identities, a fifth requirement is that the prior judgment

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 253 of 330
Case: 1:15-cv-00341-HSO-JCG    Document 32    Filed 02/16/17    Page 8 of 14
Case: 1:21-cv-00317-THP    Document #: 27-3    Filed: 10/10/2022    Page 8 of 14

must be a final judgment that was adjudicated on the merits." *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (Miss. 2009).

Defendants also invoke the doctrine of collateral estoppel based on the state court's denials of Plaintiff's requests to amend her state court complaint. *See* Defs.' Mem. Supp. Mot. [17] at 7-8. "Under the doctrine of collateral estoppel, once a court of competent jurisdiction decides an issue of fact or law necessary to its judgment, the same parties to that judgment cannot relitigate that issue in a different action." *Raju v. Rhodes*, 7 F.3d 1210, 1214 (5th Cir. 1993).

> Under Mississippi law, four elements are required for collateral estoppel to apply: "The party must be seeking to relitigate a certain issue, that issue must already have been litigated in a prior action, the issue must have been determined in the prior suit, and the determination of the issue must have been essential to the prior action."

*Johnson v. Miss. Power Co.*, No. 3:13cv798-TSL-JMR, 2014 WL 1153711, at *4 (S.D. Miss. Mar. 21, 2014) (quoting *Stafford v. True Temper Sports*, 123 F. 3d 291, 295 (5th Cir. 1997)).

As a threshold matter, the Court notes that in the Fifth Circuit, "[g]enerally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005); *accord Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) ("Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial."); *but see* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed.) (citing

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 254 of 330
Case: 15Cr1:21-cv-00341-HSO-JCG  Document 32  Filed 02/16/17  Page 9 of 14
Page 9 of 14

numerous decisions in which "affirmative defenses that have been considered on a motion to dismiss under Rule 12(b)(6) include . . . the barring effect of res judicata and related preclusion principles").

As an exception to the general rule, res judicata and collateral estoppel may properly be the subjects of a Rule 12(b)(6) motion if the pleadings establish the applicability of the defenses. *See, e.g., Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014) (citing *Kan. Reins. Co. v. Cong. Mortg. Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994)); *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 473 (5th Cir. 2013); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

In addition to the pleadings, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (finding that it is appropriate to take judicial notice of publicly-available documents and transcripts in deciding a Rule 12(b)(6) motion); *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

The Court acknowledges the "apparent tension between the general rule prohibiting res judicata from being raised on a motion to dismiss and the rule allowing a court to take judicial notice of matters of public record on a motion to dismiss." *Pike v. Office of Alcohol & Tobacco Control of the La. Dep't of Revenue*,

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 255 of 330
Case: 1:15-cv-00341-HSO-JCG    Document 32    Filed 02/16/17    Page 10 of 14
Case: 1:21-cv-00917-THP    Document #: 27-3    Filed: 10/10/2022    Page 10 of 14

157 F. Supp. 3d 523, 531 (M.D. La. 2015). At this time, the Court will adhere to the general rule and decline to take judicial notice of the parties' exhibits because it finds that the elements of res judicata or collateral estoppel are not apparent on the face of Plaintiff's Amended Complaint [5]. *Id.; see also Grynberg v. BP P.L.C.,* 855 F. Supp. 2d 625, 648 (S.D. Tex. 2012), *aff'd,* 527 F. App'x 278 (5th Cir. 2013) ("[U]nless the complaint itself sets forth the facts necessary to determine that res judicata precludes adjudication, summary judgment is the proper standard for determining whether a claim should be dismissed based on res judicata.") (citing *Hall v. Hodgkins,* 305 F. App'x 224, 227 (5th Cir. 2008)).

Because the Court finds that Defendants' res judicata and collateral estoppel arguments are premature, Defendants' Motion to Dismiss [16] will be denied without prejudice. *See Quinn v. LM Ins. Co.,* No. 5:07cv217-DCB-JMR, 2009 WL 884770, at *2 (S.D. Miss. Mar. 30, 2009) (denying a motion to dismiss because the issue of res judicata was not properly before the Court in a Rule 12(b)(6) motion). At this time, the Court makes no finding as to the merits of the res judicata or collateral estoppel arguments set forth by the parties. Defendants may re-urge these defenses at a later stage of these proceedings.

2. Abstention

Defendants also urge the Court to dismiss this case under the abstention doctrine established in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). *See* Defs.' Mem. Supp. Mot. [17] at 8. Generally, when a district court has jurisdiction over a claim, it has a "virtually unflagging" obligation

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 256 of 330

Case: 15Case:2:15-cv-00341-HSO-JCG  Document 32  Filed 02/16/17  Page 11 of 14
Document #: 27-3    Filed: 10/10/2022    Page 11 of 14

to hear and decide the case.  *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591

(2013) (quoting *Colorado River*, 424 U.S. at 817).  In order for *Colorado River*

abstention to apply, there must be a parallel suit pending in state court, involving

the same parties and the same issues.  *Stewart v. W. Heritage Ins. Co.*, 438 F.3d

488, 491 (5th Cir. 2006); *see also RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d

1120, 1121 (5th Cir. 1987) ("Even in the instance of truly parallel cases . . . 'only the

clearest of justifications' will warrant the federal court's staying its hand.") (quoting

*Colorado River*, 424 U.S. at 819).

Abstention under this doctrine may only be exercised under "exceptional

circumstances."  *Colorado River*, 424 U.S. at 813.  Courts look to six relevant factors

in determining whether such "exceptional circumstances" are present:

> 1) assumption by either court of jurisdiction over a res,
> 2) relative inconvenience of the forums,
> 3) avoidance of piecemeal litigation,
> 4) the order in which jurisdiction was obtained by the concurrent
>    forums,
> 5) to what extent federal law provides the rules of decision on the
>    merits, and
> 6) the adequacy of the state proceedings in protecting the rights of the
>    party invoking federal jurisdiction.

*Stewart*, 438 F.3d at 491 (quoting *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d

494, 497 (5th Cir. 2002)).

The Court finds that abstention in this case is inappropriate.  The

proceedings here and in the underlying action pending in state court are not

sufficiently parallel because the issue being litigated in the state court suit, whether

or not U/M coverage is owed to Plaintiff, is not the same as the bad faith claims at

issue in this Court. *See Stewart*, 438 F.3d at 491. Even if the proceedings were truly parallel, the facts do not overcome the "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River,* 424 U.S. at 813, 817. Because abstention is not appropriate under *Colorado River,* Defendants' Motion to Dismiss [16] on abstention grounds will be denied.

3. <u>The Motion to Stay will be granted pending the adjudication of the state court case.</u>

"The Mississippi Supreme Court has recognized that claimants can bring bad faith claims against and recover punitive damages from insurers who refuse to pay out on a valid claim." *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014). To recover punitive damages for her bad faith claims, Plaintiff must prove (1) that the claim for benefits was in fact owed under the policy; (2) that the insurer did not have an arguable basis for refusing to pay or delaying payment of the claim; and (3) that the insurance company's failure to honor its contractual obligation "results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort." *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1095 (Miss. 1996); *James,* 743 F.3d at 70.

Plaintiff's bad faith claims cannot succeed unless there is a determination that coverage was in fact owed by Defendants. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008) ("Mississippi law does not permit parties to recover punitive damages unless they first prove that they are entitled to compensatory damages.") (citing MISS. CODE ANN. § 11–1–65(1)(b)-(c)); *see also*

12

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 258 of 330
Case: 1:15-cv-00341-HSO-JCG    Document 32    Filed 02/16/17    Page 13 of 14
Case: 15CH:21-cv-00317-THH    Document #: 27-5    Filed: 10/10/2022    Page 13 of 14

JEFFREY JACKSON & D. JASON CHILDRESS, MISSISSIPPI INSURANCE LAW AND PRACTICE § 13:2 ("Prevailing on the contract claim is a condition precedent to prevailing on the claim of bad faith. If the insurer did not owe the claim, the insurer is not guilty of bad faith by not paying it or in delaying payment.").

It would be premature to permit Plaintiff to prosecute her claims in this Court when Defendants may prevail in the state court proceeding and obtain a judgment that no coverage is owed to Plaintiff. Moreover, it would be prejudicial to Defendants to allow Plaintiff to discover information in the bad faith case that pertains to, but would not be discoverable in, the state court determination of coverage case. *See* Defs.' Mem. Supp. Mot. [17] at 10-11; Defs.' Mem. in Opp'n to Pl.'s Mot. to Compel [26]. Therefore, the Court finds that it is appropriate to stay this action pending conclusion of the underlying state court litigation. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. ").

## III.    CONCLUSION

Based on the foregoing, the Court concludes that the Motion to Dismiss or, Alternatively, to Stay [16] filed by Defendants American Fire & Casualty Company and Peerless Insurance Company should be granted in part and denied in part without prejudice. The Motion [16] will be denied in part in that the Court will neither dismiss Plaintiff's claims nor abstain from the case at this time. The Motion [16] will be granted in part in that the Court will stay the case pending the

adjudication of the state court proceeding determining Defendants' coverage obligations for the U/M claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss or, Alternatively, to Stay [16] by Defendants American Fire & Casualty Company and Peerless Insurance Company is **DENIED IN PART,** in that abstention is not appropriate and in that Plaintiff's claims will not be dismissed at this time.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss or, Alternatively, to Stay [16] is **GRANTED IN PART** in that this case is **STAYED** pending the resolution of *Meynard v. Am. Fire & Cas. Co.*, A2401-11-363, currently pending before the Circuit Court of Harrison County, Mississippi, First Judicial District, and this case is closed for statistical purposes. Any party may move to lift the stay and reinstate the case on the active docket within 30 calendar days of entry of a final judgment in the state court proceeding, and the case will proceed in this Court.

**SO ORDERED AND ADJUDGED,** this the 16th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 260 of 330
Case 3:18-cv-00822-TSL-RPM    Document 13    Filed 02/22/19    Page 1 of 2
Case: 15CI1:21-cv-00317-THI    Document #: 27-6    Filed: 10/10/2022    Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

CHARLES DEMPSEY                                                PLAINTIFF

VS.                                          CIVIL ACTION: 3:18cv822-TSL-RHW

SAFECO INSURANCE COMPANY
OF ILLINOIS                                                     DEFENDANT


### ORDER

Before the Court is [6] Defendant's January 28, 2019 motion to stay this bad faith case

pending resolution of Plaintiff's underlying state court lawsuit for uninsured motorist benefits.

Both cases involve the same Safeco insurance policy issued to Dempsey's parents and stem from

the same June 12, 2009 automobile accident in which the southbound vehicle operated by

Dempsey was struck on the passenger side by a vehicle entering the highway and driven by an

unknown person. Meanwhile, Anton Haynes was driving northbound on the highway and

allegedly "reacted to the incident...by negligently swerving his vehicle into the plaintiff's lane of

travel thereby causing a crash." Haynes was allegedly uninsured. On May 30, 2012 Plaintiff

sued Haynes and Safeco in state court . The state court lawsuit remains pending. Dempsey

unsuccessfully attempted to amend his state court complaint to add a bad faith claim against

Safeco in September 2016. Noting the "length of time" the state court action had been pending

and the amount of additional discovery which would be required if amendment were allowed, the

state court denied the motion to amend, whereupon Plaintiff filed the present bad faith action.

Safeco seeks stay of the present action until the underlying state court claim is resolved.



Case 3:23-cv-00073-TSL-MTP    Document 2    Filed 01/27/23    Page 261 of 330
Case 3:18-cv-00822-TSL-RPM    Document 13    Filed 02/22/19    Page 2 of 2
Case: 15CI1:21-cv-00317-THI    Document #: 27-6    Filed: 10/10/2022    Page 2 of 2

In response to the motion to stay Plaintiff admits Safeco has "both already paid and offered to pay for some additional bodily injury clam (sic) damages" and states  the only remaining dispute in the state court action is "determination of the amount of total damages arising from the accident..." [10, pp. 1-2]   The Court finds persuasive Judge Ozerden's reasoning in granting a stay under similar circumstances in *Meynard v. American Fire & Casualty Company, et al.*, Civil Case 1:15cv341, Doc. [32, pp. 12-13].  Having fully considered the matter, the Court finds Safeco should not be required to litigate Dempsey's two separate lawsuits in two separate courts at the same time, particularly since Dempsey cannot recover punitive damages for bad faith unless he first proves he is entitled to compensatory damages, and in light of the fact that he did not file this lawsuit until over nine years after the accident occurred, and over six years after he filed his state court lawsuit.  It is therefore,

**ORDERED AND ADJUDGED** that this action will be stayed pending resolution of Plaintiff's underlying uninsured motorist lawsuit presently pending in the Circuit Court of Winston County, MS.

**SO ORDERED** this the 22nd day of February 2019.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                            **PLAINTIFFS**

**VS.**                                                            **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE;**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-9**                                       **DEFENDANTS**

### MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFFS

COME NOW, Defendants Eugene Tommy Magee, Jr. and Marlena Magee, (hereinafter "Defendants"), by and through counsel, and files this their Motion to Compel Discovery Responses against Plaintiffs pursuant to Mississippi Rules of Civil Procedure 26, 33, and 37, respectfully representing as follows:

1.      Plaintiffs filed their complaint against Defendants on June 4, 2021, alleging injuries as a result of an automobile accident which occurred on or about January 9, 2021, and which was served on August 5, 2021.  [MEC docs 2, 5, 6].

2.      Defendants timely filed their Answer and Defenses on September 3, 2021.  [MEC doc 7].

3.      Defendant also served Interrogatories and Requests for Production of Documents to Plaintiffs on September 3, 2021.  [MEC #8].

4.      On May 24, 2022, Defendants served their Second Set of Interrogatories to Plaintiff Patrick Warren.  [MEC #10].

5.      Counsel for Defendants made multiple requests to Plaintiffs' counsel in a good faith attempt to obtain Plaintiffs sworn discovery responses.  Upon indication by Plaintiffs' counsel that

he was having trouble getting executed and sworn responses, additional time to respond was granted in an attempt to resolve the discovery dispute without involving the Court. *See* collective Exhibit 1, March 18, 2022 through October 6, 2022 email chain between counsel for Defendants and counsel for Plaintiffs with irrelevant communication redacted.

6.    On July 26, 2022, Plaintiffs' counsel forwarded signed responses to the First Set of Interrogatories for all Plaintiffs, however, none of the responses were notarized, meaning they were not executed under other as required by M.R.C.P. 33(b). *See* Exhibit 1, July 26, 2022 email.

7.    On August 16, 2022, counsel for Defendants sent a follow up email to Plaintiffs' counsel requesting verified responses and received a response on August 19, 2022 indicating that counsel hoped to have them soon. *See* Exhibit 1.

8.    Also on August 19, 2022, Plaintiffs' responses to Defendants' First Set of Requests for Production of Documents were provided. *See* Exhibit 1.

9.    On August 22, 2022, counsel for Defendants also requested Plaintiff Warren's responses to the Second Set of Interrogatories propounded to him.

10.    To date, these Defendants have not received Plaintiffs responses to its First Set of Interrogatories that have been signed and verified under oath as required by M.R.C.P. 33(b).

11.    Additionally, Defendants have not received Plaintiff Warren's responses to the Second Set of Interrogatories propounded to him.

12.    This is not a matter of a disagreement as to discoverable material, but rather, it is a matter of Plaintiffs failure to provide responses to Interrogatories that have been executed in the manner required by Mississippi Rules of Civil Procedure 33.

13.    Mississippi Rule of Civil Procedure 37(d), provides that if a party fails to serve answers or objections to interrogatories or to serve a written response to requests for production

of documents, the Court **shall** require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified.

14.    There is no reasonable justification for Plaintiffs failure to provide responses, signed under oath, to the discovery that was served on September 3, 2021 and May 24, 2022.

15.    Without the benefit of Plaintiffs responses, signed under oath, Defendants cannot prepare a meaningful defense to the claims asserted by Plaintiff and, further, Defendants cannot effectively move on to additional discovery, such as depositions.

16.    Due to Plaintiffs' failure to provide properly executed discovery responses, counsel for Defendant has now been forced to incur substantial fees in drafting this motion to compel and accompanying pleadings, and will likely incur additional expenses in attending a hearing and obtaining an order relating to said motion.

17.    Since Plaintiffs have failed to provide properly executed responses to Interrogatories, which has resulted in unnecessary expenses of bringing this Motion, Defendants request, that Plaintiffs be required to pay the expenses and fees associated with bringing the instant motion to compel, said evidence of fees to be presented at the hearing hereon.

WHEREFORE, PREMISES CONSIDERED, Defendants Eugene Tommy Magee, Jr. and Marlena Magee pray for this Court to order Plaintiffs to provide full and complete responses, signed under oath, to Defendants' First Set of Interrogatories and for Plaintiff Warren to provide full and complete responses, signed under oath, to Defendants' Second Set of Interrogatories as required by the Mississippi Rules of Civil Procedure, within 5 days of any the Order granting the requested relief, to order that Plaintiffs be required to pay the expenses and fees associated with

bringing the instant motion, and for any other and further relief as deemed appropriate by the

Court.

DATED this the 13TH day of October, 2022.

Respectfully submitted,
EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.


BY:  /s/ Bradley R. McDill
       BRADLEY R. MCDILL (MBN 102231)




OF COUNSEL:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

## CERTIFICATE OF SERVICE

I, Bradley R. McDill, attorney for Defendants Eugene Tommy Magee, Jr. and Marlena Magee, do hereby certify that I have this date filed the foregoing via the MEC filing system, which sent notification of such filing to all counsel of record, including the following:

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
KHALAF & NGUYEN, PLLC
P.O. Box 320067
Flowood, Mississippi 39232

Tom Julian, Esq.
DANIEL COKER HORTON & BELL, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS 39215

This the 13TH day of October, 2022.

/s/ Bradley R. McDill
BRADLEY R. MCDILL

**Bradley R. McDill**

| | |
|---|---|
| **From:** | Bradley R. McDill |
| **Sent:** | Thursday, October 6, 2022 7:43 AM |
| **To:** | Jad Khalaf |
| **Cc:** | Ammie Nguyen; MyCase Email To File |
| **Subject:** | Warren, Gomez v. Magee / Discovery Responses |

Jad…Can you get me the verified responses soon?  I understand you were having trouble but I need these soon.  Thanks - Brad

---

**Bradley R. McDill**
Of Counsel Attorney

**Heyl, Royster, Voelker & Allen, P.C.**



Phone:  601.607.0598
Mobile: 601.672.9167
Web:    heylroyster.com

**Office:**
200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner.  This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

---

**From:** Jad Khalaf <jad@601attorney.com>
**Sent:** Monday, August 22, 2022 2:02 PM
**To:** Bradley R. McDill <BMcDill@heylroyster.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Re: Warren, Gomez v. Magee / Discovery Responses

I am still waiting on Mr. Warren to confirm the cell phone carrier and to sign/notarize the responses for both sets.

Mr. Warren's cell phone number at the time of the accident was 601.988.7469 (the same number you have listed in the SDT to Verizon - filed doc # 11).

I am hoping that Warren & the Gomez bros will send me their signed, dated, & notarized docs this week - I have stressed over and over to them the importance of getting those fully executed docs returned to me.

Thanks.

EXHIBIT "1"

Jad K

**From:** Bradley R. McDill <BMcDill@heylroyster.com>
**Sent:** Monday, August 22, 2022 8:22 AM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Warren, Gomez v. Magee / Discovery Responses

Thanks Jad.

Will you also go ahead and send me the responses to the 2nd Set of Interrogatories we sent to Patrick Warren on May 24, 2022? I believe it was just 2 Rogs.

| **Bradley R. McDill**<br>Of Counsel Attorney<br><br>**Heyl, Royster, Voelker & Allen, P.C.** | Phone: 601.607.0598<br>Mobile: 601.672.9167<br>Web:   heylroyster.com |
| --- | --- |
|  | **Office:**<br>200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**From:** Jad Khalaf <jad@601attorney.com>
**Sent:** Friday, August 19, 2022 5:09 PM
**To:** Bradley R. McDill <BMcDill@heylroyster.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Re: Warren, Gomez v. Magee / Discovery Responses

Mr. McDill,

Here is a DropBox link to the responses to the RFDs.

https://www.dropbox.com/████████████████████
pa?dl=0



(2) August 19, 2022

Shared with Dropbox

www.dropbox.com

I am hoping to have the notarized/signed/dated responses back ASAP. As soon as I get them, I will send them to you.

Thanks.

Jad K

**From:** Bradley R. McDill <BMcDill@heylroyster.com>
**Sent:** Tuesday, August 16, 2022 9:30 AM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Warren, Gomez v. Magee / Discovery Responses

Jad...Checking in to see when I can expect these verification pages. Also, I did not see where you guys responded to the **Requests for Production of Documents** and also the **2nd Set of Interrogatories** we sent to Patrick Warren.

Will you please provide those responses ASAP? Thanks - Brad

| | |
|---|---|
| **Bradley R. McDill**<br>Of Counsel Attorney<br><br>**Heyl, Royster, Voelker & Allen, P.C.** | Phone: 601.607.0598<br>Mobile: 601.672.9167<br>Web:    heylroyster.com |
| HEYL ·····<br>ROYSTER | **Office:**<br>200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |



This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached in this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.

Case: 15CI1:21-cv-00317-THI    Document #: 28-1    Filed: 10/13/2022    Page 4 of 14

**From:** Jad Khalaf <jad@601attorney.com>
**Sent:** Tuesday, July 26, 2022 7:47 PM
**To:** Bradley R. McDill <BMcDill@heylroyster.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Re: Warren, Gomez v. Magee / Discovery Responses

Hey Brad,

I called this afternoon and left a voicemail for you.

Here is the DropBox link to the discovery documents.

https://www.dropbox.com/ ████████████████████████████
MIca?dl=0

| | |
|---|---|
| | (1) July 26, 2022 |
| | Shared with Dropbox |
| | www.dropbox.com |

I have had these responses prepared for some time, but I was waiting on the clients to review, sign AND notarize them as well as provide me additional info (still waiting on some of it).

I just received the Gomez brothers' signed (not notarized) documents today. Last week, Patrick Warren sent me his signed (not notarized) documents. I have explained that each of them need to get their documents notarized; however, I am sending you the signed documents now and will send you the notarized page once I receive it.

Thanks for your patience. I appreciate it.

Jad K

**From:** Bradley R. McDill <BMcDill@heylroyster.com>
**Sent:** Tuesday, July 26, 2022 8:44 AM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** RE: Warren, Gomez v. Magee / Discovery Responses

Sounds good.

| | |
|---|---|
| **Bradley R. McDill** <br> Of Counsel Attorney <br><br> **Heyl, Royster, Voelker & Allen, P.C.** <br><br>  | Phone: 601.607.0598 <br> Mobile: 601.672.9167 <br> Web:   heylroyster.com <br><br><br> **Office:** <br> 200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |



This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.

**From:** Jad Khalaf <jad@601attorney.com>
**Sent:** Monday, July 25, 2022 7:07 PM
**To:** Bradley R. McDill <BMcDill@heylroyster.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Re: Warren, Gomez v. Magee / Discovery Responses

Hey Brad,

I've been in depositions in Oxford all day today. I should be calling you tomorrow afternoon.

Last week I was in trial, so it was more miss than hit.

Thanks.


With kind regards, I am


Very sincerely yours,

**Jad Jamal Khalaf,** *Ph.D., J.D.*

**Attorney At Law**

**Khalaf & Nguyen, PLLC**

**"Hurt Bad?  CALL JAD! "**

Office: 500 N. State Street ~ Jackson, MS  39201

Mailing: Post Office Box 320067 ~ Flowood, MS  39232

Phone:  (601) 688-8888

Fax:  844.350.8299

Email:  Jad@601Attorney.com

Website:  www.601Attorney.com

Facebook: https://m.facebook.com/601Attorney/?ref=bookmarks

On Jul 25, 2022, at 10:58 AM, Bradley R. McDill <BMcDill@heylroyster.com> wrote:

Jad…Please call me on this today.  I know we missed each other a few times Friday.

| **Bradley R. McDill**<br>Of Counsel Attorney<br><br>**Heyl, Royster, Voelker & Allen, P.C.** | Phone:  601.607.0598<br>Mobile: 601.672.9167<br>Web:    heylroyster.com |
| --- | --- |
|  | **Office:**<br>200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited.  If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner.  This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**From:** Bradley R. McDill
**Sent:** Thursday, July 21, 2022 11:55 AM
**To:** 'Jad Khalaf' <jad@601attorney.com>
**Cc:** 'Ammie Nguyen' <ammie@601attorney.com>; 'MyCase Email To File' <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Warren, Gomez v. Magee / Discovery Responses

Jad…I never heard back from you regarding discovery responses and our good faith request below.  I wanted to follow up one last time to see if you will be able to provide us with responses as requested, before drafting and filing a motion to compel.

I look forward to hearing from you. Thanks - Brad

| **Bradley R. McDill**<br>Of Counsel Attorney<br><br>**Heyl, Royster, Voelker & Allen, P.C.** | Phone:  601.607.0598<br>Mobile: 601.672.9167<br>Web:    heylroyster.com |
| --- | --- |
|  | **Office:**<br>200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |

*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**From:** Bradley R. McDill
**Sent:** Tuesday, July 12, 2022 9:28 AM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Warren, Gomez v. Magee / Discovery Responses

Hi Jad...Following up on our prior emails (3.18.22, 4.27.22, 6.8.22, 6.13.22) requesting responses to discovery that we served with our Answer on 9.3.2021. We need these to move forward with our investigation. Please consider this our good faith request for the responses. I would appreciate it if you could have them to us by July 22, 2022.

Thank you - Brad

| | |
|---|---|
| **Bradley R. McDill**<br>Of Counsel Attorney<br><br>**Heyl, Royster, Voelker & Allen, P.C.**<br><br> | Phone: 601.607.0598<br>Mobile: 601.672.9167<br>Web:    heylroyster.com<br><br><br>**Office:**<br>200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**From:** Bradley R. McDill
**Sent:** Monday, June 13, 2022 3:12 PM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Warren, Gomez v. Magee / Discovery Responses

Case: 15CI1:21-cv-00317-THI    Document #: 28-1    Filed: 10/13/2022    Page 9 of 14

Thanks and I'll be on the lookout for the discovery responses.  - Brad

---

**Bradley R. McDill**
Of Counsel Attorney

**Heyl, Royster, Voelker & Allen, P.C.**





Phone:  601.607.0598
Mobile: 601.672.9167
Web:    heylroyster.com

**Office:**
200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157

---

*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

---

**From:** Jad Khalaf <jad@601attorney.com>
**Sent:** Monday, June 13, 2022 2:49 PM
**To:** Bradley R. McDill <BMcDill@heylroyster.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Re: Warren, Gomez v. Magee / Discovery Responses

Hey Brad,



I have already drafted the responses to the interrogatories and sent them to the clients to review as well as to provide a few additional responses - just waiting on the clients to approve and sign.



Thanks.

Jad K

**From:** Bradley R. McDill <BMcDill@heylroyster.com>
**Sent:** Monday, June 13, 2022 9:15 AM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** RE: Warren, Gomez v. Magee / Discovery Responses

Jad...Please let me know about the items listed below.

Thanks - Brad

**Bradley R. McDill**
Of Counsel Attorney

**Heyl, Royster, Voelker & Allen, P.C.**



Phone:  601.607.0598
Mobile: 601.672.9167
Web:   heylroyster.com

**Office:**
200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**From:** Bradley R. McDill
**Sent:** Wednesday, June 8, 2022 3:50 PM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Warren, Gomez v. Magee / Discovery Responses

Jad...Will you let me know when I can expect your clients' responses to discovery that we served along with our answer on 9.3.2021? Since State Auto will not waive subrogation, I need to get these responses as soon as possible to move forward with our investigation.

Thanks - Brad

**Bradley R. McDill**
Of Counsel Attorney

**Heyl, Royster, Voelker & Allen, P.C.**

Phone:  601.607.0598
Mobile: 601.672.9167
Web:   heylroyster.com



| | Office: |
|---|---|
| | 200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |



This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.

**From:** Jad Khalaf <jad@601attorney.com>
**Sent:** Wednesday, May 4, 2022 6:49 PM
**To:** Bradley R. McDill <BMcDill@heylroyster.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Re: NSS Matter Number 210339133 State Auto AU-598920 Alfa A0000417023 EXECUTED RELEASE

Mr. McDill,

My responses to your questions from the April 27, 2022, email are in red:

- Status of Plaintiffs' responses to our discovery?  Working on this.



·

I appreciate your patience.  Thanks.

Jad K

---

**From:** Bradley R. McDill <BMcDill@heylroyster.com>
**Sent:** Wednesday, April 27, 2022 10:34 AM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** NSS Matter Number 210339133 State Auto AU-598920 Alfa A0000417023 EXECUTED RELEASE

Jad…Just wanted to follow up with you on this case and the items below.

- 
- Status of Plaintiffs' responses to our discovery?
- 

Thanks and I look forward to hearing from you. - Brad

---

**Bradley R. McDill**
Of Counsel Attorney

**Heyl, Royster, Voelker & Allen, P.C.**



| | Phone:  601.607.0598<br>Mobile: 601.672.9167<br>Web:    heylroyster.com |
|---|---|
| | **Office:**<br>200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157 |

*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**From:** Bradley R. McDill
**Sent:** Thursday, March 31, 2022 4:26 PM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** NSS Matter Number 210339133 State Auto AU-598920 Alfa A0000417023 EXECUTED RELEASE



Thanks - Brad

**Bradley R. McDill**
Of Counsel Attorney

**Heyl, Royster, Voelker & Allen, P.C.**



Phone:  601.607.0598
Mobile: 601.672.9167
Web:    heylroyster.com

**Office:**
200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157



*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**From:** Jad Khalaf <jad@601attorney.com>
**Sent:** Friday, March 25, 2022 5:26 PM
**To:** Bradley R. McDill <BMcDill@heylroyster.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** Re: NSS Matter Number 210339133 State Auto AU-598920 Alfa A0000417023 EXECUTED RELEASE

Mr. McDill,



Still working on the discovery responses - *I appreciate your patience.*

Have a good weekend.

**From:** Bradley R. McDill <BMcDill@heylroyster.com>
**Sent:** Friday, March 18, 2022 10:32 AM
**To:** Jad Khalaf <jad@601attorney.com>
**Cc:** Ammie Nguyen <ammie@601attorney.com>; MyCase Email To File <601attorney-iitkqqf2ry@mycasemail.com>
**Subject:** NSS Matter Number 210339133 State Auto AU-598920 Alfa A0000417023 EXECUTED RELEASE

Jad...Checking in with you on this case.  Please let me know when we can expect responses to our discovery requests and ████████████████████████████████████████
████  Thanks - Brad 

---

**Bradley R. McDill**
Of Counsel Attorney

**Heyl, Royster, Voelker & Allen, P.C.**

HEYL ••••
ROYSTER

**Phone:**  601.607.0598
**Mobile:** 601.672.9167
**Web:**    heylroyster.com

**Office:**
200 W. Jackson Street, Suite 200, Ridgeland, Mississippi 39157

This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.



## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                            **PLAINTIFFS**

**VS.**                                            **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-10**                            **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Fidel Gomez, has

this date served in the above-entitled action:

**PLAINTIFF, FIDEL GOMEZ'S GENERAL RESPONSES AND OBJECTIONS TO**
**FIRST SET OF INTERROGATORIES PROPOUNDED TO THE PLAINTIFF BY**
**DEFENDANTS EUGENE TOMMY MAGREE, JR. AND**
**MARLENA MAGEE**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 13th day of October, 2022.

FIDEL GOMEZ

BY: KHALAF & NGUYEN, PLLC

JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
            Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
            Flowood, Mississippi 39232
Telephone: (601) 688-8888

Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the foregoing with the clerk of the court via MEC and electronically mailed a Dropbox link of the responses to the following:

Bradley R. McDill
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607.0598
Facsimile: (309) 420-0402
Electronic Mail: bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

THIS the 13th day of October, 2022.

JAD JAMAL KHALAF

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; AND
FIDEL GOMEZ                                                                     PLAINTIFFS

VS.                                                              CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE;
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; AND
JOHN and JANE DOES(S) 1-10                                          DEFENDANTS

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Baldomera Gomez,

has this date served in the above-entitled action:

**PLAINTIFF, BALDOMERA GOMEZ'S GENERAL RESPONSES AND OBJECTIONS
TO FIRST SET OF INTERROGATORIES PROPOUNDED TO THE PLAINTIFF BY
DEFENDANTS EUGENE TOMMY MAGREE, JR. AND
MARLENA MAGEE**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 13th day of October, 2022.

BALDOMERA GOMEZ

BY: KHALAF & NGUYEN, PLLC

JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
          Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
          Flowood, Mississippi 39232

Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the foregoing with the clerk of the court via MEC and electronically mailed a Dropbox link of the responses to the following:

> Bradley R. McDill
> HEYL, ROYSTER, VOELKER & ALLEN, P.C.
> 200 W. Jackson Street, Suite 200
> Ridgeland, Mississippi 39157
> Office: (601) 607.0598
> Facsimile: (309) 420-0402
> Electronic Mail: bmcdill@heylroyster.com
> *Counsel for Defendants,*
> *Eugene Tommy Magee, Jr.*
> *and Marlena Magee*

THIS the 13th day of October, 2022.

JAD JAMAL KHALAF

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                              **PLAINTIFFS**

**VS.**                                                   **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-10**                              **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Patrick Warren, has

this date served in the above-entitled action:

**PLAINTIFF, PATRICK WARREN'S GENERAL RESPONSES AND OBJECTIONS TO**
**FIRST SET OF INTERROGATORIES PROPOUNDED TO THE PLAINTIFF BY**
**DEFENDANTS EUGENE TOMMY MAGREE, JR. AND**
**MARLENA MAGEE**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 13th day of October, 2022.

PATRICK WARREN

BY: KHALAF & NGUYEN, PLLC

JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
           Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
           Flowood, Mississippi 39232
Telephone: (601) 688-8888

Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the

foregoing with the clerk of the court via MEC and electronically mailed a Dropbox link of the

responses to the following:

> Bradley R. McDill
> HEYL, ROYSTER, VOELKER & ALLEN, P.C.
> 200 W. Jackson Street, Suite 200
> Ridgeland, Mississippi 39157
> Office: (601) 607.0598
> Facsimile: (309) 420-0402
> Electronic Mail: bmcdill@heylroyster.com
> *Counsel for Defendants,*
> *Eugene Tommy Magee, Jr.*
> *and Marlena Magee*


THIS the 13th day of October, 2022.

_____
JAD JAMAL KHALAF

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                   PLAINTIFFS

VS.                                                CAUSE NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; and
JOHN and JANE DOES(S) 1-10                           DEFENDANTS

## NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Patrick Warren, has

this date served in the above-entitled action:

**PLAINTIFF, PATRICK WARREN'S GENERAL RESPONSES AND OBJECTIONS TO
SECOND SET OF INTERROGATORIES PROPOUNDED TO THE PLAINTIFF BY
DEFENDANTS EUGENE TOMMY MAGEE, JR. AND
MARLENA MAGEE**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 14th day of October, 2022.

PATRICK WARREN

BY: KHALAF & NGUYEN, PLLC

_____

JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
        Jackson, Mississippi 39201
Mailing: Post Office Box 320067
        Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the foregoing with the clerk of the court via MEC and electronically mailed a Dropbox link of the responses to the following:

Bradley R. McDill
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607.0598
Facsimile: (309) 420-0402
Electronic Mail: bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*


THIS the 14th day of October, 2022.

JAD JAMAL KHALAF

### IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                      **PLAINTIFFS**

**VS.**                                                      **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE; STATE AUTOMOBILE**
**MUTUAL INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-10**                              **DEFENDANTS**

---

### EUGENE TOMMY MAGEE, JR.'S AND MARLENA MAGEE'S RESPONSE TO STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION TO BIFURCATE, SEVER, AND STAY BAD FAITH AND EXTRA-CONTRACTUAL CLAIMS

---

COME NOW Defendants, Eugene Tommy Magee, Jr. and Marlena Magee, (the "Magees") and respond to State Auto Property and Casualty Insurance Company's ("State Auto") Motion to Bifurcate, Sever, and Stay Bad Faith and Extra-Contractual Claims as follows:

**I.      Introduction**

This is a negligence action against an alleged motor-vehicle tortfeasor coupled with a breach of contract action against an insurer. Specifically, Plaintiffs have sued their own insurer for underinsured motorist ("UIM") benefits, including claims of bad-faith claims handling and extra-contractual damages, and the Magees for garden variety negligence.[1] State Auto has requested that this Court bifurcate, sever and stay the bad-faith and extracontractual claims against it based on

---

[1] As to the Magees, Plaintiffs assert a claim against Eugene Tommy Magee, Jr., for the alleged negligent operation of his vehicle opposite the Plaintiffs in the accident on which this suit is based and a claim of negligent entrustment against Marlena Magee for her alleged negligence in allowing Eugene to operate the vehicle.

the authority promulgated in *Hegwood v. Williamson,* 949 So. 2d 728 (Miss. 2007), Miss. R. Evid. 411, Miss. Code Ann. § 11-1-65, and *Heflin v. Merrill,* 154 So. 3d 857 (Miss. 2014).

Whatever relief this Court is inclined to grant—severance or not—at a minimum a stay of the bad-faith and extracontractual claims is required. Accordingly, the Magees join in State Auto's request for a stay. As more specifically discussed below, the Magees argue that a stay is warranted because in its absence, Plaintiffs will be able to make an end run around the protections of the work-product doctrine and the attorney-client privilege, use information ostensibly discovered for their claims against State Auto in their claim against the Magees, and otherwise subvert the Mississippi Rules of Civil Procedure, all while forcing the Magees to participate in discovery and to incur expenses unrelated to any claims being asserted against them.

Further, in the event severance is not granted for some reason, bifurcation is required. As State Auto points out in its brief, Mississippi Rule of Evidence 411 prohibits introducing evidence that a person was insured. Miss. R. Evid. 411. Trying the underlying tort claim with the bad-faith and extracontractual claims would be extremely prejudicial to the Magees because the jury would learn of the existence their insurance coverage while deciding liability and damages. Since evidence of the existence of a defendant's insurance is irrelevant as to whether said defendant was negligent, the admission of such evidence could result in a mistrial. One of the primary reasons behind this evidentiary rule is to allow a jury to decide a case based on the merits, avoiding outcomes sometimes referred to as "insurance verdicts." The Magees reserve their right to, at the appropriate time, move for relief and fully brief any issues relating to bifurcation of claims for trial and to the identification of State Auto at the trial of this cause, in accordance with *Heflin v. Merrill,* 154 So. 3d 857 (Miss. 2014) and other relevant authorities.

## II. Allowing discovery to proceed on the bad-faith and extracontractual claims against State Auto during the pendency of Plaintiffs' garden variety negligence and UIM breach of contract claims will provide Plaintiffs a means to obtain information which would otherwise be beyond the scope of discovery.

The claims against the Magees center around the operation of the respective vehicles and any alleged injuries. The claims against State Auto center around claims handling. In the Plaintiffs' case against the Magees, the only relevant, non-privileged, discoverable evidence will relate to the alleged negligence of the Magees and the alleged injuries/damages to Plaintiffs; whereas the relevant, non-privileged, discoverable evidence for Plaintiffs' claims against State Auto will relate to claims handling, evaluation, and adjusting processes. Miss. R. Civ. P. 26(b)(1). Discoverable information in the latter would be beyond the scope of scope of discovery in the former. See generally, *Haynes v. Anderson*, 597 So. 2d 615 (Miss. 1992) (discussing discoverable nature of insurer investigative and claims files materials in motor-vehicle accident case and case-by-case analysis for determining same). In other words, Plaintiffs—by virtue of litigating these claims simultaneously—would be granted access to information that would normally require, at a minimum, an analysis of relevance under Miss. R. Civ. P. 26, Miss. R. Evid. 401 and privilege protections, including a specific review by the Court of "'the nature of the documents, the nature of the litigation [and investigation], the relationship between the parties, and other facts peculiar to the case.'" *Id.* at 619 (citing, *Rinaldi's Fast Foods*, 123 F.R.D. at 202; Carver v. Allstate, 94 F.R.D. at 134). The only pragmatic and economical way to guard against this is a stay on Plaintiffs' bad faith and extra-contractual claims during the pendency of the claims against the Magees for garden-variety negligence and against State Auto for ordinary UIM breach of contract claim.

III.    **Allowing discovery to proceed on the bad-faith and extracontractual claims against State Auto during the pendency of Plaintiffs' claims against the Magees for garden variety negligence and against State Auto for UIM breach of contract claims would waste time and resources of both this Court and the parties and otherwise contradict Miss. R. Civ. P. 1.**

As State Auto points out in its motion, proving their claim(s) against the Magees is a prerequisite to recovery for Plaintiffs' claims against State Auto, particularly as to any claims of bad-faith or extra-contractual damages. Likewise, State Auto has not contested that its coverage would be triggered if a jury finds for Plaintiffs on their claims against the Magees in excess of the Magees' liability insurance coverage. In other words, the threshold issue in this action is to what extent, if any, the Magees are liable to Plaintiffs. Any bad-faith or extracontractual claims seeking damages from State Auto beyond the benefits provided in the contract of insurance between Plaintiffs and it are predicated on the aforementioned finding.

Because this finding is a condition precedent to the bad-faith or extra-contractual claims, simultaneous discovery on these claims does not "secure the just, speedy, and inexpensive determination of every action." Miss. R. Civ. P. 1. Instead, attempting to litigate these issues parallel to one another will delay proceedings and unnecessarily incur fees, time and expenses on the part of all involved. For example, sorting out issues arising from the discovery relevant to the bad-faith and extra-contractual claims against State Auto will force the Magees to incur fees, expenses and time on issues that are not related to the negligence action. Further, because the discovery relevant to the bad faith and extra-contractual claims could involve information that would be privileged or beyond the scope of discovery as to Plaintiffs' negligence claims, the Magees will be forced to participate in and, when appropriate, oppose such actions.  Finally, allowing the bad faith and extracontractual claims to move forward could result in an exercise of

total futility on the part of all parties in the event the negligence and/or UIM breach of contract claim is not established.

## IV.    Conclusion

The bad faith and extracontractual claims against State Auto should be stayed while the UIM breach of contract and negligence claims move forward. Staying the bad faith and extracontractual claims will prevent Plaintiffs from working around the Mississippi Rules of Civil Procedure, Mississippi Rules of Evidence and the controlling precedent of Mississippi Courts. Further, this stay will "secure the just, speedy, and inexpensive determination" of these claims. Miss. R. Civ. P. 1. Additionally, trying the underlying tort claim with the bad-faith and extracontractual claims would be extremely prejudicial to the Magees because the jury would learn of the existence of their insurance coverage while deciding liability and damages, which could result in a mistrial.  Accordingly, for these reasons, and because "[t]rial courts are afforded broad discretion in discovery matters[,]" this Court should stay the bad-faith and extracontractual claims against State Auto during the pendency of the negligence claims against the Magees and UIM breach of contract claims against State Auto and take other steps necessary to ensure the parties are not unfairly prejudiced throughout the discovery and trial phases of this action.

DATED this the 17th day of October, 2022.

Respectfully submitted,
EUGENE TOMMY MAGEE, JR. AND MARLENA MAGEE

BY: HEYL, ROYSTER, VOELKER & ALLEN, P.C.

BY: /s/ Bradley R. McDill
    BRADLEY R. MCDILL (MBN 102231)

OF COUNSEL:

Bradley R. McDill (MBN 102231)
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607-0598
Facsimile: (309) 420-0402
bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

### CERTIFICATE OF SERVICE

    I, Bradley R. McDill, attorney for Defendant Eugene Tommy Magee, Jr. and Marlena

Magee, do hereby certify that I have this date filed the foregoing via the MEC filing system, which

sent notification of such filing to all counsel of record, including the following:

    Tom Julian, Esq.
    Daniel Coker Horton & Bell, P.A.
    4400 Canton Road, Suite 400
    Jackson, Mississippi 39215-1084

    Jad Jamal Khalaf, Esq.
    Ammie T. Nguyen, Esq.
    KHALAF & NGUYEN, PLLC
    P.O. Box 320067
    Flowood, Mississippi 39232

This the 17th day of October, 2022.

                 /s/ Bradley R. McDill
                 BRADLEY R. MCDILL

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO                                    PLAINTIFFS
GOMEZ; AND FIDEL GOMEZ

VS.                                              CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.; MARLENA
MAGEE; STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; JOHN and JANE
DOE(S) 1-9
                                                             DEFENDANTS

<u>**NOTICE OF HEARING**</u>

> TO:    Jad Jamal Khalaf, Esq.
>        Khalaf & Nguyen, PLLC
>        P.O. Boc 320067
>        Flowood, MS 39232

Please take notice that defendant, State Auto Property and Casualty Insurance Company,

will bring on for hearing its Motion to Bifurcate, Sever, and Stay Bad Faith and Extra-Contractual

Claims before the Honorable Tomika Harris-Irving at 9:00 a.m. on January 17, 2023, at the Circuit

Court of Copiah County, Mississippi, or as soon thereafter as counsel may be heard.

This, the 20th day of October, 2022.

                                Respectfully submitted,

                                STATE AUTO PROPERTY AND CASUALTY
                                INSURANCE COMPANY


                                BY:   */s/ Tom Julian*
                                      OF COUNSEL

{D2008036.1}

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:   601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, I electronically filed the foregoing pleading or

other document with the Clerk of the Court using the MEC system which sent notification of such

filing to all counsel of record.

*/s/ Tom Julian*

## IN THE CIRCUIT COURT
## OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERO GOMEZ; AND**                                    **PLAINTIFFS**
**FIDEL GOMEZ**

**VS.**                                    **CIVIL ACTION NO.: 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; AND**                                    **DEFENDANTS**
**JOHN and JANE DOE(S) 1-10**

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Patrick Warren, has

this date served in the above-entitled action:

**PLAINTIFF, PATRICK WARREN'S FIRST SET OF**
**INTERROGATORIES PROPOUNDED**
**TO DEFENDANT, EUGENE TOMMY MAGEE, JR.**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 27th day of October, 2022.

PATRICK WARREN

BY: KHALAF & NGUYEN, PLLC


/s/ *Jad Jamal Khalaf*
JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
          Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
          Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the foregoing with the clerk of the court via MEC, which sent notice to all attorneys on record.

THIS the 27th day of October, 2022.

/s/ *Jad Jamal Khalaf*
JAD JAMAL KHALAF

IN THE CIRCUIT COURT
OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERO GOMEZ; AND                                  **PLAINTIFFS**
FIDEL GOMEZ

VS.                                          CIVIL ACTION NO.: 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; AND                                  **DEFENDANTS**
JOHN and JANE DOE(S) 1-10

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Patrick Warren, has

this date served in the above-entitled action:

**PLAINTIFF PATRICK WARREN'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANT, EUGENE TOMMY MAGEE, JR.**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 27th day of October, 2022.

PATRICK WARREN

BY: KHALAF & NGUYEN, PLLC


/s/ *Jad Jamal Khalaf*
JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
           Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
           Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the foregoing with the clerk of the court via MEC, which sent notice to all attorneys on record.

THIS the 27th day of October, 2022.

/s/ *Jad Jamal Khalaf*
JAD JAMAL KHALAF

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                  **PLAINTIFFS**

**VS.**                                                  **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-10**                          **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Patrick Warren, has

this date served in the above-entitled action:

**PLAINTIFF, PATRICK WARREN'S SUPPLEMENTAL GENERAL RESPONSES AND**
**OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**
**PROPOUNDED TO THE PLAINTIFF BY DEFENDANTS**
**EUGENE TOMMY MAGEE, JR. ANDMARLENA MAGEE**

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED,** this the 7th day of November, 2022.

PATRICK WARREN

BY: KHALAF & NGUYEN, PLLC

JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
         Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
         Flowood, Mississippi 39232
Telephone: (601) 688-8888
Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

## CERTIFICATE OF SERVICE

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the

foregoing with the clerk of the court via MEC, which sent a notice to all counsel on record, and

electronically mailed a Dropbox link of the responses to the following:

Bradley R. McDill
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607.0598
Facsimile: (309) 420-0402
Electronic Mail: bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

THIS the 7th day of November, 2022.

JAD JAMAL KHALAF

## IN THE CIRCUT COURT OF COPIAH COUNTY, MISSISSIPPI

**PATRICK WARREN;**
**BALDOMERA GOMEZ; and**
**FIDEL GOMEZ**                                                                    **PLAINTIFFS**

**VS.**                                                                    **CAUSE NO. 2021-0317**

**EUGENE TOMMY MAGEE, JR.;**
**MARLENA MAGEE**
**STATE AUTOMOBILE MUTUAL**
**INSURANCE COMPANY; and**
**JOHN and JANE DOES(S) 1-10**                                                  **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, that Jad Jamal Khalaf, counsel for Plaintiff, Patrick Warren, has

this date served in the above-entitled action:

### PLAINTIFF PATRICK WARREN'S DESIGNATION OF EXPERT

The undersigned retains the original of the above document as custodian thereof pursuant

to the Uniform Local Rules.

**RESPECTFULLY SUBMITTED**, this the 7th day of November, 2022.

PATRICK WARREN

BY: KHALAF & NGUYEN, PLLC

JAD JAMAL KHALAF, Attorney

JAD JAMAL KHALAF (MB# 104995)
AMMIE T. NGUYEN (MB# 104936)
KHALAF & NGUYEN, PLLC
Physical: 500 N. State Street
            Jackson, Mississippi 39201
Mailing:  Post Office Box 320067
            Flowood, Mississippi 39232
Telephone: (601) 688-8888

Facsimile: (844) 350-8299
Email: Jad@601Attorney.com
Email: Ammie@601Attorney.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I, Jad Jamal Khalaf, Counsel for Plaintiff, have this day filed the

foregoing with the clerk of the court via MEC, which sent a notice to all counsel on record, and

electronically mailed a Dropbox link of the responses to the following:

Bradley R. McDill
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 607.0598
Facsimile: (309) 420-0402
Electronic Mail: bmcdill@heylroyster.com
*Counsel for Defendants,*
*Eugene Tommy Magee, Jr.*
*and Marlena Magee*

TOM JULIAN, Esq.
JASON H. STRONG, Esq.
DANIEL COKER HORTON & BELL, P.A.
4400 Old Canton Road, Suite 400
Post Office Box 1084
Jackson, Mississippi 39215-1084
Electronic Mail: tjulian@danielcoker.com
Electronic Mail: jstrong@danielcoker.com
*Counsel for State Auto Property and*
*Casualty Insurance Company*

THIS the 7th day of November, 2022.

JAD JAMAL KHALAF

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO                                        PLAINTIFFS
GOMEZ; AND FIDEL GOMEZ

VS.                                              CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; STATE
AUTOMOBILE MUTUAL INSURANCE
COMPANY; JOHN and JANE DOE(S) 1-
9                                                                DEFENDANTS

## <u>NOTICE OF SERVICE</u>

Notice is hereby given that State Automobile Mutual Insurance Company, has

this date served in the above-entitled action:

> State Automobile Mutual Insurance Company's Responses to Requests
> for Production.

The undersigned retains the originals of the above papers as custodian thereof

pursuant to the local rules.

This the 21st day of December, 2022.

Respectfully submitted,

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY

BY:  */s/ Tom Julian*
                                              OF COUNSEL

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I electronically filed the foregoing

pleading or other document with the Clerk of the Court using the MEC system which

sent notification of such filing to all counsel of record.

/s/ Tom Julian

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO                                         PLAINTIFFS
GOMEZ; AND FIDEL GOMEZ

VS.                                              CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; STATE
AUTOMOBILE MUTUAL INSURANCE
COMPANY; JOHN and JANE DOE(S) 1-
9                                                                 DEFENDANTS

## NOTICE OF SERVICE

Notice is hereby given that State Automobile Mutual Insurance Company, has

this date served in the above-entitled action:

> State Automobile Mutual Insurance Company's Answers to First Set of
> Interrogatories.

The undersigned retains the originals of the above papers as custodian thereof

pursuant to the local rules.

This the 4th January, 2023.

                                        Respectfully submitted,

                                        STATE AUTOMOBILE MUTUAL
                                        INSURANCE COMPANY


                                        BY:   /s/ Tom Julian
                                                OF COUNSEL

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2023, I electronically filed the foregoing

pleading or other document with the Clerk of the Court using the MEC system which

sent notification of such filing to all counsel of record.

*/s/ Tom Julian*

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO                                        PLAINTIFFS
GOMEZ; AND FIDEL GOMEZ

VS.                                                 CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.; MARLENA
MAGEE; STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY; JOHN and JANE
DOE(S) 1-9
                                                                 DEFENDANTS

## ORDER GRANTING MOTION TO BIFURCATE AND SEVER

THIS CAUSE came on for hearing on the motion of defendant State Auto Property and Casualty Insurance Company (incorrectly named as "State Auto Mutual Insurance Company," hereinafter "State Auto") to sever the bad faith and extra-contractual claims filed against it from the underlying tort claims filed against Eugene Tommy Magee, Jr. and Marlena Magee and the underinsured motorists claim ("UIM") against State Auto, and the Court, after hearing oral argument and considering the submissions of the parties and the applicable law, finds that said motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED that State Auto's Motion to Bifurcate and Sever is GRANTED.  Plaintiffs' claims against State Auto for bad faith and extra-contractual damages—Counts Five, Six, Seven, Eight, and Nine of Plaintiffs' First Amended Complaint— are hereby severed from this action and will proceed in a separate action.  Plaintiffs' remaining tort claims against Eugene Tommy Magee, Jr. and Marlena Magee and UIM claim against State Auto will remain in this action.  ~~The circuit court clerk is directed to assign a new civil action to Plaintiffs' bad faith and extra-contractual claims against State Auto.~~

so ordered, this the 20ᵗʰ day of January, 2023.

_____
CIRCUIT COURT JUDGE

(D2046589 1)

APPROVED AS TO FORM:

_____
JAD JAMAL KHALAF – MSB # 104995
Attorney for Plaintiff


_____
BRADLEY MCDILL - MSB #102231
Attorney for Eugene Tommy Magee, Jr. and
Marlena Magee


_____
TOM JULIAN – MSB # 101905
Attorney for State Auto Property and Casualty Insurance Company

{D2046589.1}

APPROVED AS TO FORM:

_____
JAD JAMAL KHALAF – MSB # 104995
Attorney for Plaintiff


_____
BRADLEY MCDILL - MSB #102231
Attorney for Eugene Tommy Magee, Jr. and
Marlena Magee


_____
TOM JULIAN – MSB # 101905
Attorney for State Auto Property and Casualty Insurance Company

{D2046589.1}

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN; BALDOMERO                                    PLAINTIFFS
GOMEZ; AND FIDEL GOMEZ

VS.                                              CIVIL ACTION NO. 2021-0317

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; STATE
AUTOMOBILE MUTUAL INSURANCE
COMPANY; JOHN and JANE DOE(S) 1-
9                                                            DEFENDANTS

## NOTICE OF FILING OF REMOVAL OF SEVERED CLAIMS

YOU ARE HEREBY NOTIFIED that Defendant State Auto Property and Casualty Insurance Company has filed a Notice of Removal in the United States District Court for the Southern District of Mississippi, Northern Division, removing Counts Five, Six, Seven, Eight, and Nine of Plaintiffs' First Amended Complaint to federal court. A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit "A."

This the 26th January, 2023.

Respectfully submitted,

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY

BY:    /s/ Tom Julian
       OF COUNSEL

1

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed the foregoing
pleading or other document with the Clerk of the Court using the MEC system which
sent notification of such filing to all counsel of record.

/s/ Tom Julian

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICK WARREN; BALDOMERO                          PLAINTIFFS
GOMEZ AND FIDEL GOMEZ

VS.                                    CIVIL ACTION NO. _____

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY                                  DEFENDANTS


**<u>NOTICE OF REMOVAL OF SEVERED CLAIMS</u>**

TO:    Ms. Edna E. Stevens
       Copiah County Circuit Clerk
       Post Office Box 457
       Hazlehurst, Mississippi 39083

       Jad Jamal Khalaf, Esq.
       Khalaf & Nguyen, PLLC
       P.O. Boc 320067
       Flowood, MS 39232
       *Attorney for Plaintiff*

       Patrick Warren, Baldomero Gomez and Fidel Gomez
       c/o Jad Jamal Khalaf, Esq.
       Khalaf & Nguyen, PLLC
       P.O. Boc 320067
       Flowood, MS 39232
              *Plaintiffs*


Pursuant to 28 U.S.C. §§ 1441 and 1446, State Auto Property and Casualty

Insurance Company (incorrectly named as "State Automobile Mutual Insurance

Exhibit "A"

{D2047982 1}                       1

Company[1]," hereinafter "State Auto") files this Notice of Removal of certain claims—

Counts Five, Six, Seven, Eight and Nine of Plaintiffs' First Amended Complaint—

filed by Patrick Warren, Baldomero Gomez, and Fidel Gomez against State Auto,

which were severed by Order of the Circuit Court of Copiah County, Mississippi,

dated January 23, 2023, to the United States District Court for the Southern District

of Mississippi, Northern Division.  A copy of the Order severing the removed claims

is attached hereto as Exhibit A.  In support of this Notice, State Auto states as follows:

1.    Plaintiffs' initial Complaint was filed on June 4, 2021 in the Circuit

Court of Copiah County against Eugene Tommy Magee, Jr., Marlena Magee, and

John and Jane Does 1-10.  Exh. B, Complaint.  Plaintiffs alleged that they sustained

injuries in an automobile accident on January 9, 2021, on Interstate 55 in Copiah

County due to the negligence of Eugene Tommy Magee, Jr., and Marlena Magee.

2.    On June 13, 2022, Plaintiffs filed their First Amended Complaint, which

added State Auto as a defendant and asserted claims against State Auto for

uninsured/underinsured motorist benefits under the State Auto policy (Count Four),

bad faith (Count Five), breach of contract (Count Six), negligence and/or gross

negligence (Count Seven), breach of fiduciary duty (Count Eight), and breach of

covenants of good faith and fair dealing (Count Eight). Exh. C.

3.    On October 10, 2022, State Auto moved to sever the bad faith and extra-

contractual claims filed against it on the grounds that, pursuant to Mississippi law,

---

[1] While State Automobile Mutual Insurance Company is not the proper party, its presence does not affect complete
diversity of citizenship because it was incorporated in Ohio and has its principal place of business in Ohio.

{D2047982.1}                                    2

the bad faith and extra-contractual claims were "distinct litigable events" from the underlying tort claims.[2] Plaintiffs filed no response to State Auto's Motion to Sever.

4.     At the hearing on January 17, 2023, the Court granted State Auto's Motion to Sever. On January 23, 2023, the Court entered its Order Granting Motion to Bifurcate and Sever. Exh. A. The Order specifically noted that "Counts Five, Six, Seven, Eight, and Nine of Plaintiffs' First Amended Complaint . . . are hereby severed from this action and will proceed in a separate action." *Id.*

5.     This Notice is timely because it is filed within 30 days of the Order Granting Motion to Bifurcate and Sever, which created a new civil action that became removable for the first time.[3] Alternatively, the Order Granting Motion to Bifurcate and Sever is "other paper" under 28 U.S.C. § 1446(b)(3).

6.     State Auto specifically disavows any intention to remove any claims other than the severed bad faith and extra-contractual claims filed against it— Counts Five, Six, Seven, Eight and Nine of Plaintiffs' First Amended Complaint. Because those claims were filed against State Auto only and not Eugene Tommy Magee, Jr. or Marlena Magee, Eugene Tommy Magee, Jr. and Marlena Magee are not parties to this removed action.

---

[2] *See Hegwood v. Williamson*, 949 So. 2d 728, 731 (Miss. 2007).
[3] *See Williams v. Homeland Ins. Co. of New York*, 18 F. 4th 806, n.14 (5th Cir. 2021) ("[T]he 30-day removal deadline does not start running until after the state court concludes the claims are misjoined and severs all non-diverse parties. Only at that point does the case 'become removable'—thereby starting the removal deadline—because only then are the parties completely diverse.") (citing 28 U.S.C. § 1446(b)(3); 14C CHARLES ALAN WRIGHT ET AL.. FEDERAL PRACTICE & PROCEDURE § 3723.1 (Rev. 4th ed. 2018 & Apr. 2021 Update)).

JD2047982 1;

7.    Alternatively, if this Court deems this removal a removal of the entire civil action, then Plaintiffs' claims against Eugene Tommy Magee, Jr. and Marlena Magee should be remanded to state court.  Because the bad faith and extra-contractual claims filed against State Auto have already been severed in state court, thereby creating a new civil action, Plaintiffs' claims against Eugene Tommy Magee, Jr. and Marlena Magee should not be joined in this civil action.[4]

8.    Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, because this is the district in which the state court action was filed.

9.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon State Auto is attached as Exhibit D.  Pursuant to Local Rule 5(b), a copy of the entire state court record will be filed within 14 days.

10.    This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000 exclusive of costs and interest, and (2) there is diversity of citizenship between Plaintiffs and State Auto.

11.    The amount in controversy is satisfied because Plaintiffs demanded from State Auto's uninsured motorists "full policy limits" as to each Plaintiff's claims. Exh. E.  The State Auto policy provides uninsured motorist coverage with an "Each Accident" limit of $750,000.  Exh. F.  Moreover, Plaintiff alleges that State Auto has acted in bad faith by refusing to tender the policy limits, that Plaintiffs are entitled

---

[4] *See Williams*, 18 F. 4th at 815 ("If [severance] is granted [in state court], then the removal would be straightforward; if not, then clearly not appropriate.")

{D2047982.1}                                          4

to the "maximum amount allowed by the Policy," and that Plaintiffs are entitled to an award of actual, compensatory, and punitive damages, plus court costs, attorney's fees, and pre-judgment and post-judgment interest. Exh C at ¶83, ¶93, ¶106, ¶109, ¶114. While Plaintiffs' claim for the State Auto policy limits alone satisfies the amount in controversy, the additional claims for punitive damages and attorneys' fees would satisfy the amount in controversy requirement. *See, e.g., White v. Allstate Ins. Co.,* No. 1:17-cv-350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) (amount in controversy satisfied where claims for compensatory damages, including UM coverage of $25,000, plus unspecified amount of punitive damages "could easily exceed the $75,000.00 jurisdictional minimum.").

12.    The parties are of diverse citizenship. Plaintiffs are, and were at the time this action was commenced, citizens of Copiah County, Mississippi. Exh. B.

13.    State Auto is, and was at the time this action was commenced, a citizen of Iowa and Ohio because it was incorporated in Iowa and its principal place of business is in Ohio.

14.    Eugene Magee, Jr. and Marlena Magee are not parties to this removed action, because the severance of Counts Five, Six, Seven, Eight and Nine of Plaintiffs' First Amended Complaint created a "separate action," and they are not parties to this severed action. The citizenship of the John Doe defendants is disregarded. 28 U.S.C. § 1441(b)(1).

15.    This action is removable pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446.

302047982.1

5

16.     Pursuant to the requirements of 28 U.S.C. § 1446(b), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, is being filed with the Circuit Clerk of Copiah County, Mississippi and provided to all parties.

Wherefore, State Auto Property and Casualty Company removes this case from the Circuit Court of Copiah County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.

DATED:     January 26, 2023

Respectfully submitted,

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY

BY:     /s/ Tom Julian
OF COUNSEL

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

{D2047982.1}

## CERTIFICATE OF SERVICE

I, Tom Julian, attorney for State Auto Property and Casualty Insurance Company, Defendant herein, hereby certify that I have this day filed the original of the above and foregoing Notice of Removal and exhibits hereto in the United States District Court for the Southern District of Mississippi, Northern Division and that upon the filing of the original Notice and exhibits, I have served a true and correct copy of the said Notice and exhibits on:

> Patrick Warren, Baldomero Gomez and Fidel Gomez, Plaintiffs, in care of their attorney, Jad Jamal Khalaf, by mailing to his usual business address in Jackson, Mississippi;

> Jad Jamal Khalaf, attorney of record for the Plaintiffs, Patrick Warren, Baldomero Gomez and Fidel Gomez, by mailing to his usual business address in Jackson, Mississippi; and

> Edna E. Stevens, Circuit Clerk of the Copiah County, Mississippi, by mailing to the Circuit Clerk's office in Hazlehurst, Mississippi

all to effectuate the removal of a civil action entitled, *"Patrick Warren, et al v. Eugene Tommy Magee, Jr., et al"* being Civil Action No. 2021-0317, on the docket of said Circuit Court of Copiah County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to the statutes and rules in such cases made and provided.

WITNESS MY SIGNATURE, this the 26th day of January 2023.

/s/ Tom Julian
TOM JULIAN
Attorney for State Auto Property and
Casualty Insurance Company

{D2047982.1}

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

PATRICK WARREN;
BALDOMERA GOMEZ; and
FIDEL GOMEZ                                                 **PLAINTIFFS**

VS.                                                        **CAUSE NO. 2021-0317**

EUGENE TOMMY MAGEE, JR.;
MARLENA MAGEE; STATE AUTOMOBILE
MUTUAL INSURANCE COMPANY; and
JOHN and JANE DOES(S) 1-10                                 **DEFENDANTS**

### AGREED SCHEDULING ORDER

      **COMES NOW BEFORE THE COURT** the matter of an Agreed Scheduling Order in

the above styled and numbered cause.  In order to efficiently advance this case on the docket and

with the agreement of the parties, by and through their counsel of record, the Court hereby orders

that:

    1.    All fact discovery and depositions, including discovery and trial depositions

(excluding experts), shall be completed on or before **June 30, 2023**.

    2.    All expert witnesses shall be designated and all M.R.C.P. 26 expert discovery

provided to all attorneys of record as follows:

        By Plaintiff(s) on or before: **July 28, 2023**.

        By Defendant(s) on or before: **August 30, 2023**.

    3.    All expert depositions to be completed by **September 29, 2023**.

    4.  All dispositive motions and all challenges to expert testimony/evidence based upon

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 570 (1993), or otherwise, shall be filed no later

than **November 15, 2023**.

1

THE SCHEDULING ORDER AS SET FORTH ABOVE SHALL NOT BE CHANGED OR EXTENDED EXCEPT BY AGREEMENT OF THE PARTIES OR BY SUBSEQUENT ORDER OF THE COURT, FOR GOOD CAUSE SHOWN.

After discovery, including expert discovery, is complete, any party may move to have this matter set for trial.

SO ORDERED AND ADJUDGED, this the 27 day of January, 2023.

_____
CIRCUIT COURT JUDGE

Approved and Submitted by:

_____
Jad Jamal Khalaf, Esq. (MSB # 104995)
Attorney for Plaintiffs

_____
Bradley R. McDill, Esq. (MSB #102231)
Attorney for Defendants Eugene Tommy Magee, Jr.
and Marlena Magee

_____
Tom Julian, Esq. (MSB #_____)
Attorney for Defendant State Auto Property
and Casualty Insurance Company